**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC., a Delaware corporation; WYNDHAM VACATION RESORTS, INC.; a Delaware corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION, an Oregon Corporation; SHELL VACATIONS, LLC, an Arizona limited liability company; SVC-WEST, LLC, a California limited liability company; SVC-AMERICANA, LLC, an Arizona limited liability company; and SVC-HAWAII, LLC, a Hawaii limited liability company, | CASE NO.: |

     Plaintiffs,

v.

CHARLES E. GALLAGHER, ESQ., an individual; WILLIAM P. STEWART JR/ a/k/a PAUL STEWART a/k/a BILL STEWART, an individual; GALLAGHER-CLIFTON, LLC a/k/a The Gallagher Firm, a Florida limited liability company; TIMESHARE OWNERS RELIEF, LLC, f/k/a Timeshare Solutions, LLC a Florida limited liability company; and RESORT LEGAL TEAM, INC., a Nevada corporation,

    Defendants.

# EXHIBIT 6

# THE GALLAGHER FIRM

*Attorneys at Law*
**4641 Gulfstarr Drive, Suite 102**
**Destin, Florida 32541**
**charles@gallagher-clifton.com**

**Telephone 800.356.8211**

**Facsimile 954.337.3242**

December 3, 2018

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando, Florida 32821

**RE:  Owner:**  <span style="color:red">**REDACTED**</span>
 **Member**
 **Contract**

Dear Owner Services:

This firm represents Ms. REDACTED with respect to her Wyndham Vacation ownership and her interest in being relieved of further obligation thereunder.  In addition, we are respectfully seeking a refund of all monies associated with Ms. REDACTED most recent purchase, which closed on or about December 12, 2017.

Having attended a number of "mandatory owner updates," Ms. REDACTED file repeatedly was evaluated by Wyndham in-house personnel, whereupon purported issues were identified and addressed by issuing additional points.  For example, Ms. REDACTED was led to believe that the company would rent any newly acquired points, so as to offset expenses.  She also was told that additional points would qualify her to sell all or part of her points back to Wyndham.  Similarly, Ms. REDACTED was convinced that additional points could be converted to Wyndham Rewards Points, which then could be used to purchase goods and services from third-party vendors.  Unfortunately, the conversion rate was not disclosed.  Although she wished to cancel her most recent contract, Ms. REDACTED was not aware of a rescission period.

As a result of such evaluations, Ms. REDACTED, a widow, who currently is putting two sons through college, now owns 1,475,000 points.  Her monthly payments are $2443.00, in addition to $715.00 in monthly maintenance fees.   Such situation obviously is untenable and certainly not sustainable.  Thus, we respectfully request that Ms. REDACTED be released from all active contracts and that you refund her entire investment in her most recent contract.  **In the interim, please direct all communications, whether by telephone, mail or otherwise, to this office.**  Thank you for your courtesy and consideration with respect to this matter.

Sincerely,

Charles E. Gallagher

# THE GALLAGHER FIRM

*Attorneys at Law*
**4641 Gulfstarr Drive, Suite 102**
**Destin, Florida 32541**

Telephone 800.356.8211                 charles@gallagher-clifton.com                 Facsimile 954.337.3242

December 3, 2018

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando, Florida 32821

**RE: Owner:** REDACTED
    **Contract Number:** REDACTED

Dear Owner Services:

    This firm represents Ms. REDACTED with respect to her Wyndham Vacation ownership and her interest in being relieved of further obligation thereunder. In addition, we are respectfully seeking a refund of all monies associated with Ms. REDACTED most recent purchase, which closed on or about December 24, 2017.

    Ms REDACTED was persuaded to visit the Wyndham in-house office in Las Vegas, whereupon the sales representative quickly and effectively convinced her that it made financial sense to purchase an additional 245,000 points as an investment. The representative promised that Wyndham actually would rent the points for her, garnering enough revenue to fully cover the mortgage and maintenance fees. Alex, another representative, actually entered the name and phone number for an Extra Holidays representative into Ms. REDACTED cell phone. As you can imagine, our client ultimately discovered that the rental of her points would not generate nearly the revenue that she was led to expect. Therefore, as her only motive in purchasing the points was based on a misrepresentation or, at best, a mutual mistake of fact, Ms. REDACTED would like to be released from her contract.

    Thank you for your courtesy and professionalism in considering this matter. We greatly look forward to your kind response. In the interim, we respectfully request that you direct all communications to this office.

