UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP,
INC., WYNDHAM VACATION RESORTS,
INC., WYNDHAM RESORT
DEVELOPMENT CORPORATION,
SHELL VACATIONS, LLC, SVC-WEST,
LLC, SVC-AMERICANA, LLC and SVC-
HAWAII, LLC,

    Plaintiffs,

v.                                                      Case No: 6:19-cv-476-Orl-31TBS

CHARLES E. GALLAGHER, WILLIAM P.
STEWART, JR , GALLAGHER-CLIFTON,
LLC, TIMESHARE OWNERS RELIEF,
LLC and RESORT LEGAL TEAM, INC.,

    Defendants.

## ORDER

On April 8, 2019, attorney Joseph L. Hammons filed his Motion for Instanter Admission of Undersigned Counsel on Behalf of Defendants Charles E. Gallagher; William P. Stewart, Jr.; Gallagher-Clifton, LLC; Timeshare Owners Relief, LLC (Doc. 11), and a Motion for Extension of Time to File Responsive Pleadings (Doc. 13).

The motion for admission to the bar of the Court instanter does not contain the certificate required by Local Rule 3.01(g). The motion for extension of time includes a certificate stating:

> In accordance with Rule 3.01(g), Rules of the United States District Court for the Middle District of Florida, counsel for the Plaintiffs were contacted via email with respect to this motion and the Plaintiffs' position agreeing to or opposing the requested relief, however, because this document is of necessity filed via mail through hard copy and overnight delivery Friday, April 5, 2019, insufficient time remained for

> counsel for the Plaintiffs to respond to undersigned
> counsel's request for a position on this motion. As
> undersigned counsel is awaiting instanter admission and
> authorization to file pleadings electronically, undersigned
> counsel is unable at this time to apprise the Court of the
> response of Plaintiffs' counsel. It is respectfully requested
> that Plaintiffs' counsel apprise the Court of their position on
> this matter.

(Doc. 13, ¶ 4).

Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g). Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice Henry Latimer Center for Professionalism). A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate. The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

The Court delayed acting on both motions for a week to see if Defendants would supplement them. That has not occurred. Now, the motion for an extension of time is **DENIED without prejudice** for failure to comply with Local Rule 3.01(g).

In this district:

> (d) In an extraordinary circumstance (such as the hearing of an emergency matter) a lawyer who is not a member of the Middle District bar may move instanter for temporary admission provided the lawyer appears eligible for membership in the Middle District bar and simultaneously initiates proceedings for general or special admission to the Middle District bar. Temporary admission expires in thirty days or upon determination of the application for general or special admission, whichever is earlier.

M.D. Fla. Rule 2.02(d). Defendants have not presented any extraordinary circumstances warranting Mr. Hammons' admission instanter. Therefore, rather than deny the motion for instanter admission without prejudice for failing to comply with Local Rule 3.01(g), this motion is **DENIED** on the merits.

**DONE** and **ORDERED** in Orlando, Florida on April 16, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties