## U.S. DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA (ORLANDO)

**Wyndham Vacation Ownership, Inc.;**
**Wyndham Vacation Resorts, Inc.;**
**Wyndham Resort Development**
**Corporation; Shell Vacations, LLC;**
**SVC-West, LLC; SVC-Americana, LLC;**
**SVC-Hawaii, LLC,**

v.

**Charles E. Gallagher;**
**William P. Stewart, Jr.;**
**Gallagher-Clifton, LLC; Timeshare**
**Owners Relief, LLC; Resort**
**Legal Team, Inc.**

**Case No.: 6:19-cv-00476-GAP-TBS**

**Magistrate Judge: Smith**

---

## DEFENDANTS' CHARLES E. GALLAGHER; WILLIAM P. STEWART, JR.; GALLAGHER-CLIFTON, LLC; TIMESHARE OWNERS RELIEF, LLC MOTION TO DISMISS THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

The Defendants, Charles E. Gallagher; William P. Stewart, Jr.; Gallagher-Clifton, LLC; and Timeshare Owners Relief, LLC, move to dismiss the Complaint (Doc. 1) pursuant to Fed. R. Civ. P. 8 and 12(b)(6).

**Introduction**

The Plaintiffs, Wyndham Vacation Ownership, Inc.; Wyndham Vacation

1

Resorts, Inc; Wyndham Resort Development Corporation; Shell Vacations, LLC; SVC-West, LLC; SVC-Americana, LLC; and SVC-Hawaii, LLC, a limited liability company (Wyndham Plaintiffs), all with the identified business address of 6277 Sea Harbor Drive, Orlando, Florida 32821, are in the business of developing timeshare properties and marketing a program for consumers to purchase access to those properties throughout the United States.  (Doc. 1, ¶ 1, 2).  The named Defendants, exclusive of Resort Legal Team, Inc., a Nevada Corporation, are all residents of the State of Florida with residence or offices in Destin, Florida and Miramar Beach, Florida, all within the United States District Court Northern District of Florida.  (Doc 1, ¶ 18, 19, 20, 22).

Wyndham, "A Global Leader" in the development of timeshares, alleges it has "valid and binding contracts" with individuals who purchase timeshares.  A timeshare may take the form of partial ownership in a vacation property giving the "owner" annual access to the property for a certain period of time or, alternatively, a points-based system where the "points per year" allow consumers access to a range of vacation properties albeit without ownership interest in any. Wyndham alleges the Defendants are a group of individuals and related companies "that conspire together to harm Wyndham owners and Wyndham".  (Doc. 1, ¶ 1 - 3).  Wyndham attaches exhibits to the Complaint that demonstrate the Defendants

represent dissatisfied timeshare owners and consumers. (Doc 1-7, Exhibit 6). Exhibit 6 includes multiple letters from Defendants to Wyndham Vacation Resorts identifying timeshare "owners" who contend they were mislead and that the expenses associated with maintaining the timeshare are not sustainable. Exhibit 6 includes a letter of December 11, 2018, describing a purchaser with recurring Wyndham expenses including mortgage payments, down payment-servicing, and maintenance fees that actually exceed the individual's monthly income. (Doc. 1-7, p. 4). Another, a letter of December 3, 2018, describes an elderly couple, with one spouse disabled, unable to make use of the "extreme number of points that they have been sold". The purchase was made "after a nearly ten hour marathon session". (Doc. 1-7, p. 10). Exhibit 6 also includes a statement from a Wyndham timeshare owner of three timeshares dating back to July 28, 1993. The owner and his wife when using a timeshare interest in March of 2017, were told by a Wyndham sales representative that they were at the "gold level" and just needed to "update". The owner and his wife, ages 80 and 76, describe while using "our week" at a resort "were talked into attending what was supposed to be just a forty minute update on Wyndham properties". This owner and his wife were sold yet another timeshare interest they could not afford. The owner reports:

> We were totally mislead by the sales tactics of the Sales people at the Grand Sierra. Not only did the time of upgrade run hours over

> estimate but double sales representatives and confusing tactics resulted in our agreeing to something totally out of reality. (Doc. 1-7, pp. 14, 15).

None of the letters submitted by any defendant to Wyndham on behalf of Timeshare Owners or interest holders threaten litigation. All requested Wyndham's assistance and loss mitigation. In the pending Complaint Wyndham Plaintiffs seek damages and injunctive relief to preclude Defendants from assisting dissatisfied timeshare owners in terminating or modifying their timeshare relationship with Wyndham Plaintiffs.

