## U.S. DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA (ORLANDO)

**WYNDHAM VACATION OWNERSHIP, INC.,
a Delaware Corporation; WYNDHAM
VACATION RESORTS, INC., a Delaware
Corporation; WYNDHAM RESORT
DEVELOPMENT CORPORATION, an
Oregon Corporation; SHELL VACATIONS, LLC,
an Arizona Limited Liability Company;
SVC-WEST, LLC, a California Limited
Liability Company; SVC-AMERICANA, LLC,
an Arizona Limited Liability Company; and
SVC-HAWAII, LLC, a Hawaii Limited Liability
Company,**

Plaintiffs,

CASE NO.: 6:19-CV-00476-GAP-TBS

**V.**

**CHARLES E. GALLAGHER, ESQ., an
individual; WILLIAM P. STEWART, JR./
a/k/a PAUL STEWART a/k/a BILL STEWART,
an individual; GALLAGHER-CLIFTON, LLC,
a/k/a The Gallagher Firm, a Florida Limited
Liability Company; TIMESHARE
OWNERS RELIEF, LLC, f/k/a Timeshare
Solutions, LLC, a Florida Limited Liability
Company; RESORT LEGAL TEAM, INC.,
a Nevada Corporation; ALLEVIATE
CONSULTING LLC f/k/a Timeshare
Liquidation Solutions LLC, a Missouri
Limited Liability Company;   and
CLAYTON ANTHONY GONZALEZ,
an individual,**

Defendants.

## <u>DEFENDANT TIMESHARE OWNERS RELIEF, LLC's</u>
## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

The Defendant, Timeshare Owners Relief, LLC (TOR), responds to the pending Amended Complaint for Damages and Injunctive Relief (Doc. 41) and shows:

1.    Without knowledge.

2.    Admitted Wyndham has contracts with individuals who purchased timeshare interests.   Without knowledge as to the control of benefits and obligations.

3.    Denied.

4.    Denied.

5.    Denied.

6.    Denied.

7.    Denied.

8.    Denied.

9.    Admitted Gallagher-Clifton is not a law firm.   In all other respect denied.

10.   Without knowledge, however, Defendant TOR does not dispute the alleged organizational status.

11.   Without knowledge, however, Defendant TOR does not dispute the

alleged organizational status.

12. Without knowledge, however, Defendant TOR does not dispute the alleged organizational status.

13. Without knowledge, however, Defendant TOR does not dispute the alleged organizational status.

14. Without knowledge, however, Defendant TOR does not dispute the alleged organizational status.

15. Without knowledge, however, Defendant TOR does not dispute the alleged organizational status.

16. Without knowledge, however, Defendant TOR does not dispute the alleged organizational status.

17. Without knowledge, however, Defendant TOR does not dispute the alleged organizational status.

18. Upon information and belief, admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied.   Timeshare Owners Relief formerly existed as a limited

liability company organized under the laws of the State of Florida. Stewart was the formerly registered agent of Timeshare Owners Relief.   In all other respects denied.

23.   Without knowledge, however, Defendant TOR does not dispute the alleged organizational status.

24.   Without knowledge, however, Defendant TOR does not dispute the alleged organizational status.

25.   Without knowledge and, therefore, denied.

26.   Admitted only this Court has determined it has subject matter jurisdiction over claims sounding in the Lanham Act and over the claims sounding in state law.

27.   Denied Defendant TOR has committed tortuous acts within the state of Florida.

28.    Admitted Defendant Stewart is a resident of the state of Florida. Without knowledge as to Gallagher's residency status.

29.   Admitted Gallagher-Clifton is a limited liability company organized and existing under the laws of the state of Florida and operating in the state of Florida.   Denied as to the formerly existing Timeshare Owners Relief, LLC.

30. Denied.

31. Without knowledge as to how Resort Legal Team operates its website and, therefore denied.

32. Without knoweldge as to Resort Legal Team's activities with respect to Wyndham and, therefore, denied.

33. Admitted for jurisdictional purposes only.

34. Denied.

35. Without knowledge as to how Alleviate and Gonzalez operate a website and, therefore, denied.

36. Without knowledge and, therefore, denied.

37. Without knowledge and, therefore, denied.

38. Denied.

39. Without knowledge and, therefore, denied.

40. Without knowledge and, therefore, denied.

41. Without knowledge and, therefore, denied.

42. Without knowledge and, therefore, denied.

43. Admitted that Wyndham has created the "Ovation" Program. Without knowledge the program offers Wyndham owners to "gracefully exit their timeshare obligations".  In all other respects

denied.

44.    Denied.

45.    Denied as Defendant TOR has not engaged in false and misleading advertising.

46.    Denied.

47.    Denied.

48.    Denied as to the formerly existing Timeshare Owners Relief.   In all other respects without knowledge and, therefore, denied.

