UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC.; WHYDHAM VACATION RESORTS, INC.; WYNDHAM RESORT DEVELOPMENT CORPORATION; SHELL VACATIONS, LLC; SVC-WEST, LLC; SVC-AMERICANA, LLG; and SVC-HAWAII, LLC | Civil Action No.:  6:19-cv-00476-GAP-TBS |

                     Plaintiffs,

v.

CHARLES E. GALLAGHER; WILLIAM P. STEWART, JR.; GALLAGHER-CLIFTON, LLC; TIMESHARE OWNERS RELIEF, LLC; and RESORT LEGAL TEAM, INC.
                  Defendants.

## DEFENDANT RESORT LEGAL TEAM, INC.'S ANSWER TO AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Defendant, RESORT LEGAL TEAM, INC. (hereinafter the "Answering Defendant or "RLT"), by and through its undersigned counsel, hereby files its Answer to Plaintiffs' Amended Complaint for Damages and Injunctive Relief, pursuant to the Federal Rules of Civil Procedure, by admitting, denying or objecting as follows:

### A. Introduction

1.     The Answering Defendant admits that Wyndham is a developer of timeshare properties.  The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Amended Complaint, and therefore denies the same.

2.     The Answering Defendant denies Plaintiffs' allegation that each and every Plaintiff has binding contracts with individuals who purchase timeshare interests sold by one or more entities.   The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Amended Complaint, and therefore denies the same.

3.     The Answering Defendant denies the allegations contained in Paragraph 3 of the Amended Complaint.

4.     Plaintiffs have failed to describe or attach the alleged "Timeshare Contracts," and therefore the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.  The Answering Defendant denies each and every remaining allegation contained in Paragraph 4 of the Amended Complaint.

5.     The Answering Defendant denies the allegations contained in Paragraph 5 of the Amended Complaint.

6.     The Answering Defendant denies the allegations contained in Paragraph 6 of the Amended Complaint.

7.     The Answering Defendant denies the allegations contained in Paragraph 7 of the Amended Complaint.

8.     The Answering Defendant denies the allegations contained in Paragraph 8 of the Amended Complaint.

9.     The Answering Defendant admits that Gallagher is a licensed attorney.  The Answering Defendant denies the remaining allegations contained in Paragraph 9 of the

Amended Complaint, or Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

**B. Parties, Jurisdiction and Venue**

    **i.**    **The Plaintiffs**

10.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint, and therefore denies the same.

11.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint, and therefore denies the same.

12.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint, and therefore denies the same.

13.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint, and therefore denies the same.

14.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint, and therefore denies the same.

15.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint, and therefore denies the same.

16.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint, and therefore denies the same.

17.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint, and therefore denies the same.

ii.     **The Defendants**

18.     The Answering Defendant admits that Gallagher is a licensed attorney.  The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Amended Complaint, and therefore denies the same.

19.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Amended Complaint, and therefore denies the same.

20.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint, and therefore denies the same.

21.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint, and therefore denies the same.

4

22.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint, and therefore denies the same.

23.     The Answering Defendant admits the allegations contained in Paragraph 23 of the Amended Complaint.

24.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint, and therefore denies the same.

25.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint, and therefore denies the same.

### iii.     Subject Matter Jurisdiction

26.     The Answering Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint.

### iv.     Personal Jurisdiction

27.     The Answering Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

28.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint, and therefore denies the same.

29.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint, and therefore denies the same.

30.     The Answering Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.     The Answering Defendant admits it operates a website.   The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Amended Complaint and therefore denies the same.

32.     The Answering Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.     The Answering Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint, and therefore denies the same.

35.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint, and therefore denies the same.

36.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint, and therefore denies the same.

37.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint, and therefore denies the same.

### v.     Venue

38.     The Answering Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

### vi.     Conditions Precedent, Attorney's Fees

39.     The Answering Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

40.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint, therefore denies the same.

