**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WYNDHAM VACATION OWNERSHIP, INC.; WYNDHAM VACATION RESORTS, INC.; WYNDHAM RESORT DEVELOPMENT CORPORATION; SHELL VACATIONS, LLC; SVC-WEST, LLC; SVC-AMERICANA, LLC; and SVC-HAWAII, LLC,

    Plaintiffs,

v.

CHARLES E. GALLAGHER, ESQ.; WILLIAM P. STEWART JR.; GALLAGHER-CLIFTON, LLC; TIMESHARE OWNERS RELIEF, LLC; RESORT LEGAL TEAM, INC.; ALLEVIATE CONSULTING LLC; and CLAYTON ANTHONY GONZALEZ,

    Defendants.

Case No. 6:19-cv-476-Orl-31EJK

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANT RESORT LEGAL TEAM, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE CERTAIN OF DEFENDANT RESORT LEGAL TEAM, INC.'S <u>AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiffs Wyndham Vacation Ownership, Inc., Wyndham Vacation Resorts, Inc., Wyndham Resort Development Corporation, Shell Vacations, LLC, SVC-West, LLC, SVC-Americana, LLC, and SVC-Hawaii, LLC (collectively, "Plaintiffs" or "Wyndham"), pursuant to Local Rule 3.01(c), move for leave to file a reply to Defendant Resort Legal Team, Inc.'s ("RLT") response to Wyndham's motion to strike certain of RLT's affirmative defenses to address arguments newly raised by RLT in its response and state:

## BACKGROUND

On July 1, 2019, Wyndham filed its Amended Complaint, alleging Lanham Act and other violations against RLT. (Doc. 41.) RLT ultimately answered, asserting numerous defenses. (Doc. 68.) Wyndham moved to strike many of those defenses. (Doc. 70.) RLT responded in opposition. (Doc. 74.) Wyndham now moves for leave to file a brief reply to address an argument that RLT newly raised in its response concerning the unclean hands defense.

## ARGUMENT

One of the defenses at issue in the motion to strike is the unclean hands defense. In the defense itself, RLT argued that Wyndham made misrepresentations to Wyndham owners and that "the instant litigation is a further attempt to profit at the expense of RLT's clients," and thus, Wyndham supposedly does not have the right to seek a remedy in equity. (Doc. 68, p. 28.)

Wyndham's motion to strike the unclean hands defense cited the well-settled case law that, to make out that defense, the defendant must show that it was personally injured by the plaintiff's conduct. (Doc. 70, p. 4 (citing *Calloway v. Partners Nat'l Health Plans*, 986 F.2d

1

446, 450–51 (11th Cir. 1993)).) Therefore, because RLT only pled that Wyndham's conduct injured Wyndham owners, not RLT itself, RLT failed to sufficiently plead the defense. (*See id.*)

In response, RLT raised the new argument—absent from RLT's pleading—that Wyndham's conduct injures RLT itself. (Doc. 74, p. 5.) RLT argues that "it is clear that Wyndham has made a corporate decision not to negotiate with its represented owners . . . Thus, this conduct directly injures RLT's business, that is, the ability to render the timeshare cancellation services for which it is retained." (*Id.*) RLT further asserts that "by virtue of the agency relationship RLT has with its customers, any harm or wrongful conduct that injures RLT's clients also causes direct injury to RLT." (*Id.*) RLT goes on to assert that Wyndham itself engaged in false advertising and therefore cannot prevail on its own false advertising claim. (*Id.* at 6 (citing *Inmuno Vital, Inc. v. Golden Sun, Inc.*, 49 F. Supp. 2d 1344, 1358 (S.D. Fla. 1997)).)

Not one of these arguments was established in RLT's pleading of its affirmative defenses. As a matter of fairness, Wyndham should be permitted leave to briefly rebut these newly raised arguments. Notably, RLT's attempt to pass off Wyndham owners' injuries as RLT's injuries, in order to shore up the unclean hands requirements, is unsupported by any authority whatsoever. Moreover, RLT's cited case law concerning the false advertising unclean hands requirements is distinguishable, and Wyndham should get the chance to address that case authority. *See Ottaviano v. Nautilus Ins. Co.*, No. 8:08-cv-2204-T-33TGW, 2009 WL 425976, at *1 (M.D. Fla. Feb. 19, 2009) (granting leave to reply).

There is good cause to grant a reply, and denying leave would prejudice Wyndham,

2

as allowing the unclean hands defense to proceed without RLT adequately pleading a self-injury would potentially open the door to discovery that RLT would not otherwise be entitled to. Thus, the Court should grant Wyndham leave to file a reply.

## LOCAL RULE 3.01(g) CERTIFICATION

On November 19, 2019, counsel for Wyndham had a good-faith conferral with counsel for RLT on the issues raised by this motion. RLT's counsel advised that they oppose the relief sought herein.

WHEREFORE, Wyndham respectfully requests that the Court enter an Order: (1) granting this motion; (2) permitting Wyndham to file a reply of no more than five (5) pages in support of its motion to strike (Doc. 70), on or before the date seven (7) days following the date of the Court's Order; and (3) granting such further relief as the Court deems just and proper.

*/s/ Alfred J. Bennington, Jr., Esq.*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

**DANIEL J. BARSKY, ESQ.**
Florida Bar No. 25713
dbarsky@shutts.com
**SHUTTS & BOWEN LLP**

200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (561) 650-8518
Facsimile: (561) 822-5527

*Counsel for Plaintiffs*

Dated: November 19, 2019.

ORLDOCS 17319172 1