Sincerely,

Charles E. Gallagher

# THE GALLAGHER FIRM

*Attorneys at Law*
**4641 Gulfstarr Drive, Suite 102**
**Destin, Florida 32541**

Telephone 800.356.8211                    charles@gallagher-clifton.com                    Facsimile 954.337.3242

December 11, 2018

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando, Florida 32821

**RE: Owner:** REDACTED
    **Member**
    **Contract**

Dear Owner Services:

This firm represents Ms. REDACTED with respect to her Wyndham Vacation ownership and her interest in being relieved of further obligation thereunder. In addition, we respectfully are requesting that Ms. REDACTED receive a full refund of monies expended in relation to her Wyndham ownership.

Quite frankly, Ms. REDACTED a sixty-four year old woman with serious health issues, never should have been pressured to acquire such points. During her previous purchase, Ms. REDACTED attempted to rescind the contract, but had not properly been advised of her statutory right to do so. In fact, she called the sales representative, Ms. Jill Carter Smith, on her cell phone, in order to seek cancellation. In response, Ms. Smith sternly advised, "You bought it, and it belongs to you," whereupon she hung up.

During a subsequent visit to Fort Lauderdale, Ms. REDACTED was advised that her points were "useless," as she didn't own enough to enjoy a nice vacation. Of course, the solution was to sell her more points, despite the fact that she could not afford such purchase and should not have qualified for financing. Apparently feeling that finances should not stand in the way of a sale, Dario A. De Dios Romero, the sales representative, apparently misrepresented Ms. REDACTED income to be $300,000.00 per year. *As a result, Ms. Lowe's recurring Wyndham expenses, including mortgage payments, down-payment servicing, and maintenance fees, actually exceed her monthly income!* (See attached). It is our understanding that her Wyndham expenses total approximately $2695.72 (Wyndham $831.76; Barclay $1212.97; Discover $381.48; maintenance $1863.96), while her monthly net income is only $2513.16. Needless to say, as a simple matter of mathematics, Ms. REDACTED simply cannot maintain her ownership.

Unfortunately, Ms. REDACTED is not in a position to increase her income, nor should she be. As noted, she is sixty-four years of age, and she suffers from, among other things, herniated discs and a torn rotator cuff, all of which will require various surgeries. (See attached). Similarly, her

husband suffers from a severe heart condition.  Therefore, we respectfully request your assistance in resolving this matter.

As always, we sincerely appreciate your courtesy and attention in addressing this matter, and we look forward to working with you toward resolution.  In the interim, please direct all communications to this office.  Thank you so much.

Happy Holidays,

Charles E. Gallagher

INCOME

REDACTED

)

REDACTED

REDACTED

REDACTED

REDACTED

# THE GALLAGHER FIRM

*Attorneys at Law*
**4641 Gulfstarr Drive, Suite 102**
**Destin, Florida 32541**

Telephone 800.356.8211          charles@gallagher-clifton.com          Facsimile 954.337.3242

December 3, 2018

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando, Florida 32821

RE:  **Owner:**     REDACTED
     **Member**
     **Contract**

Dear Owner Services:

This firm represents REDACTED with respect to their Wyndham Vacation ownership and their interest in being relieved of further obligation thereunder.  In addition, we respectfully are requesting that Mr. REDACTED receive a refund of monies expended in relation at least to their most recent contracts, the latest of which closed on or about March 19, 2018.

Simply stated, our elderly clients never intended to undertake the amount of debt that is associated with their Wyndham account.  Furthermore, Mr. REDACTED who is seventy-two years old and suffers from a military related disability, and Ms. REDACTED, who is sixty-nine, simply can not make use of the extreme number of points that they have been sold.  Nevertheless, after a nearly ten hour marathon session, our clients apparently broke down and succumbed to the pressure, whereupon they unwittingly increased their ownership.  Without even touching upon the various misrepresentations that were made, we respectfully suggest that exposing an elderly couple to such high-pressure tactics is blatantly unconscionable, leaving Mr. REDACTED and Ms. REDACTED is an untenable position.

In any event, our clients are attempting respectfully and responsibly to address this issue by requesting that Wyndham release them immediately, and we look forward to working with you in reaching such result.  **In the interim, please direct all communications, whether by telephone, mail or otherwise, to this office.**  Thank you for your courtesy and consideration with respect to this matter.

Sincerely,

Charles E. Gallagher

# GALLAGHER-CLIFTON

Charles E. Gallagher
4641 Gulfstarr Drive, Suite 102
Destin, FL 32541

Office: (800) 509-9141
Fax:    (954) 337-3242

May 16, 2018

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando, FL 32821

**RE: Nathan and Susan Kolb**          **ACCOUNT: #** REDACTED

Dear Sir/Madame:

This letter is to reiterate our client's desire to terminate the above referenced obligation with your timeshare company. This includes the mortgage and promissory note, if applicable.