After first addressing venue, the Defendants move to dismiss Counts I and III of the Complaint which constitute the predicate for federal jurisdiction. The rest of this motion addresses pleading deficiencies with respect to Florida law claims in Count IV alleging tortious interference with contractual relations against all Defendants, Count V alleging a civil conspiracy against all Defendants, and Count VI alleging a violation of Florida's deceptive and Unfair Trade Practices Act (injunctive relief only) against all Defendants.

## **Venue**

The Plaintiffs filed this Complaint in the Middle District of United States District Court of Florida where all the Plaintiffs have the same business address in Orlando, however, proper venue lies in the Northern District of the United States

District Court where all but one of the defendants reside. Generally venue in a civil action is within the judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located. 28 U.S.C. §1391(b)(1). All of the Florida resident Defendants reside in the Northern District of Florida. The only exception is that the Plaintiffs have joined Resort Legal Team, a Nevada Corporation. Plaintiffs allege Resort Legal Team conspired with the Defendants, transmitted electronic information into and out of the state of Florida, and that such activities were designed to interfere and cause the breach of Wyndham consumers' contracts with Wyndham Plaintiffs. (Doc. 1, p. 7, ¶ 28, 29, and 30). Notwithstanding all the Florida resident Defendants reside in the Northern District of Florida, Defendants allege venue is proper in the Middle District of Florida because "a portion" of the Defendants' alleged conduct consisting of marketing activities and "sending letters to Wyndham in Orlando, Florida" occurred in the Middle District. (Doc. 1, ¶ 32). Venue in federal courts is primarily a matter of convenience of litigants and witnesses. *Denver and Rio Grande Western Railroad Company v. Brotherhood of Railroad Trailmen, et al.*, 387 U.S. 556, 559, 87 S.Ct. 1746 (1967). The federal venue statute, however, applies that principal of convenience by designating venue in a civil action in the judicial district the defendants reside. 28 U.S.C. 1391(b)(1).

Alternatively, venue can be appropriate in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(b)(2). Plaintiffs allege the Defendants disseminated false and misleading advertisements as the basis for essentially all of the Counts in the Complaint. There is no allegation the alleged false and misleading advertisements, other than from Resort Legal Team, emanated from other than the business residence of the named Defendants in Florida.

In consideration of all Florida Defendants residing in the Northern District of the United States District Court and that the alleged misleading advertisement emanated from those businesses attributed to the Defendants all located within the Northern District of Florida, venue in this matter is in the Northern District of Florida of the United States District Court. As such this Complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to be transferred to the United States District Court for the Northern District of Florida.

**<u>Failure to State a Cause of Action Under the Lanham Act, Counts I and III</u>**

Count I of Plaintiffs' Complaint alleges the Defendants Timeshare Owners Relief and Stewart made false or misleading statements of fact in commercial advertisements and intended to mislead consumers in violation of the Lanham Act,

15 U.S.C. §1125(a)(1).   In Count III Wyndham Plaintiffs allege Defendants Gallagher, Stewart, and Gallagher-Clifton engaged in false and misleading advertising constituting a contributory violation of the Lanham Act.   15 U.S.C. §1125(a)(1).   Given Wyndham Plaintiffs' alleged status as timeshare sellers and the Defendants' status as advocates for those who seek to exit or otherwise be relieved of their obligations of timeshare contracts, the Plaintiffs have failed to state a cause of action under the Lanham Act.   The Supreme Court has explained that the Lanham Act should not be read expansively "to allow all factually injured plaintiffs to recover".   *Lexmark Inv'l, Inc. v. Static Control Components, Inc.,* 134 S.Ct. 1377, 1388 (2014).   Rather the statutory cause of action extends only to plaintiffs "whose interests 'fall within the zone of interests protected by the law invoked,'" and "whose injuries are proximately caused by violations of the statute."   *Id.* at 1388-91.   As to the first factor, to come within the zone of interests protected by the Act, "a plaintiff must allege an injury to a commercial interest in reputation or sales."   *Id.* at 1390.   As to the second factor, a plaintiff "ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that the injury occurs when deception of consumers causes them to withhold trade from the plaintiff."   *Id.* at 1391.   In the instant case, to not buy more timehsares.

In addition to demonstrating an adequate basis to proceed within a zone of interests protected by the Act, a plaintiff must also satisfy each element to a false advertising claim by establishing that:

> (1) the advertisements . . . were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been – or is likely to be – injured as a result of the false advertising.