49.    Denied.

50.    Denied.   See response to #49 above.

51.    Denied.   See response to #49 above.

52.    Denied.

53.    Without knowledge and, therefore, denied.

54.    Without knowledge and, therefore, denied.

55.    Without knowledge and, therefore, denied.

56.    Without knowledge and, therefore, denied.

57.    Without knowledge and, therefore, denied.

58.    Without knowledge and, therefore, denied.

59.    Without knowledge and, therefore, denied.

60.   Without knowledge and, therefore, denied.

61.   Without knowledge and, therefore, denied.

62.   Without knowledge and, therefore, denied.

63.   Without knowledge and, therefore, denied.

64.   Denied.

65.   Denied.

66.   Without knowledge and, therefore, denied.

67.   Admitted Gallagher-Clifton, LLC is not a law firm.  Admitted that the limited liability company is owned, at least, in part, by Stewart.

68.   Denied.

69.   Denied.

70.   Denied.

71.   Denied.

72.   Admitted Stewart directs the activities of Gallagher-Clifton, LLC.   In all other respects denied.

73.   Admitted only that Gallagher has authorized communications from Gallagher-Clifton to Wyndham.   In all other respects denied.

74.   Without knowledge and, therefore, denied.

75.   Denied.

76.     Admitted that Timeshare Owners Relief's former website has been deactivated.   Admitted the copies of portions of the website attached to the Complaint as exhibits 2 and 3 were obtained from an archival website.    In all other respects denied.

77.     Denied.

78.     Without knowledge and, therefore, denied.

79.     Without knowledge and, therefore, denied.

80.     Without knowledge and, therefore, denied.

81.     Without knowledge and, therefore, denied.

82.     Without knowledge and, therefore, denied.

83.     Without knowledge and, therefore, denied.

84.     Without knowledge and, therefore, denied.

85.     Without knowledge and, therefore, denied.

86.     Denied.

87.     Denied.

88.     Without knowledge and, therefore denied.

## COUNT I

**ALLEGED VIOLATION OF THE LANHAM ACT AGAINST TIMESHARE OWNERS RELIEF AND STEWART.**

89.     TOR adopts the above TOR responses to paragraphs 1 - 78 and

86-88.

90.   Admitted only that Plaintiff purports to state a claim for violation of the Lanham Act.

91.   Denied.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Denied.

96.   Without knowledge and, therefore, denied.

97.   Denied.

98.   Denied.

99.   Denied.

100.  Denied Wyndham is entitled to any injunctive relief.

## COUNT II

**ALLEGED VIOLATIONS OF THE LANHAM ACT AGAINST RESORT LEGAL TEAM.**

Paragraphs 101-111 pertain only to Defendant Resort Legal Team and no response is required by Defendant TOR.  To the extent any response is deemed required, the allegations are denied.

## COUNT III

**ALLEGED VIOLATIONS OF THE LANHAM ACT AGAINST ALLEVIATE AND GONZALEZ.**

Paragraphs 112-122 Pertain only to Defendants Alleviate and Gonzalez and no response is required by Defendant TOR.   To the extent any response is deemed required, the allegations are denied.

## COUNT IV

**ALLEGED CONTRIBUTORY FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. §1125(a)(1) AGAINST GALLAGHER, STEWART, AND GALLAGHER-CLIFTON.**

123.  TOR adopts and re-alleges its responses to paragraphs 1-122 as if fully set forth herein.

124.  Admitted only that Wyndham purports to allege a cause of action for contributory violation of the Lanham Act.

125.  Denied.

126.  Denied.

127.  Denied.

128.  Denied.

129.  Denied.

130.  Denied.

131. Denied.

132. Denied.

133. Denied.

## COUNT V

## ALLEGED TORTUOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST ALL DEFENDANTS.

134. To the extent Wyndham has adopted and re-alleged paragraphs 1 through 88, Defendant TOR adopts and re-alleges responses to paragraphs 1 through 88.

135. Admitted only the Defendant purports to state a cause of action for tortuous interference.   In all other respects denied.

136. Admitted.

137. Denied.

138. Denied.

139. Denied.

140. Denied "illusory services" can be attributed to Defendant TOR. Defendant TOR has no knowledge of "exorbitant fees".   In all other respects denied.

141. Denied.

142. Denied.

143.  Denied.

144.  Denied Defendant TOR or any other Defendant has procured the breach of contractual relationships as alleged.  In all other respects denied.