### C. Wyndham's Timeshare Business

41.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint, and therefore denies the same.

42.     Plaintiffs have failed to describe or attach the alleged "Timeshare Contracts," and therefore the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint, and therefore denies the same.

43.     Plaintiffs have failed to describe or attach the alleged "Timeshare Contracts," and therefore the Answering Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint, and therefore denies the same.

### D. Defendants' Scheme

44.     The Answering Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.     The Answering Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint.

46.     The Answering Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

47.     The Answering Defendant denies the allegations contained in Paragraph 47 of the Amended Complaint.

### i.   The Marketing Companies

48.     The Answering Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint.

### a.   Timeshare Owners Relief

49.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended Complaint, and therefore denies the same.

50.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint, and therefore denies the same.

51.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint, and therefore denies the same.

52.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Amended Complaint, and therefore denies the same.

b.     **Resort Legal Team**

53.     The Answering Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.     The Answering Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint.

55.     The Answering Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint.

56.     The Answering Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint.

c.     **Alleviate**

57.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Amended Complaint, and therefore denies the same.

58.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint, and therefore denies the same.

59.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Amended Complaint, and therefore denies the same.

60.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint, and therefore denies the same.

61.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Amended Complaint, and therefore denies the same.

62.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Amended Complaint, and therefore denies the same.

63.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Amended Complaint, and therefore denies the same.

### ii.     The Fake Law Firm

64.     The Answering Defendant admits that Resort Legal Team refers or otherwise forwards the Wyndham Owners to Gallagher and other similarly licensed attorneys.  The Answering Defendant is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 64 of the Amended Complaint, and therefore denies the same.

10

65.    The Answering Defendant denies the allegations contained in Paragraph 65 of the Amended Complaint.

66.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Amended Complaint, and therefore denies the same.

67.    The Answering Defendant denies the allegations contained in Paragraph 67 of the Amended Complaint.

68.    The Answering Defendant admits Gallagher is a lawyer.  The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Amended Complaint, and therefore denies the same.

69.    The Answering Defendant denies the allegations contained in Paragraph 69 of the Amended Complaint.

70.    The Answering Defendant admits it advertises via its website, and the content of that website speaks for itself.  The Answering Defendant denies the remaining allegations contained in Paragraph 70 of the Amended Complaint.

### iii.    The Individuals

71.    The Answering Defendant denies the allegations contained in Paragraph 71 of the Amended Complaint.

72.    The Answering Defendant denies the allegations contained in Paragraph 72 of the Amended Complaint.

73.     The Answering Defendant denies the allegations contained in Paragraph 73 of the Amended Complaint.

74.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Amended Complaint, and therefore denies the same.

   **E.  Defendants' False and Misleading Advertising**

75.     The Answering Defendant denies the allegations contained in Paragraph 75 of the Amended Complaint.

   **i.     Timeshare Owners Relief's Advertisements**

76.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint, and therefore denies the same.

77.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Amended Complaint, and therefore denies the same.

78.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Amended Complaint, and therefore denies the same.

   **ii.    Resort Legal Team's Advertisements**

79.     The Answering Defendant admits it advertises via its website and through mailers, and the contents of the website and mailers speak for themselves.  The Answering Defendant denies any further allegations set forth in Paragraph 79 of the Amended

Complaint to the extent they alter, vary or contradict the express contents of the website and mailers.

80.     The Answering Defendant admits it advertises via its website and through mailers, and the contents of the website and mailers speak for themselves.  The Answering Defendant denies any further allegations set forth in Paragraph 80 of the Amended Complaint to the extent they alter, vary or contradict the express contents of the website and mailers and specifically denies that any of the advertisements are false and/or misleading.

81.     The Answering Defendant denies the allegations contained in Paragraph 81 of the Amended Complaint.

### iii.     The Alleviate False Advertisements

82.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Amended Complaint, and therefore denies the same.