We are willing to entertain a small transfer fee, and respectfully ask (on the client's behalf) that you consider their request.

We would request that you have your loss mitigation department or sales office contact our office at your earliest convenience. Or, provide us with the appropriate contact information so that we may initiate additional contact to resolve this matter, and avoid unnecessary time and expense.

Please call my office if you have any questions or comments. We look forward to hearing from you within the next 10 days regarding settlement of this matter.

Sincerely yours,

Charles E. Gallagher

**American Bar Association Center for Professional Responsibility Rule 2.4:** Lawyer Serving as Third-Party Neutral; (a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter; **(b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them.** When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

# GALLAGHER-CLIFTON

Charles E. Gallagher
4641 Gulfstarr Drive, Suite 102
Destin, FL 32541

Office:    (800) 509-9141
Fax:       (954) 337-3242

November 17, 2017

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando, FL 32821

RE: REDACTED                              ACCOUNT: # REDACTED

Dear Sir/Madame:

We are writing about the above referenced "Timeshare Vacation Points" in order to *amicably* negotiate a settlement that results in the cancellation, termination, or transfer of the above referenced owner(s) interest. Essentially, REDACTED is seeking to end his obligation associated with his ownership interest for the following reason:

In February 2015, REDACTED          attended a "party weekend" in Las Vegas, where he was informed that Wyndham no longer offered or even honored "alternating year" timeshares and he would have to purchase another 105,000 points for an "every year" package. He has since learned that Wyndham is still selling "alternating year" packages and he did not have to purchase an every year package like he was told. He has been diagnosed with Polymyalgia Rheumatica (Reactive Arthritis) and was forced into early retirement. His income has been cut by more than 50%. His medical expenses continue to increase, and he is finding it almost impossible to keep up with his payments for his timeshare.

REDACTED          understands and acknowledge that lawyer is acting solely to negotiate a settlement. Going forward, please do not contact REDACTED          after this date, but direct all further correspondence, phone communications, or emails to this office so we can work this matter out in a mutually agreeable manner that benefits all parties concerned.

We would request that you have your loss mitigation department or sales office contact our office at your earliest convenience. Or, provide us with the appropriate contact information so that we may initiate additional contact to resolve this matter, and avoid unnecessary time and expense.

Please call my office if you have any questions or comments. We look forward to hearing from you within the next 10 days regarding settlement of this matter.

Sincerely yours,

Charles E. Gallagher

American Bar Association Center for Professional Responsibility Rule 2.4: Lawyer Serving as Third-Party Neutral; (a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter; (b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them. When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

# GALLAGHER-CLIFTON

Charles E. Gallagher
4641 Gulfstarr Drive, Suite 102
Destin, FL 32541

Office:   (800) 509-9141
Fax:      (954) 337-3242

April 17, 2018

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando, FL 32821

RE: REDACTED                      ACCOUNT: # REDACTED

Dear Sir/Madame:

We are writing about the above referenced "Timeshare Vacation Points" in order to amicably negotiate a settlement that results in the cancellation, termination, or transfer of the above referenced owner(s) interest. Essentially, REDACTED REDACTED  are seeking to end their obligation associated with their ownership interest for the following reason:

Please see enclosed letter of explanation provided by REDACTED . Included is a letter they received from Diana Perez, New Purchase Review Specialist, Owner Care.

Mr. and Mrs. I REDACTI understand and acknowledge that a lawyer is acting solely to negotiate a settlement. Going forward, please do not contact REDACTED          after this date, but direct all further correspondence, phone communications, or emails to this office so we can work this matter out in a mutually agreeable manner that benefits all parties concerned.

We would request that you have your loss mitigation department or sales office contact our office at your earliest convenience. Or, provide us with the appropriate contact information so that we may initiate additional contact to resolve this matter, and avoid unnecessary time and expense.

Please call my office if you have any questions or comments. We look forward to hearing from you within the next 10 days regarding settlement of this matter.

Sincerely yours,

Charles E. Gallagher

**American Bar Association Center for Professional Responsibility Rule 2.4:** Lawyer Serving as Third-Party Neutral; (a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter; (b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them. When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

## Review of Wyndham Timeshares

We own three timeshares with Wyndham dating back to 7/28/93 when the first two where with Fairfield Resorts which were subsequently bought out by Wyndham. (Contracts inclosed) We were perfectly satisfied being Gold level members having paid off the initial cost and keeping up with the annual maintenance fees.