*Incarcerated Entm't, LLC v. Warner Bros. Pictures,* 261 F. Supp. 3d 1220 (M.D. Fla. 2017). Moreover, to come within the bounds of the Lanham Act, a plaintiff must show that the statements occurred within the context of "commercial advertising or promotion," which has been defined to include:

> '(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services[;]' and (4) 'the representations . . . must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry.'

*Tobinick v. Novella,* 848 F.3d 935, 950-51 (11th Cir. 2017) (citations omitted).

Wyndham Plaintiffs' allege Defendants were acting as "competitors" to

Wyndham by trying to interfere with Wyndham's business relationship with its timeshare owners and that this constitutes advertising or promotion to the timeshare owning public within the timeshare industry. (Doc. 1, ¶ 74). "Defendants are operating as competitors to Wyndham." (Doc. 1, ¶ 78). Wyndham then claims as a "competitor" to Defendants to have been injured as a result of the Defendants' false and misleading statements". (Doc. 1, ¶ 79).

Defendants are not competitors with Wyndham. The standing of a timeshare developer and marketer to bring an action under the Lanham Act in the timeshare industry was addressed by this Court in *Orange Lake Country Club, Inc. and Wilson Resort Finance v. Castle Law Group, et al.*, 2018 WL 1535719 (D.C.M.D. Fla. 2018). In *Orange Lake* the Plaintiffs' Lanham Act claims in Plaintiff's Third Amended Complaint were dismissed. This Court addressed the Defendants' Motion for Dismissal of the Lanham Act claims both with respect to Plaintiffs' alleged injury to reputation and claimed "competitor" status:

> Castle Law argues that the Plaintiffs have failed to state a claim because the harm they claim to have suffered – injury to their reputation caused by the Defendants "leading consumers and others in the trade to believe [their] false statements of fact about [their] services and by falsely stating, *inter alia,* that Plaintiffs are engaged in unlawful or illegal conduct" (TAC at 47) - - could not have happened as a result of the allegedly false statements cited by the Plaintiffs. In this, Castle Law is correct. Misleading potential clients about Castle Law's success rate in getting timeshare owners out of their contracts does not harm the reputation of timeshare

9

>developers or lenders. And none of the cited advertising states that the Plaintiffs are engaged in unlawful or illegal conduct. Count V will therefore be dismissed without prejudice. Id. at *7.

In the instant case Wyndham Plaintiffs allege Defendants misleadingly advertise a "100% money back guarantee" that they can "cancel" timeshare contracts. (Doc. 1, p. 3, ¶ 5). Plaintiffs allege Defendants "timeshare cancellation service" is designed to cause Wyndham owners to stop fulfilling their payment obligations under timeshare contracts. That Defendants create a "false narrative" that Defendants timeshare cancellation service is equivalent to legal representation. (Doc. 1, p. 4, ¶ 7, 8). Nothing in the foregoing allegations harms the reputation of Wyndham Plaintiffs nor does it constitute competing with Plaintiffs. To the extent the Plaintiffs' Complaint allegations include Defendants' advertisements, none of the advertisements state the Wyndham Plaintiffs are engaged in unlawful or illegal conduct. Defendants' advertisements cause no harm to Wyndham Plaintiffs within the zone of interests protected by the Lanham Act.

Also in *Orange Lake* this Court dismissed Count VI where the Plaintiff had alleged "contributory false advertising under the Lanham Act". Id. at *8. This Court concluded the allegations of contributory false advertising in Count VI were the same as in Count V and subject to dismissal. In Count VII Orange Lake had alleged misleading advertising in violation of §817.41, F.S., a Florida law

prohibiting misleading advertising.  Orange Lake's status is similar to the Wyndham Plaintiffs in the instant case.  In Count VII Orange Lake Plaintiffs attempted to bring themselves within the scope of §817.41, F.S., by alleging they were "competitors" of defendants Castle Law and Resort Relief.  In rejecting Plaintiffs' alleged status of competitor this Court held:

> This argument fails.  The Plaintiffs are in the business of getting people into timeshares, while the Defendants are in the business of getting them out.  Though their target audiences necessarily overlap, the Plaintiffs and Defendants are selling entirely different services.  They are   adversaries, not competitors.  Id. at *8.

Just as the Plaintiffs in *Orange Lake* were not competitors of those in the business of getting people out of timeshare contracts the Wyndham Plaintiffs in the instant case are not competitors of the Defendants within the scope of a Lanham Act claims.   The Wyndham Plaintiffs are neither consumers of timeshare products nor competitors with Defendants.  To the extent Plaintiffs' Complaint alleges false or misleading advertising by Defendants directly to timeshare consumers, those allegations do not allow Wyndham Plaintiffs, in the business of selling timeshares, to come within the zone of interest protected by the Lanham Act.  For the same reasons as the *Orange Lake* Lanham claims were dismissed, Plaintiffs' Lanham Act claims herein   are subject to dismissal.