145.  Denied.

146.  Denied.

147.  Denied.

148.  Denied.

149.  Denied.

## COUNT VI

**ALLEGED CIVIL CONSPIRACY TO COMMIT TORTUOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST ALL DEFENDANTS.**

150.  To the extent Wyndham has adopted and re-alleged paragraphs 1 through 88, Defendant TOR adopts and re-alleges responses to paragraphs 1 through 88.

151.  Admitted only that Wyndham purports to allege a cause of action for civil conspiracy.   In all other respects denied.

152.  Denied.

153.  Denied.

154.  Denied.

155.  Denied.

156.  Denied.

157.  Denied.


## COUNT VII

**ALLEGED VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT - INJUNCTIVE RELIEF ONLY AGAINST ALL DEFENDANTS.**

158.  To the extent Wyndham has adopted and re-alleged paragraphs 1 through 88, Defendant TOR adopts and re-alleges responses to paragraphs 1 through 88.

159.  Admitted only that Wyndham purports to state a cause of action for violation of FDUPTA.

160.  Denied.

161.  Denied.

162.  Denied.

163.  Denied.

164.  Denied.

165.  Denied.

166. Denied.

167. Denied.

## **AFFIRMATIVE DEFENSES**

168. <u>First Affirmative Defense: Failure to state claims upon which relief may be granted (damages)</u> - Multiple Plaintiffs are treated as one aggrieved entity and they fail to define what damage each Plaintiff suffered as a direct result of TOR's alleged actions or omissions.

169. <u>Second Affirmative Defense: Failure to allege proper standing and failure to state a claim upon which relief may be granted regarding damages (Lanham Act - Count I)</u> - Plaintiffs have failed to allege or establish that they have standing to bring a Lanham Act claim against TOR and failed to allege or establish that their interests fall within the zone of interests protected under Section 1125(a) and that the injuries asserted were proximately caused by TOR's alleged Lanham Act violation.

170. <u>Third Affirmative Defense: Statute of Limitations (Lanham Act - Count I)</u> - Plaintiffs have not defined in their Complaint the timeframe of any alleged false or misleading advertising by TOR, therefore any such alleged publications beyond the statute of

limitations are unactionable.

171.   <u>Fourth Affirmative Defense -</u> Failure to state claims upon which relief may be granted (tortuous interference with contractual relations - Count V)

172.   <u>Fifth Affirmative Defense:</u> Failure to state a claim upon which relief may be granted (Civil conspiracy to commit tortuous interference with contractual relations - Count VI).

173.   <u>Sixth Affirmative Defense:</u> Failure to state a claim upon which relief may be granted (Violation of Florida's Deceptive and Unfair Trade Practices Act - Injunctive Relief Only - Count VII).

174.   <u>Seventh Affirmative Defense</u>:   The Defendant Timeshare Owners Relief, LLC, became inactive and ceased to exist effective November 8, 2017.

## JURY TRIAL DEMAND

175.   Defendant, Timeshare Owners Relief, LLC, demands trial by jury for all claims so triable.

WHEREFORE, having fully answered the Complaint, Defendant, Timeshare Owners Relief, LLC, respectfully requests Judgment in its favor and against Plaintiffs, jointly and severally, together with its costs as provided by law

and its attorney's fees pursuant to the claims brought against it together with any

other relief deemed necessary and proper.


                                   */s/ Joseph L. Hammons*
                                   JOSEPH L. HAMMONS
                                   FBN:   218979
                                   The Hammons Law Firm, P.A.
                                   17 W. Cervantes Street
                                   Pensacola, FL 32501
                                   (850) 434-1068
                                   Attorney for Defendants William P. Stewart, Jr.; Gallagher-Clifton, LLC; Timeshare Owners Relief, LLC

                                *     *     *

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a copy of the foregoing has been furnished to Plaintiffs' attorneys:

Alfred J. Bennington, Jr., Esquire
Glennys Ortega Rubin, Esquire
Michael L. Gore, Esquire
Mary Ruth Houston, Esquire
Shutts & Bowen LLP
300 South Orange Avenue
Orlando, FL   32801

And

Daniel J. Barsky, Esquire
Shutts & Bowen LLP
200 South Biscayne Boulevard, Suite 4100
Miami, FL   33131

and Defendant's attorney:

C. Gene Shipley, Esquire
Fisher Rushmer, P.A.
390 N. Orange Avenue, Suite 2200
Orlando, FL   32801

and   Defendant

Charles Gallagher, Esquire,   by electronic filing   on 20th September, 2019.

          */s/ Joseph L. Hammons*
          JOSEPH L. HAMMONS
          FBN:   218979
          The Hammons Law Firm, P.A.
          17 W. Cervantes Street
          Pensacola, FL 32501
          (850) 434-1068
          Attorney for Defendants William P. Stewart,
          Jr.; Gallagher-Clifton, LLC; Timeshare
          Owners Relief, LLC