83.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Amended Complaint, and therefore denies the same.

84.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Amended Complaint, and therefore denies the same.

85.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Amended Complaint, and therefore denies the same.

### iv.   The False and Misleading Advertisements Deceive Consumers

86.   The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Amended Complaint, and therefore denies the same.

87.   The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Amended Complaint, and therefore denies the same.

88.   The Answering Defendant denies the allegations contained in Paragraph 88 of the Amended Complaint.

### COUNT I
### Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)
(Against Timeshare Owners Relief and Stewart)

89.   Count I is not directed to the Answering Defendant and therefore, no answer is required.  To the extent any answer is required, the Answering Defendant repeats and realleges Paragraphs 1 through 78 and 86 through 88 as if fully set forth herein.

90.   Count I is not directed to the Answering Defendant and therefore, no answer is required.  To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Amended Complaint, and therefore denies the same.

91.   Count I is not directed to the Answering Defendant and therefore, no answer is required.  To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Amended Complaint, and therefore denies the same.

92.     Count I is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Amended Complaint, and therefore denies the same.

93.     Count I is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Amended Complaint, and therefore denies the same.

94.     Count I is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Amended Complaint, and therefore denies the same.

95.     Count I is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Amended Complaint, and therefore denies the same.

96.     Count I is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Amended Complaint, and therefore denies the same.

97.     Count I is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Amended Complaint, and therefore denies the same.

98.    Count I is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Amended Complaint, and therefore denies the same.

99.    Count I is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Amended Complaint, and therefore denies the same.

100.    Count I is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Amended Complaint, and therefore denies the same.

## COUNT II
**Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)**
(Against Resort Legal Team)

101.    The Answering Defendant repeats and restates each and every response to Paragraphs 1 through 75, 79 through 81, and 86 through 88 as if fully set forth herein.

102.    The Answering Defendant denies the allegations contained in Paragraph 102 of the Amended Complaint.

103.    The Answering Defendant denies the allegations contained in Paragraph 103 of the Amended Complaint.

16

104.    The Answering Defendant denies the allegations contained in Paragraph 104 of the Amended Complaint.

105.    The Answering Defendant denies the allegations contained in Paragraph 105 of the Amended Complaint.

106.    The Answering Defendant denies the allegations contained in Paragraph 106 of the Amended Complaint.

107.    The Answering Defendant denies the allegations contained in Paragraph 107 of the Amended Complaint.

108.    The Answering Defendant denies the allegations contained in Paragraph 108 of the Amended Complaint.

109.    The Answering Defendant denies the allegations contained in Paragraph 109 of the Amended Complaint.

110.    The Answering Defendant denies the allegations contained in Paragraph 110 of the Amended Complaint.

111.    The Answering Defendant denies the allegations contained in Paragraph 111 of the Amended Complaint.

### COUNT III
**Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)**
(Against Alleviate and Gonzalez)

112.    Count III is not directed to the Answering Defendant and therefore, no answer is required.  To the extent any answer is required, the Answering Defendant repeats and restates each and every response to Paragraphs 1 through 75 and 82 through 88 as if fully set forth herein.

113.   Count III is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Amended Complaint, and therefore denies the same.

114.   Count III is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Amended Complaint, and therefore denies the same.

115.   Count III is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Amended Complaint, and therefore denies the same.

116.   Count III is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Amended Complaint, and therefore denies the same.

117.   Count III is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Amended Complaint, and therefore denies the same.

118.   Count III is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Amended Complaint, and therefore denies the same.

119.    Count III is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Amended Complaint, and therefore denies the same.

120.    Count III is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Amended Complaint, and therefore denies the same.

121.    Count III is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Amended Complaint, and therefore denies the same.

122.    Count III is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Amended Complaint, and therefore denies the same.