March of 2017 we were staying for our week at Grand Sierra Resort in Las Vegas and were talked into attending what was supposed to be just a 40 minute update on Wyndham Properties. We told the Sales Representative that we were Gold Level and just wanted an update. She pulled up our record and proceeded to tell us that we really were not Gold Level and some of the points credited were no longer active and we should have been informed that there was a six month limit on upgrading but she would consult with her supervisor to see if the six month limit could be waved. The Supervisor came over and went into a long explanation of how he and he alone could wave that  and presented a plan to make us solid Gold Level members. After some 4 hours I agreed on a upgrade that I thought total cost was $12,362.39. This was put on a new Wyndham Rewards and in June 2017 I made an initial payment of $2,000 and continued to make $1,000 payments monthly.

02/11/18 I get a PayPal Credit bill in my wife's name for $19,752 mortgage bill. She was not aware she had a active PayPal account. There was no payment due until 07/11/18.

I contacted the Wyndham Sales Representative at Lake Tahoe with whom I had purchased the South Lake Tahoe property and had trust in and set up an appointment. He stated that there was no way of getting out of the contract made in  March of 2017 but he may be able to modify the contract so the maintenance fees would be less. That is the second Contract that is inclosed.

At our ages of 80 & 76 there is no way we could afford nor be able to avail ourselves of the travel opportunities gained by investing some $32,114.00 plus monthly maintenance fees of some $600.00

We were totally mislead by the sales tactics of the Sales people at the Grand Sierra. Not only did the time of upgrade run hours over estimate but double sales representatives and confusing tactics resulted in our agreeing to something totally out of reality.

Recognizing we do have a paid up investment in Wyndham Properties at this point in time, because of the tactics used on us, wish to **Totally sever any and all relationships with Wyndham.**

<span style="color:red">REDACTED</span>

M. HARTMAN





**WYNDHAM**
VACATION OWNERSHIP

18 January 2018

# REDACTED

RE:   **Wyndham Vacation Resorts Purchase Review**
      Contract # REDACTED

Dear REDACTED

Our records reflect that you recently purchased the above referenced contract at our WYNDHAM SOUTH SHORE.

Your contract has been chosen for a review of our sales quality assurance standards. We have a few short questions related to your purchase experience to ensure our sales compliance processes worked effectively. Additionally, I will be happy to answer any other questions you may have regarding this purchase or your CLUB WYNDHAM Plus membership.

Please call or email me at your earliest convenience at 1.800.446.1466, ext 578922 or Diana.Perez@wyn.com. My usual office hours are Monday through Friday 9:00am to 5:15pm EST.

I look forward to hearing from you and appreciate the opportunity to be of service.

Sincerely,

Diana Perez
New Purchase Review Specialist
Owner Care
Wyndham Vacation Resorts, Inc.

# GALLAGHER-CLIFTON

Charles E. Gallagher
4641 Gulfstarr Drive, Suite 102
Destin, FL 32541

Office:   (800) 509-9141
Fax:      (954) 337-3242

November 17, 2017

RECEIVED

JAN 0 2

CONSUMER AFFAIRS

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando, FL 32821

**RE:** REDACTED                              **ACCOUNT: #** REDACTED

Dear Sir/Madame:

We are writing about the above referenced "Timeshare Vacation Points" in order to *amicably* negotiate a settlement that results in the cancellation, termination, or transfer of the above referenced owner(s) interest. Essentially, REDACTED REDACTED are seeking to end their obligation associated with their ownership interest for the following reason:

Mr. & Mrs. REDACTED were told by their sales representative they would be able to rent their points out to pay off their timeshare. They were specifically told to reserve 1-bedroom units in the Bonnet Creek Resort between December 25th and January 1st of each year. They were told they would be able to reserve twice as many rooms because they would be getting them at a 50% discount. When they did try to reserve these rooms, there were none available. Also, they learned they would only receive a discount if booked within 90 days of arrival. They feel the sales representative outright lied to them and misled them regarding how easy it would be to rent out rooms for enough money to pay off their timeshare.

Mr. and Mrs. REDACTED understand and acknowledge that lawyer is acting solely to negotiate a settlement. Going forward, please do not contact REDACTED after this date, but direct all further correspondence, phone communications, or emails to this office so we can work this matter out in a mutually agreeable manner that benefits all parties concerned.

We would request that you have your loss mitigation department or sales office contact our office at your earliest convenience. Or, provide us with the appropriate contact information so that we may initiate additional contact to resolve this matter, and avoid unnecessary time and expense.