**Failure to State a Cause of Action for Tortuous Interference with Contractual**

**Relations, Count IV.**

This Court has addressed the legal standard for stating a cause of action as follows:

> The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).
>
> *Orange Lake Country Club Inc. and Wilson Resort Finance, LLC v. Castle Law Group et al,* 2018 WL 1535719, p. 2 (M.D. Fla. 2018).

Plaintiff's allegations in the instant case fail to state a cause of action for tortuous interference with a contractual relationship. In order to state a claim for tortious interference with a contract, Plaintiffs must allege and prove: "1) the contract; 2) the wrongdoer's knowledge thereof; 3) his intentional procurement of its breach; 4) the absence of justification; and 5) damages." *Farah v. Canada,* 740 So.2d 560, 561 (Fla. 5th DCA 1999). With respect to the third element, "the offending party's interference must be both direct and intentional." *Romika-USA, Inc. v. HSBC Bank USA, N.A.* 514 F. Supp. 2d 1334, 1340 (S.D. Fla. 2007). Notwithstanding the Complaint's conclusory allegations of tortuous interference with a contract, the exhibits attached to the Complaint refute the necessary

elements of the intentional procurement of a breach of the contract and the absence of justification for communication of grievances.   While the Complaint alleges the Defendants "do little or nothing" other than directing the consumer to stop making payments to their timeshare developers (¶ 40, 44, 45) the actual communications to Wyndham from any of the Defendants as demonstrated through exhibit 6 show identification of timeshare owner grievances and a good faith effort to mitigate timeshare owner losses through amicable resolution of grievances with the timeshare developers.   Supra, pp. 3, 4.

In evaluating a motion to dismiss a Court may consider documents attached to the Complaint for all purposes, including determining whether the Plaintiff has stated a cause of action. *Jordan v. Miami-Dade County,* 439 F.Supp. 2d 1237, 1240 (S.D. Fla. 2006).   The usual rule that allegations of a complaint must be taken as true in the context of the motion to dismiss does not apply where exhibits contradict the Complaint allegations.   "Where the allegations of a complaint are expressly contradicted by the plain language of an attachment to that complaint, the attachment controls, and the allegations are nullified." *Degirmenci v. Sapphire-Ford Lauderdale, LLLP,* 639 F. Supp. 2d 1325, 1341 (S.D. Fl. 2010) citing *International Star Registry of Illinois v. Ominipoint Marketing, LLC,* 510 F.Supp. 2d 1015, 1022 (S.D. Fl. 2007).   As demonstrated by the documents in

Exhibit 6 to the Complaint, the Defendants' communications to the Wyndham Plaintiffs apprise Wyndham Plaintiffs of timeshare consumer grievances including, but not limited to, misleading sales representations and high pressure sales tactics to get timeshare consumers to purchase even more timeshare interests on those occasions when they utilize the timeshare interest they initially purchased.  While Wyndham Plaintiffs allege false and misleading advertising by Defendants, satisfied timeshare consumers have no interest in contacting the Defendants for advocacy with respect to their timeshare interests. Plaintiff's Complaint does not state a cause of action for tortuous interference with a contract because communications by Defendants with Wyndham  on behalf of timeshare owners/consumer  demonstrate Defendants are not advocating for the breach of the timeshare contract and, instead,  demonstrate  justification for Defendants' relationship with timeshare owners/consumers and for communications with Wyndham Plaintiffs on behalf of timeshare owners/consumers advocating for resolution of grievances.

**Failure to State a Cause of Action for Civil Conspiracy to Commit Tortuous Interference With Contractual Relations, Count V**

A civil conspiracy requires: (1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of

14

some overt act in furtherance of the conspiracy and (4) damage to the Plaintiff as a result of the acts done under the conspiracy. *Charles v. Florida Foreclosure Placement Center, LLC,* 998 So.2d 1157, 1159-60 (Fla. 3rd DCA 2008).

If the Defendants have not tortuously interfered with contractual relationships of Wyndham Plaintiffs as addressed in Count IV, then they have not conspired to do so in Count V.