<u>**COUNT IV**</u>
**Contributory False Advertising in Violation of 15 U.S.C. § 1125(a)(1)**
(Against Gallagher, Stewart, and Gallagher-Clifton)

123.    Count IV is not directed to the Answering Defendant and therefore, no answer is required.  To the extent any answer is required, the Answering Defendant repeats and restates each and every response to Paragraphs 1 through 122 as if fully set forth herein.

124.    Count IV is not directed to the Answering Defendant and therefore, no answer is required.  To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Amended Complaint, and therefore denies the same.

125.    Count IV is not directed to the Answering Defendant and therefore, no answer is required.  To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Amended Complaint, and therefore denies the same.

126.    Count IV is not directed to the Answering Defendant and therefore, no answer is required.  To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Amended Complaint, and therefore denies the same.

127.    Count IV is not directed to the Answering Defendant and therefore, no answer is required.  To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Amended Complaint, and therefore denies the same.

128.    Count IV is not directed to the Answering Defendant and therefore, no answer is required.  To the extent any answer is required, the Answering Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Amended Complaint, and therefore denies the same.

129.    Count IV is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Amended Complaint, and therefore denies the same.

130.    Count IV is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Amended Complaint, and therefore denies the same.

131.    Count IV is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Amended Complaint, and therefore denies the same.

132.    Count IV is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Amended Complaint, and therefore denies the same.

133.    Count IV is not directed to the Answering Defendant and therefore, no answer is required.   To the extent any answer is required, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Amended Complaint, and therefore denies the same.

**COUNT VV [sic]**
**Tortious Interference with Contractual Relations**
(Against All Defendants)

134.    The Answering Defendant repeats and restates each and every response to Paragraphs 1 through 88 as if fully set forth herein.

135.    The Answering Defendant denies the allegations contained in Paragraph 135 of the Amended Complaint.

136.    The Answering Defendant denies the allegations contained in Paragraph 136 of the Amended Complaint and specifically denies Plaintiffs' allegation that each and every Plaintiff has contractual relationships with individuals who purchase timeshare interests sold by one or more entities.

137.    The Answering Defendant denies the allegations contained in Paragraph 137 of the Amended Complaint and specifically denies Plaintiffs' unsupported allegation that the Answering Defendant has knowledge of unidentified contractual relationships, if any, between each Plaintiff and individuals who purchase timeshare interests.

138.    The Answering Defendant denies the allegations contained in Paragraph 138 of the Amended Complaint, or Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore denies the same.

139.    The Answering Defendant denies the allegations contained in Paragraph 139 of the Amended Complaint and specifically denies Plaintiffs' allegation that each and every Plaintiff has contractual relationships with individuals who purchase timeshare interests sold by one or more entities.

140.    The Answering Defendant denies the allegations contained in Paragraph 140 of the Amended Complaint.

141.    The Answering Defendant denies the allegations contained in Paragraph 141 of the Amended Complaint and specifically denies Plaintiffs' allegation that each and every Plaintiff has contractual relationships with individuals who purchase timeshare interests sold by one or more entities.

142.    The Answering Defendant denies the allegations contained in Paragraph 142 of the Amended Complaint and specifically denies Plaintiffs' unsupported allegation that the Answering Defendant has knowledge of unidentified contractual relationships, if any, between each Plaintiff and individuals who purchase timeshare interests.

143.    The Answering Defendant denies the allegations contained in Paragraph 143 of the Amended Complaint and specifically denies Plaintiffs' allegation that each and every Plaintiff has current or prospective contractual relationships with individuals who purchase timeshare interests sold by one or more entities.

144.    The Answering Defendant denies the allegations contained in Paragraph 144 of the Amended Complaint and specifically denies Plaintiffs' unsupported allegation that the Answering Defendant has knowledge of unidentified contractual relationships, if any, between each Plaintiff and individuals who purchase timeshare interests.