Please call my office if you have any questions or comments. We look forward to hearing from you within the next 10 days regarding settlement of this matter.

Sincerely yours,

Charles E. Gallagher

American Bar Association Center for Professional Responsibility Rule 2.4: Lawyer Serving as Third-Party Neutral; (a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter; (b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them. When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

# GALLAGHER-CLIFTON

Charles E. Gallagher
4641 Gulfstarr Drive, Suite 102
Destin, FL 32541

Office:  (800) 509-9141
Fax:    (954) 337-3242

2/23/2018

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando , FL 32821

**RE:** REDACTED                    **ACCOUNT:** REDACTED

Dear Sir/Madame:

We are writing about the above referenced "Timeshare Vacation Points" in order to *amicably* negotiate a settlement that results in the cancellation, termination, or transfer of the above referenced owner(s) interest. Essentially, REDACTED are seeking to end their obligation associated with their ownership interest for the following reason:

Ms. REDACTED is suffering from financial hardship relating to her Wyndham ownership. She alleges fraudulent charges by Wyndham along with aggressive sales practices. Please see the enclosed letter of explanation provided by Ms. REDACTED outlining, in detail, her experience as a Wyndham owner.

Ms. REDACTED understand and acknowledge that a lawyer is acting solely to negotiate a settlement. Going forward, please do not contact REDACTED after this date, but direct all further correspondence, phone communications, or emails to this office so we can work this matter out in a mutually agreeable manner that benefits all parties concerned.

We would request that you have your loss mitigation department or sales office contact our office at your earliest convenience. Or, provide us with the appropriate contact information so that we may initiate additional contact to resolve this matter, and avoid unnecessary time and expense.

Please call my office if you have any questions or comments. We look forward to hearing from you within the next 10 days regarding settlement of this matter.

Sincerely yours,

Charles E. Gallagher

American Bar Association Center for Professional Responsibility Rule 2.4: Lawyer Serving as Third-Party Neutral; (a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter; (b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them. When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

# GALLAGHER-CLIFTON                LETTER OF EXPLANATION

OWNER NAME(S):   REDACTED

RESORT NAME(S):   Wyndham Vacation Resorts

RESORT CONTRACT/ACCOUNT NUMBER(S):   REDACTED

PLEASE PROVIDE A DESCRIPTION OF YOUR SITUATION: REDACTED

REDACTED

*PLEASE USE A SEPARATE PIECE OF PAPER AND ATTACH TO THIS FORM IF NECESSARY.*
I DECLARE THAT, TO THE BEST OF MY KNOWLEDGE AND BELIEF, THAT THE INFORMATION
HEREIN IS TRUE, CORRECT AND COMPLETE.

REDACTED

_____                    _____
PRINTED NAME OF OWNER                           OWNER SIGNATURE

SUBSCRIBED AND SWORN TO BEFORE ME, ON THE 14th DAY OF Feb.          2018.
SIGNATURE _____ SEAL
NOTARY PUBLIC
MY COMMISSION EXPIRES: 3-15-2020

OFFICIAL SEAL
SHERRI M. REEDY
Notary Public - State of Illinois
My Commission Expires 03/15/2020

(2)

Subject:  Timeshare Exit/Wyndham Vacation Resort

I REDACTED     A Timeshare Owner with Wyndham Vacation Resorts since Feb/2017, I am
providing this letter of explanation geared toward cancelling my timeshare contract. Due to the following
reasons; (1) continuous Wyndham Vacation Resorts ownership subjects me to Financial Hardship(2) I
have been victimized by fraudulent upgrades and associated charges, (3) subjected to aggressive and
excessive high pressure sales tactics during my one-year ownership and few resort stays and (4)
subjected to Poor Customer Service.

*Financial Hardship:* Since undertaking this "trial membership" with Wyndham Vacation Resorts, I've taken
on providing financial support for my 82 year old (widowed) mother, essentially providing the support of two
households from a single salary. This additional financial burden demands that I streamline my debt and
limit my luxuries, in order to make my and my mother's ends meet.