Plaintiffs' conclusory allegations with respect to a civil conspiracy to tortuously interfere with contractual relationships are insufficient. Wyndham Plaintiffs allege the Defendants have a "common design to interfere with Wyndham's contractual relationship with Wyndham owners" and that each Defendant has the intent as well as the knowledge of the other's intent "to accomplish by concerted action unlawful purposes and/or lawful purposes by unlawful means". This allegation falls within this Court's proscription of pleading conclusory allegations and unwarranted factual deductions. *Orange Lake County Club Inc. and Wilson Resort Finance, LLC v. Castle Law Group et al,* supra, *2. After pleading generally that Plaintiffs conspired through common design to interfere with Wyndham's contractual relationship with Wyndham owners Plaintiff's Complaint identifies as operative facts only the Defendants' advocacy on the part of dissatisfied owners of timeshare units/consumers. That

15

advocacy is not unlawful and does not satisfy the second element, that of doing an unlawful act or doing a lawful act by unlawful means. Should the Court conclude that there is sufficient alleged concerted action between Defendants Charles E. Gallagher; William P. Stewart, Jr.; Gallagher-Clifton LLC; and Timeshare Owners LLC, there remain insufficient allegations of such with respect to Resort Legal Team, a Nevada Corporation operating out of Nevada. The presence of Resort Legal Team, a Nevada resident, serves only the purpose of supporting Plaintiffs' attempt to demonstrate venue in the Middle District by avoiding the primary determination for venue, the residence of all defendants. See 28 U.S.C. §1391(a)(1).

## **Wyndham Plaintiffs Have Failed to State a Cause of Action for Violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Count VI**

A claim for damages under FDUTPA has three (3) elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Caribbean Cruise Line Inc. v. Better Business Bureau of Palm Beach County, Inc.,* 169 So.2d 164, 167 (Fla. 4th DCA 2015). While the Plaintiffs' Complaint claims only injunctive relief for the alleged FDUTPA violation, to state a cause of action the Plaintiff must still allege and prove the same three (3) elements. The alleged misrepresentations in Plaintiffs' Complaint if true, would cause harm only to the

16

timeshare consumers that are the target audience of the advertisements. To the extent Plaintiffs allege Defendants engaged in false and misleading advertising, those harmed would be timeshare consumers, not Wyndham Plaintiffs. The elements of causation and actual damages for a FDUTPA claim cannot be satisfied under the Plaintiffs' Complaint allegations. To the extent Plaintiffs' attempt to allege an injury (damages) caused by the Defendants' allegedly false and misleading advertising, the allegations in the Complaint are not sufficient for that purpose.

Wyndham Plaintiffs allege they were injured by the false and misleading advertising causing the improper stopping of payments by timeshare consumers. Again, the Plaintiffs' exhibits to the Complaint depicting the advertising by Timeshare Owners Relief does not include any advertisement directing or encouraging timeshare consumers to improperly stop payments due under their contractual relationships. (See Exhibit 2, Timeshare Owners Relief advertisement claiming the speciality of timeshare cancellations.) Exhibit 3 includes another Timeshare Owners Relief advertisement referencing the "100% money back guarantee". Nothing in the advertisement suggests or directs timeshare consumers cease making payments under their contractual relationship. As the advertisements demonstrate, the Complaint fails to state a cause of action for a

FDUTPA violation in that there is no factual predicate for the required causation and actual damages for a FDUTPA claim.

**Conclusion**

The entire Complaint should be dismissed in consideration of the above. In the event the Federal Lanham claims are dismissed the Complaint should be dismissed as only State law claims remain. In the event the Lanham claims remain venue is a basis for dismissal or, alternatively, a transfer of the remaining claims to the United States District Court for the Northern District of Florida.

WHEREFORE, in consideration of the above, the Defendants move for dismissal of Plaintiffs' Complaint.

                                              */s/ Joseph L. Hammons*
                                              JOSEPH L. HAMMONS
                                              FBN: 218979
                                              The Hammons Law Firm, P.A.
                                              17 W. Cervantes Street
                                              Pensacola, FL 32501
                                              (850) 434-1068
                                              Attorney for Defendants Charles E. Gallagher; William P. Stewart, Jr.; Gallagher-Clifton, LLC; Timeshare Owners Relief, LLC

\* \* \*

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing has been furnished to Plaintiffs' attorneys by electronic filing on 29th April, 2019.

                                           */s/ Joseph L. Hammons*
                                           JOSEPH L. HAMMONS
                                           FBN:  218979
                                           The Hammons Law Firm, P.A.
                                           17 W. Cervantes Street
                                           Pensacola, FL 32501
                                           (850) 434-1068
                                           Attorney for Defendants Charles E. Gallagher; William P. Stewart, Jr.; Gallagher-Clifton, LLC; Timeshare Owners Relief, LLC