145.    The Answering Defendant denies the allegations contained in Paragraph 145 of the Amended Complaint.

146.    The Answering Defendant denies the allegations contained in Paragraph 146 of the Amended Complaint.

147.    The Answering Defendant denies the allegations contained in Paragraph 147 of the Amended Complaint.

148.    The Answering Defendant denies the allegations contained in Paragraph 148 of the Amended Complaint.

149.    The Answering Defendant denies the allegations contained in Paragraph 149 of the Amended Complaint.

<u>**COUNT VI**</u>
**Civil Conspiracy to Commit Tortious Interference with Contractual Relations**
(Against All Defendants)

150.    The Answering Defendant repeats and restates each and every responses to Paragraphs 1 through 88 as if fully set forth herein.

151.    The Answering Defendant denies the allegations contained in Paragraph 151 of the Amended Complaint and specifically denies Plaintiffs' unsupported allegation that the Answering Defendant has knowledge of unidentified contractual relationships, if any, between each Plaintiff and individuals who purchase timeshare interests.

152.    The Answering Defendant denies the allegations contained in Paragraph 152 of the Amended Complaint and specifically denies Plaintiffs' unsupported allegation that the Answering Defendant has knowledge of unidentified contractual relationships, if any, between each Plaintiff and individuals who purchase timeshare interests.

153.    The Answering Defendant denies the allegations contained in Paragraph 153 of the Amended Complaint and specifically denies Plaintiffs' unsupported allegation that the Answering Defendant has knowledge of unidentified contractual relationships, if any, between each Plaintiff and individuals who purchase timeshare interests.

24

154.    The Answering Defendant denies the allegations contained in Paragraph 154 of the Amended Complaint.

155.    The Answering Defendant denies the allegations contained in Paragraph 155 of the Amended Complaint.

156.    The Answering Defendant denies the allegations contained in Paragraph 156 of the Amended Complaint and specifically denies Answering Defendant has any obligations under ethical standards and Rules Regulating the Florida Bar.

157.    The Answering Defendant denies the allegations contained in Paragraph 157 of the Amended Complaint and specifically denies Plaintiffs' allegation that each and every Plaintiff has contracts with individuals who purchase timeshare interests sold by one or more entities.

**COUNT VII**
**Violation of Florida's Deceptive and Unfair Trade Practices Act – Injunctive Relief Only**
(Against All Defendants)

158.    The Answering Defendant repeats and restates each and every responses to Paragraphs 1 through 88 as if fully set forth herein.

159.    The Answering Defendant denies the allegations contained in Paragraph 159 of the Amended Complaint.

160.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the Amended Complaint directed to Timeshare Owners Relief, and therefore denies the same.   The Answering Defendant denies the remaining allegations contained in Paragraph 160 of the Amended Complaint.

25

161.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Amended Complaint directed to Timeshare Owners Relief, and therefore denies the same.   The Answering Defendant denies the remaining allegations contained in Paragraph 161 of the Amended Complaint.

162.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162, and therefore denies the same of the Amended Complaint.

163.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Amended Complaint, and therefore denies the same.

164.    The Answering Defendant denies the allegations contained in Paragraph 164 of the Amended Complaint.

165.    The Answering Defendant denies the allegations contained in Paragraph 165 of the Amended Complaint.

166.    The Answering Defendant denies the allegations contained in Paragraph 166 of the Amended Complaint.

167.    The Answering Defendant denies the allegations contained in Paragraph 167 of the Amended Complaint.

## **Prayer for Relief**

Wherefore, Answering Defendant, Resort Legal Team, Inc., respectfully requests this Honorable Court enter Final Judgment in its favor and against Plaintiffs, denying Plaintiffs

all legal and equitable relief demanded, awarding Answering Defendant reasonable attorneys' fees and costs, and any such further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred and/or significantly limited by Plaintiffs' failure to mitigate their damages.  To the extent Plaintiffs have been damaged by any of its timeshare owners breaching any binding timeshare contracts, Plaintiffs are able to quickly, and at a nominal cost, recover ownership of the timeshare properties (by virtue of their security interest in the same) and resell them, for full current value, and often at higher prices, and recover any alleged damages.