*Poor Quality and Customer Service Experience:* In September 2017, my companion, Mr. Freddie
Sherman, and I used some of the vacation points and booked a vacation with in the La Belle Maison, New
Orleans, LA. When I made reservation, I specifically requested a one-bedroom with a King size bed.  When
we arrived, I confirmed and was assured by the Desk Clerk that we would be placed in a room with a king
sized bed.  Much to our disappointment, when we arrived to the room, we immediately noticed there was
not a king-size but a full-size bed, clearly not what was booked, nor confirmed at check-in.  So I phoned
the Front Desk and requested the Customers Service Rep to be relocated to the room with a king sized
bed as booked. The Customers Service Rep informed us that there were no rooms w/king sized beds
available. Additionally,  was burdened with the task of placing such "change request" with the booking
office online or by phone.  I protested the notion of this being a change request, given that I had clearly
booked a room of a certain size, but was placed in another room type in error.  The error hardly constituted
a change request on my part.  When I placed the call to booking office to request the room change,  to a
one bedroom w/ a king sized bed, I was then informed that online booking "lack the visibility" of the type of
bedrooms/bed sizes at various properties.   The Online Booking phone the rep advised me that it would be
very difficult to make that determination, because they do not have detail description of the rooms at various
properties.  I consider this a "bait & switch" practice, where I clearly made my reservation on the basis of
what was offered online, where it appeared accommodations were matched against my desired requests,
only to be "trapped" into conditions that were known, or should been known, by the resort operators and
their reservation apparatus.

*Aggressive/High pressure sales tactics:*  Before we could get settled in at the La Belle Maison, New
Orleans, there was a message requesting we attend a 90 minute sales session the next morning with a
Complementary Breakfast, we agreed to attend.  However, the following day, when we received a
reminder call, we decided to cancel the session.  The high pressure tactics began with a Sales Rep
calling back to negotiate different session time slots, finally after three different phone calls from three
Sales Reps, we decided to attend just to stop the phone from ringing non-stop.  Additionally, we had
already concluded that we were NOT going to purchase or upgrade to any services.  My decision not
purchase anything else or upgrade was based on my known financial situation, but reinforced from recent
experiences, reservation snafu coupled with the aggressive sales tactics and phone calls.
During our  third trip  (January 2018)  to  Wyndam Dessert Resort, Las Vegas, NV, upon my check-in, I
was accosted by a very pushy Sale Rep to attend a Sales Presentation, I declined his offer several times.
This Sales Rep followed me out  follow me to my car to and aggressively solicited  my companion, to
attend the Sales Presentation through offer of free tickets or $100 spending cash at the Harrah's Casino.
The Sale Rep held by Resort Parking pass in abeyance until we verbally committed to attending the
Presentation.  The aggressiveness and pushy sales tactics is yet another reason I'd like to sever my
relationship with Wyndham Vacation Resorts.  For me there are no offers or incentives that will compel
me to sit through another sales presentations again.

*Victimized by fraudulent upgrades and charges:* During our stay the La Belle Maison, New Orleans,
(September 2017) we were hosted a Sales Presentation by Ms.  Boudreaux, a native of New Orleans and

graduate of University of Mississippi (Ole Miss).  I immediately informed Ms. Boudreaux, while we would sit through the presentation, I had no intentions for making additional purchases, nor upgrading. Upon conclusion of the 90-minute presentation, once again, and for a second time, I informed Ms. Boudreaux I had no intentions of making any additional purchases, nor upgrading.   Hearing my restated position, Ms Boudreaux left the presentation areas for a few short minutes only to return with her assigned Manager (cannot recall the Manager's name).  Once again, subjected to more aggressive sales tactics, this Manager restated the advantages of upgrading and the "one-time" opportunity to seize this upgrade offer and price as detailed by Ms. Boudreaux.  For a third time, I clearly declined verbally, and did not sign anything related to new purchases or upgrades.   The Manager preceded to present several variations of the offer, in an effort to make the offer more affordable, and after four hours, I stated my forth and my final refusal, and we were released.  Prior to leaving the area, I neither signed no written contract, nor gave any verbal consent to purchase or upgrade.

On November 9, 2017, I received email from my PayPal credit card, stating a balance of $6,500, at this time "No Payment Due", and that I had a six-month deferred payment – until April 2018.  I immediately phoned PayPal to investigate and determine the origin of those $6500 charges.  The PayPal representative informed me that the charges were applied September 22, 2017 by Wyndham Resorts (La Belle Maison, New Orleans, LA).   I contest these charges as fraudulent and unauthorized.



# GALLAGHER-CLIFTON

Charles E. Gallagher
4641 Gulfstarr Drive, Suite 102
Destin, FL 32541

Office:  (800) 509-9141
Fax:     (954) 337-3242

1/12/2018

Wyndahm Vacation Resorts
6277 Sea Harbor Drive
Orlando, FL  32821

**RE:**REDACTED                          **ACCOUNT:**REDACTED

Dear Sir/Madame:

We are writing about the above referenced "Timeshare Vacation Points" in order to *amicably* negotiate a settlement that results in the cancellation, termination, or transfer of the above referenced owner(s) interest. Essentially, REDACTED REDACTED    are seeking to end their obligation associated with their ownership interest for the following reason:

Mr. & Mrs. REDACTED purchased the membership under the condition Wyndham would buy it back from them in the event their financial situation changed. Please see enclosed letter of explanation provided by Mr. & Mrs. REDACTED outlining, in detail, their experience.