## SECOND AFFIRMATIVE DEFENSE

All of Plaintiffs' damages, if any, must be reduced and set off by any value received from subsequent purchasers of the timeshare properties Plaintiffs alleges have been canceled.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and alleged damages are speculative, too remove and otherwise barred because Defendant RLT's customers were already predisposed (because of economic hardship, false representations, lack of booking availability, poor customer service, etc.) to breach their agreements or had already breached their agreements with Plaintiffs before retaining RLT's services or reviewing RLT's solicitations and/or advertisements.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' tortious interference claims are barred because Defendant RLT's alleged conduct was intended to protect its own economic interests and the economic interests of its customers, and was therefore privileged.

### FIFTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing. Plaintiffs, or some of them, do not possess binding contracts or other protectable relationships with the timeshare property owners.

### SIXTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims fail because Defendants' alleged statements at issue were truthful, were not misleading or deceptive in any way, and constitute non-actionable opinion and puffery.

### SEVENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred by the doctrine of unclean hands.  Plaintiffs illegally and otherwise wrongfully induced RLT's customers to enter into relationships with Plaintiffs through misrepresentations and omissions of material fact to the financial detriment of RLT's clients.  Plaintiffs have profited from this misconduct, and  the instant litigation is a further attempt to profit at the expense of RLT's clients by attempting to harass RLT's clients and deprive them of consumer protection services, including legal representation, and their ability to contest Plaintiffs' financial demands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for civil conspiracy fail because there is a lack of any intentional underlying tort, and because Plaintiffs fail to allege any overt act committed by RLT in furtherance of said conspiracy.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' demand for enhanced damages and attorneys' fees constitute an impermissible penalty, as the facts alleged do not meet the requirement of an exceptional case under the Lanham Act or otherwise warrant such extraordinary relief under the claims pled by Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for civil conspiracy fail as a matter of law because they rely exclusively on alleged actions related to the rendition of legal services. The litigation privilege provides absolute immunity with respect to communications made in furtherance of the litigation privilege and extends to legal services provided in contemplation of litigation, including pre-litigation demand letters and similar actions. The litigation privilege extends to RLT by virtue of RLT's agency relationship with its customers (i.e. timeshare owners) who contract with RLT for the purpose of RLT's retention of legal representation on their behalf.

**ELEVENTH AFFIRMATIVE DEFENSE**

All of Plaintiffs' fail claims because they constitute attempts by the Plaintiffs to intimidate and/or harass defrauded and/or disadvantaged timeshare consumers and/or the attorneys for those parties and thereby to restrict and/or to inhibit the right of each to petition for the redress of grievances before the judicial branches of government, as protected by the

First Amendment to the United States Constitution, as well as by the comparable and applicable provisions enacted in other  jurisdictions of the United States, including, but not limited to, Section 5, Article 1 of the Florida Constitution.  In addition, the First Amendment protects RLT customers' ability to, among other things, seek services from RLT, seek information from RLT, ask RLT to engage legal representation on their behalf, or otherwise retain RLT's services.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim under the Lanham Act fails because the alleged statements made by Defendants do not constitute commercial advertising or promotion in competition with Plaintiffs, and Plaintiffs have not and cannot claim any misrepresentation is material and likely to influence purchasing decisions of timeshare owners.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim under the Lanham Act fails because the allegations of misrepresentations made by RLT directly conflict with the exhibits attached to the Amended Complaint; specifically, RLT does not expressly or indirectly instruct consumers to stop making payments or otherwise breach any contractual obligations with one or more Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim under the Lanham Act fails because the alleged statements made by RLT do not expressly or indirectly disparage Plaintiffs' products or services or even mention or refer to Plaintiffs' timeshare product, brand, name or logo.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim under the Lanham Act fails because Plaintiffs do not fall under the zone of protected interests required under the Lanham Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

All claims for injunctive relief in all Plaintiffs' claims fail because Plaintiffs have adequate remedies at law, will not suffer an irreparable injury, and have no substantial likelihood of success.

## SEVENTEENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred by the applicable statute of limitations and the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state valid causes of action upon which relief can be granted.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff Wyndham Vacation Ownership, Inc. is a holding company and lacks standing to claim damages because it is not a party to any contracts with timeshare owners or otherwise seek redress for the alleged damages subject of Plaintiffs' Complaint. *See Energy Sup. LLC v. Sup. Energy Resources*, Inc., 0:15-CV-60034-UU, 2015 WL 11198012, at *4 (S.D. Fla. Sept. 9, 2015) (dismissing claims of a parent corporation because the "mere fact that [plaintiff] is the parent  company of [subsidiary], without more, does not entitle [plaintiff]  to assert claims on behalf of [subsidiary] simply through that relationship."); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981 (11th Cir. 2005) ("[t]he question of whether, for standing purposes, a non-party to a contract has a legally enforceable right

therein is a matter of state law"); and *Am. Intern. Group, Inc. v. Cornerstone Businesses, Inc.*, 872 So. 2d 333, 336 (Fla. 2d Dist. App. 2004) (rejecting parent company's attempt to enforce wholly-owned subsidiary's rights because their relationship "does not make the two corporations interchangeable for purposes of bringing or defending a lawsuit.  A parent corporation and its wholly-owned subsidiary are separate and distinct legal entities").

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to pursue recovery of any damages related to timeshare owners' failure to pay maintenance fees and taxes.  Plaintiffs are not a governmental entity entitled to levy and collect taxes or an owners' association or managing entity that levy or collect maintenance fees or assessments.  Taxes and maintenance fees are levied by and owed to non-parties and nonpayment does not damage Plaintiffs.

**TWENTY- FIRST AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to pursue recovery of any damages related to timeshare owners' failure to pay money owed pursuant to promissory notes or other secured purchase-money loan.  Non-party Wyndham Consumer Finance funds and services loans and promissory notes relating to RLT's clients.  Even if a timeshare owner obtains a loan/ promissory note to fund the timeshare purchase, the loan is funded by Wyndham Consumer Finance and a subsequent default on the loan, if any, would damage non-party Wyndham Consumer Finance, not Plaintiffs.

**TWENTY- SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' tortious interference and civil conspiracy claims arising out of RLT's alleged illegal and wrongful encouragement or assistance to its clients to breach its contracts

32

with Plaintiffs fail as matter of law because there is nothing illegal or unlawful about breaching a contract. *See U.S. v. Blankenship*, 382 F.3d 1110, 1133-34 (11th Cir. 2004).

## TWENTY -THIRD AFFIRMATIVE DEFENSE

FDUTPA does not apply to Plaintiffs' claims against RLT because RLT's alleged conduct did not occur within Florida and RLT is outside of FDUPTA's purview. Indeed RLT is a Nevada-based corporation with its principal place of business in Nevada and does not conduct any business in Florida.   *See Michaels v. Micamp Merchant Services*, 6:13-CV-1920-ORL-37, 2014 WL 235474, at *5 (M.D.  Fla. Jan. 22, 2014) ("FDUTPA applies only to actions that occurred within the state of Florida."); *Scott v. Gage*, 6:11-CV-1565-ORL-31-DAB, 2011 WL 13196262, at *6 (M.D. Fla. Dec. 12, 2011) ("FDUTPA claims can only be asserted by Florida residents for conduct occurring in the state, or  by non-residents if the offending conduct occurred entirely within this state."); *Carnival Corp. v. Rolls-Royce PLC*, 08-23318-CIV-SEITZ, 2009  WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) (FDUTPA violation "must be based entirely on actions that occurred within Florida... [and]  Plaintiffs may only proceed on this claim based on actions that occurred within the state of  Florida."); *Goodwin v. Am. Equip. Leasing*, LLC, 6:10-CV-1876-ORL-GJK, 2012 WL 13102266, at *3 (M.D. Fla. Aug. 29, 2012) ("holding that although FDUPTA may apply to non-Florida residents, the allegedly offending conduct must occur within Florida."); *Costa v. Kerzner Intern. Resorts, Inc.*, 2011 WL 2519244, at *4 (S.D. Fla. June 23, 2011) (when a FDUTPA action is "based upon deceptive representations made on a centralized website... [the Court] should give greater weight to the Defendants' location as opposed to the place of injury"); and *Karhu v. Vital Pharm., Inc.*, 13-60768-CIV, 2013 WL 4047016, at *10 (S.D. Fla. Aug. 9,