Mr. and Mrs. REDACTED understand and acknowledge that a lawyer is acting solely to negotiate a settlement. Going forward, please do not contact REDACTED    after this date, but direct all further correspondence, phone communications, or emails to this office so we can work this matter out in a mutually agreeable manner that benefits all parties concerned.

We would request that you have your loss mitigation department or sales office contact our office at your earliest convenience. Or, provide us with the appropriate contact information so that we may initiate additional contact to resolve this matter, and avoid unnecessary time and expense.

Please call my office if you have any questions or comments. We look forward to hearing from you within the next 10 days regarding settlement of this matter.

Sincerely yours,

Charles E. Gallagher

American Bar Association Center for Professional Responsibility Rule 2.4: Lawyer Serving as Third-Party Neutral; (a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter; (b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them. When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

# GALLAGHER-CLIFTON

Charles E. Gallagher
4641 Gulfstarr Drive, Suite 102
Destin, FL 32541

Office:   (800) 509-9141
Fax:      (954) 337-3242

3/27/18

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando , FL  32821

RE: REDACTED                                          ACCOUNT: REDACTED

Dear Sir/Madame:

This letter is to reiterate our client's desire to terminate the above referenced obligation with your timeshare company. This includes the mortgage and promissory note, if applicable.

We are willing to entertain a small transfer fee, and respectfully ask (on the client's behalf) that you consider their request.

We would request that you have your loss mitigation department or sales office contact our office at your earliest convenience. Or, provide us with the appropriate contact information so that we may initiate additional contact to resolve this matter, and avoid unnecessary time and expense.

Please call my office if you have any questions or comments. We look forward to hearing from you within the next 10 days regarding settlement of this matter.

Sincerely yours,

Charles E. Gallagher

American Bar Association Center for Professional Responsibility Rule 2.4: Lawyer Serving as Third-Party Neutral; (a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter; (b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them. When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

# GALLAGHER-CLIFTON

Charles E. Gallagher
4641 Gulfstarr Drive, Suite 102
Destin, FL 32541

Office:   (800) 509-9141
Fax:      (954) 337-3242

11/17/2017

Wyndham Vacation Services
6277 Sea Harbor Drive
Orlando, FL 32821

RE: REDACTED                                    ACCOUNT: REDACTED

Dear Sir/Madame:

We are writing about the above referenced "Timeshare Vacation Points" in order to *amicably* negotiate a settlement that results in the cancellation, termination, or transfer of the above referenced owner(s) interest. Essentially, REDACTED REDACTED are seeking to end their obligation associated with their ownership interest for the following reason:

Mr REDACTED are experiencing financial hardship and living solely on disability income due to medical conditions.

Mr. REDACTED, understand and acknowledge that lawyer is acting solely to negotiate a settlement. Going forward, please do not contact REDACTED after this date, but direct all further correspondence, phone communications, or emails to this office so we can work this matter out in a mutually agreeable manner that benefits all parties concerned.

We would request that you have your loss mitigation department or sales office contact our office at your earliest convenience. Or, provide us with the appropriate contact information so that we may initiate additional contact to resolve this matter, and avoid unnecessary time and expense.

Please call my office if you have any questions or comments. We look forward to hearing from you within the next 10 days regarding settlement of this matter.

Sincerely yours,

Charles E. Gallagher

American Bar Association Center for Professional Responsibility Rule 2.4: Lawyer Serving as Third-Party Neutral; (a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter; (b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them. When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

# GALLAGHER-CLIFTON

Charles E. Gallagher
4641 Gulfstarr Drive, Suite 102
Destin, FL 32541

Office:   (800) 509-9141
Fax:      (954) 337-3242

November 27, 2017

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando, FL 32821

**RE:** REDACTED                    **ACCOUNT: #**REDACTED

Dear Sir/Madame:

We are writing about the above referenced "Timeshare Vacation Points" in order to *amicably* negotiate a settlement that results in the cancellation, termination, or transfer of the above referenced owner(s) interest. Essentially, Ms. REDACTED is seeking to end her obligation associated with her ownership interest for the following reason:

Ms. REDACTED has had to borrow on credit cards, maxing them out, just to keep up with her payments to HGVC. She has now had to take out a loan consolidation to pay back those same cards and no longer can afford to travel. She was told she could book anywhere in the world 12 months in advance with a guaranteed reservation. She was also told she could rent out her points or sell the ownership back to HGVC.