2013) (FDUTPA applied to out of state consumer's claim because "it is reasonable to infer that all of Defendant's alleged misconduct took place in Florida" while the state of injury "is less significant in the case of fraudulent misrepresentations").

  **WHEREFORE**, Answering Defendant prays that:

  1.  Plaintiffs take nothing by way of its Complaint;

  2.  Plaintiff's claims be dismissed with prejudice;

  3.  A judgment be entered in favor of Answering Defendant for reasonable costs and attorneys' fees incurred herein; and

  4.  Other and further relief may be granted as the Court deems just and proper.

        **FISHER RUSHMER, P.A.**

          */s/ C. GENE SHIPLEY*
          C. GENE SHIPLEY, ESQ. (FL No. 130028)
          390 N. Orange Avenue, Suite 2200
          Orlando, FL 32801
          Tel: (407) 843-2111 / Fax: (407) 422-1080
          jfisher@fisherlawfirm.com
          gshipley@fisherlawfirm.com
          *Counsel for Defendant Resort Legal Team, Inc.*

          **ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

          */s/ G. Mark Albright*
          G. MARK ALBRIGHT, ESQ. (NV No. 1394)
          JORGE L. ALVAREZ, ESQ. (NV No. 14466)
          DANIEL R. ORMSBY, ESQ. (NV No. 14595)
          801 S. Rancho Dr., Ste D-4
          Las Vegas, Nevada 89106
          Tel: (702) 384-7111 / Fax: (702) 384-0605
          gma@albrightstoddard.com
          jalvarez@albrightstoddard.com
          dormsby@albrightstoddard.com
          *Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of September, 2019, I electronically filed the foregoing **DEFENDANT RESORT LEGAL TEAM, INC.'S ANSWER TO AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** with the Clerk of the Court by using the CM/ECF system, which will send electronic notification to all counsel of record.

Joseph L. Hammons, Esq.
Email: jlhlaw1@bellsouth.net
THE HAMMONS LAW FIRM, P.A.
17 W. Cervantes Street
Pensacola, FL 32501
Telephone: (850) 434-1068
*Attorney for Defendants, Charles E. Gallagher,*
   *William P. Stewart, Jr., Gallagher-Clifton, LLC and*
   *Timeshare Owners Relief, LLC*

Alfred J. Bennington, Jr., Esq.
bbennington@shutts.com
Shutts & Bowen, LLP
300 S. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone (407) 835-6755
*Attorneys for Plaintiffs*

**FISHER RUSHMER, P.A.**

_____*/S/ C. GENE SHIPLEY*_____
C. GENE SHIPLEY, ESQ. (FL No. 130028)
390 N. Orange Avenue, Suite 2200
Orlando, FL 32801
Tel:    (407) 843-2111 / Fax: (407) 422-1080
jfisher@fisherlawfirm.com
gshipley@fisherlawfirm.com
*Co-Counsel for Defendant Resort Legal Team,*
*Inc.*

35