Ms. REDACTED understands and acknowledge that lawyer is acting solely to negotiate a settlement. Going forward, please do not contact REDACTED after this date, but direct all further correspondence, phone communications, or emails to this office so we can work this matter out in a mutually agreeable manner that benefits all parties concerned.

We would request that you have your loss mitigation department or sales office contact our office at your earliest convenience. Or, provide us with the appropriate contact information so that we may initiate additional contact to resolve this matter, and avoid unnecessary time and expense.

Please call my office if you have any questions or comments. We look forward to hearing from you within the next 10 days regarding settlement of this matter.

Sincerely yours,

Charles E. Gallagher

American Bar Association Center for Professional Responsibility Rule 2.4: Lawyer Serving as Third-Party Neutral; (a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter; (b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them. When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

# GALLAGHER-CLIFTON

Charles E. Gallagher
4641 Gulfstarr Drive, Suite 102
Destin, FL 32541

Office:  (800) 509-9141
Fax:     (954) 337-3242

11/14/2017

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando, FL 32821

**RE:** REDACTED                    **ACCOUNT:** REDACTED

Dear Sir/Madame:

We are writing about the above referenced "Timeshare Vacation Points" in order to *amicably* negotiate a settlement that results in the cancellation, termination, or transfer of the above referenced owner(s) interest. Essentially, Mr. REDACTED is seeking to end their obligation associated with their ownership interest for the following reason:

Mr. REDACTED was told by his sales representative that purchasing his membership would help to increase and repair his credit score. His credit score has actually dropped because of the purchase and his membership has become a financial burden for him. When he contacted the sales representative who sold him his membership he was told to rent out his points for a profit to offset the cost of ownership.

Mr. REDACTED understands and acknowledge that lawyer is acting solely to negotiate a settlement. Going forward, please do not contact REDACTED n after this date, but direct all further correspondence, phone communications, or emails to this office so we can work this matter out in a mutually agreeable manner that benefits all parties concerned.

We would request that you have your loss mitigation department or sales office contact our office at your earliest convenience. Or, provide us with the appropriate contact information so that we may initiate additional contact to resolve this matter, and avoid unnecessary time and expense.

Please call my office if you have any questions or comments. We look forward to hearing from you within the next 10 days regarding settlement of this matter.

Sincerely yours,

Charles E. Gallagher

**American Bar Association Center for Professional Responsibility Rule 2.4:** Lawyer Serving as Third-Party Neutral; (a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter; (b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them. When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

# GALLAGHER-CLIFTON

Charles E. Gallagher
4641 Gulfstarr Drive, Suite 102
Destin, FL 32541

Office:  (800) 509-9141
Fax:    (954) 337-3242

2/5/2018

Wyndham Vacation Resorts
6277 Sea Harbor Drive
Orlando, FL  32821

RE: REDACTED                    ACCOUNT: REDACTED

Dear Sir/Madame:

We are writing about the above referenced "Timeshare Vacation Points" in order to *amicably* negotiate a settlement that results in the cancellation, termination, or transfer of the above referenced owner(s) interest. Essentially, REDACTED is seeking to end his obligation associated with his ownership interest for the following reason:

Mr. REDACTED has gone through a divorce since his purchase and is now living on a single income. He can no longer afford his membership. He purchased this membership based upon statements made by the salesperson representing Wyndham Vacation Resorts assuring Mr. REDACTED this was a real estate investment that would appreciate in value.

Mr. REDACTED understands and acknowledges that a lawyer is acting solely to negotiate a settlement. Going forward, please do not contact REDACTED after this date, but direct all further correspondence, phone communications, or emails to this office so we can work this matter out in a mutually agreeable manner that benefits all parties concerned.

We would request that you have your loss mitigation department or sales office contact our office at your earliest convenience. Or, provide us with the appropriate contact information so that we may initiate additional contact to resolve this matter, and avoid unnecessary time and expense.

Please call my office if you have any questions or comments. We look forward to hearing from you within the next 10 days regarding settlement of this matter.

Sincerely yours,

Charles E. Gallagher

American Bar Association Center for Professional Responsibility Rule 2.4: Lawyer Serving as Third-Party Neutral; (a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter; (b) A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them. When the lawyer knows or reasonably should know that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.