UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC.; WHYDHAM VACATION RESORTS, INC.; WYNDHAM RESORT DEVELOPMENT CORPORATION; SHELL VACATIONS, LLC; SVC-WEST, LLC; SVC-AMERICANA, LLG; and SVC-HAWAII, LLC<br><br>Plaintiffs,<br>v.<br><br>CHARLES E. GALLAGHER; WILLIAM P. STEWART, JR.; GALLAGHER-CLIFTON, LLC; TIMESHARE OWNERS RELIEF, LLC; and RESORT LEGAL TEAM, INC.,<br><br>Defendants. | Civil Action No.:  6:19-cv-00476-GAP-TBS<br><br>**DEFENDANT RESORT LEGAL TEAM, INC.'S EMERGENCY MOTION TO QUASH OR, IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER** |

Defendant RESORT LEGAL TEAM, INC. (hereinafter Defendant or "RLT") by and through the undersigned counsel, and pursuant to FRCP 26(c) and FRCP 45(c), hereby files this Emergency Motion to Quash or, in the Alternative Motion for Protective Order (hereinafter "Motion") regarding the October 21, 2019, Subpoena to Wells Fargo Bank, N.A. and October 22, 2019, to Subpoena on Bank of America Corporation of Plaintiffs Wyndham Vacation Resorts, Inc.; Wyndham Resort Development Corporation; Shell Vacations, LLC; SVC-West, LLC; SVC Americana, LLC; and SVC-Hawaii, LLC (collectively, "Plaintiffs" or "Wyndham"). This Motion is based upon the memorandum of law seeking the Court's order to relieve the non-party subpoena recipients of their obligation to respond to Plaintiffs' subpoenas, and in support of its request RLT states the following:

# I.  **BACKGROUND**

Wyndham brings the instant lawsuit against Defendants, including RLT, pursuant to its Amended Complaint for Damages and Injunctive Relief (hereinafter "Amended Complaint") alleging that Defendants engaged in a scheme to defraud some of Wyndham's customers into believing Defendants are able to terminate certain timeshare contracts (hereinafter "Timeshare Contracts") executed between Wyndham and their customers (hereinafter "Wyndham Owners"). ¶80 Amended Complaint [DOC #41].  Plaintiffs specifically allege Defendants representations are false because it is "impossible" for Wyndham Owners to be released from their Timeshare Contracts without meeting "certain conditions" under an otherwise undefined Ovation program. ¶¶ 43, 45, 80 Amended Complaint [DOC #41].  Plaintiffs further allege that Defendants "do little or nothing on . . . [behalf of the Wyndham Owners] other than directing the consumer to stop making payments to their timeshare developers, eventually causing the consumer to default on their timeshare obligations, resulting in foreclosure and substantial harm to by [sic] the consumer and the timeshare developer."  ¶ 46 Amended Complaint [DOC #41].

Plaintiffs allege that Defendants' fraudulent scheme has cost Wyndham millions in damages based on lost revenue.  ¶146-157, Amended Complaint [DOC #41]. Wyndham brings claims against RLT for false advertising and contributory false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1) tortious interference with contractual relations, civil conspiracy to commit tortious interference and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  In addition to seeking various forms of injunctive relief, Plaintiffs seek damages in the form of disgorgement of profits, treble damages, pre- and post-judgment interest, attorneys' fees and costs.  "Prayer for Relief", Amended Complaint [DOC #41].

Plaintiffs' presumptuous allegations ignore the obvious: that Wyndham Owners seek and retain the services of RLT and the other Defendants due to Plaintiffs' own well-established and

heavily sanctioned practice of engaging in misleading and deceptive timeshare sales.  *See e.g., Deneen v. Wyndham Vacation Resorts, Inc.*, N.D. Ill., Case No. 1:19-cv-05499 (class action suit recently filed due to "Wyndham's policy and practice of misleading and deceptive timeshare sales presentations and its breach of contract"); *Williams v. Wyndham Vacation Ownership, Inc.*, Cal. Sup. Ct in and for County of San Francisco, Case No. CGC-12-526187 (jury verdict in whistleblower case requiring rescission of Wyndham Owner contracts and awarding punitive damages of $20 million dollars); *Wixon et. Al. v. Wyndham Resort Dev. Corp.*, N.D. Cal., Case No. C07-02361 (class action settlement with defrauded Wyndham Owners including cancelation of 22 million vacation credits, mandatory changes to timeshare program, payment of up to $5 million dollars in legal fees).  *See also*, Declaration of Nathan Jay Kolb, Exhibit 10, ¶¶ 5-7, Amended Complaint [DOC #41] (declaring he and his wife conducted their own research of timeshare exit companies after Wyndham refused to cancel their timeshare contract); Defendant Charles Gallagher, Esq. Answer and Affirmative Defenses, Eighth Defense at pgs. 3-4 [DOC #69] (noting that his dealings with Plaintiffs reveal that Wyndham has corporate practice of ignoring its owners cry for help until such owners have no choice but to default).

Plaintiffs' misrepresentations are not limited to their interactions with Wyndham Owners, however.  Plaintiffs' stated allegations, that RLT instructs its clients to cease making payments under their Timeshare Contracts, are directly contrary to the express terms of RLT's contract with its clients, including Wyndham Owners, a copy of which is attached and incorporated into the Amended Complaint as the third exhibit to Exhibit 10.  Specifically, RLT's contract with its timeshare owner clients states, "Client agrees that . . . [RLT] has in no way directed Client to stop making payments to the timeshare developer.  The decision to make or to not make payments is the sole choice of the Client." *See* Service Agreement between RLT and Kolb, Exhibit 3 of Exhibit 10, Amended Complaint [DOC #41].

It is important to note that nowhere in the Amended Complaint do Plaintiffs allege that RLT uses its bank or merchant accounts to perpetrate the aforementioned scheme or that RLT's bank records would somehow reveal important information with respect to Wyndham's claims. Significantly, Plaintiffs also do not and cannot seek damages arising out of any contracts with, or profits received from, RLT's clients other than Wyndham Owners.

In response to the Amended Complaint, RLT denied all of Wyndham's material allegations, including but not limited to denying that RLT has engaged in false advertising or that it participated in a purported scheme to defraud Wyndham owners. *See* RLT's Answer and Affirmative Defenses [DOC #68]. In addition, RLT asserted affirmative defenses addressing the legal/factual insufficiency and impropriety of Wyndham's claims and (b) RLT's legal rights in its capacity as an agent of its clients.  RLT's Answer pg. 27-33 [DOC #68]. RLT also asserts that, even if Wyndham somehow proves every single allegation against RLT (which it cannot), Wyndham's claims will ultimately fail because RLT's clients had already defaulted on their loan obligations with Wyndham prior to retaining RLT and/or were already predisposed to breach their contractual obligations with Wyndham. RLT's Answer pg. 27 [DOC #68]. RLT will show that its clients were predisposed to default on their contractual obligations because of (1) Wyndham's fraudulent and deceptive sales practices, (2) the lack of booking availability and poor customer service from Wyndham, (3) financial or medical hardship, and/or (4) Wyndham's willful refusal to properly address complaints and concerns expressed by Wyndham Owners seeking to cancel their Timeshare Contracts.

This Court entered the Case Management and Scheduling Order on May 17, 2019 [Doc. 28] and discovery has commenced. The parties have already exchanged documents and RLT has already agreed to produce relevant financial information with respect to payments received from and relevant transactions with Wyndham Owners. On October 21 and 22, Plaintiffs served their

notice of third-party subpoenas on RLT directed to third parties Bank of America and Wells Fargo. The Subpoenas seek an exhaustive list of documents related to confidential financial and banking information of RLT and its non-party clients. The Subpoenas do not address the elements of Wyndham's claims against the Defendants, Affirmative Defenses, or any facts underlying such pleadings. See Subpoenas attached hereto as Exhibit 1.

## II.    **MEMORANDUM OF LAW**

### A.    **LEGAL STANDARD FOR MOTION TO QUASH.**

A party may only obtain materials through discovery that are non-privileged, relevant to a claim or defense, and proportional to the needs of the case. FRCP 26(b)(1). A party has the right to object to ask the court to quash a subpoena on a third party pursuant to F.R.C.P. 45(c) when the subpoena seeks materials in which the party has a personal or privacy interest.   A party also has standing under FRCP 26 to object to subpoena requests on third parties if they are so broad that they seek information or materials not relevant to the issues made by the pleadings.  *See Paxton v. Landesk Software, In*c., 3:18-CV-1273-J-34JBT, 2019 WL 4199037, at *1 (M.D. Fla. July 30, 2019).

A party may move "to quash subpoenas because he alleges a 'personal right or privilege' with respect to the information sought," *Auto-Owners Insurance Co. v. Se Floating Docks, Inc*., 231 F.R.D 426, 429 (M.D. Fla. 2005). Materials subpoenaed must be tailored to the issues made by the pleadings. *Maxwell v. Health Center of Lake City, Inc.*, Case. No. 3:05-cv 1056-J-32MCR (M.D. Fla. 6-6-2006). Therefore, a subpoena that seeks information that is privileged or protected, such as confidential commercial information, the objecting party may appropriately move to modify or quash. *See Belcher v. A & M Bus. Props*., 2015 U.S. Dist. LEXIS 97541, *3 (M.D. Fla. July 27, 2015). In the alternative, the objecting party may also move for a protective order,

especially when the objecting party moves "on the basis that the subpoenas seek irrelevant information." *Russell v City of Tampa*, Case No. 8:16-cv-912-T-30JSS, pg. 4. (M.D. Fla. 7-5-2017) (internal citation omitted).

## B.   LEGAL STANDARD FOR MOTION FOR PROTECTIVE ORDER.

Federal Rule of Civil Procedure 26(c) permits the Court to enter a protective order upon a showing of good cause. Under FRCP 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005) *quoting U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978). An order under Rule 26(c) may, among other forms of relief, "forbid[]the disclosure or discovery;…specify[] terms, including time and place or the allocation of expenses, for the disclosure or discovery;" or "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters…" Fed. R. Civ. P. 26(c)(1)(A)-(H).

Parties to a lawsuit "clearly have standing to move for a protective order if the subpoenas seek irrelevant information." *Auto-Owners Ins. Co.*, 231 F.R.D. at 429; *see also Skyline Steel LLC v. J.D. Fields & Co., Inc*., 2015 WL 13358183, *2 (M.D. Fla. Nov. 24, 2015) (stating that "Federal Rule of Civil Procedure 26 gives a party standing to challenge discovery requests, including nonparty subpoenas, if the requests seek information that is not relevant, overbroad or can be obtained through another source in a more convenient, less burdensome or less expensive way."); *Cornett v. Lender Processing Servs., Inc.*, 2012 WL 5305990, *1 (M.D. Fla. Oct. 29, 2012) (stating that "Plaintiff…has standing to move for a protective order if the subpoenas seek irrelevant

information."). And even if the Court determines that the moving party does not have standing to challenge third party subpoenas, the moving party may still request a protective order. *See Nathai v. Fla. Detroit Diesel-Allison, Inc.*, 2009 WL 2424570, *1 (M.D. Fla. Aug. 5, 2009) (finding that despite "Movant's lack of standing in regard to its request to quash, it may move for a protective order if the subpoena seeks irrelevant information.").

Furthermore, under FRCP 26(c)(1), "the court where the action is pending...may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." When evaluating whether a movant has satisfied his burden of establishing good cause for a protective order, a court should balance the non-moving party's interest in obtaining discovery against the moving party's harm that would result from the discovery. *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Here, as demonstrated below, Plaintiffs are engaged in a fishing expedition, seeking information entirely irrelevant to their claims and RLT's affirmative defenses. Plaintiffs do not seek this irrelevant information to bolster their claims, but rather in an effort to destroy RLT's business and harm RLT's clients.

## III.   ARGUMENT

### A.   THIS COURT SHOULD QUASH PLAINTIFFS' SUBPOENAS BECAUSE THEY SEEK IRRELEVANT AND CONFIDENTIAL INFORMATION, OUTSIDE THE SCOPE OF FRCP 26 OR, IN THE ALTERNATIVE, GRANT RLT A PROTECTIVE ORDER PURSUANT TO FLORIDA'S FINANCIAL PRIVILEGE AND BECAUSE GOOD CAUSE EXISTS TO PROTECT RLT'S CONFIDENTIAL INFORMATION.

Plaintiffs seek confidential commercial and financial information from RLT that is privileged or protected under FRCP 45. As a threshold matter, the Subpoenas are subject to the general relevancy requirements for all discovery. *See Kwalwasser v. New York Life Ins. Co.*, 2007 WL 9723881, *1 (M.D. Fla. Jun. 14, 2007). Plaintiffs' subpoenas are deficient under FRCP 26(b)

as they do not seek information relevant to any party's claim or defense. Accordingly, the subpoenas should be quashed. In the alternative, good cause exists for this Court to enter a protective order of the confidential, privileged financial information that Plaintiffs seek.

> **i.     The Court should quash the subpoenas because Wyndham's interests in obtaining the documents are far outweighed by RLT's privacy rights.**

Federal Rule of Civil Procedure 45(c)(3)(B)(i) provides that the court may grant a motion to quash a subpoena if it requires a party to disclose trade secret or other confidential research, development, or commercial information. *Zurich Am. Ins. Co. v. Hardin*, 8:14-CV-775-T-23AAS, 2019 WL 3082608, at *1 (M.D. Fla. July 15, 2019). Where a plaintiff seeks confidential research, developmental, or commercial information, the requesting party must show that the interests in obtaining the requested documents far outweighs the objecting party's privacy interests. *See Great Lakes Transportation Holding LLC v. Yellow Cab Service Corporation of Florida, Inc.,* Case No. 10-80241-CIV-ZLOCH/ROSENBAUM, 8 (S.D. Fla. 2-4-2011); *see also Everflow Technology Corporation V. Millennium Electronics, Inc.,* 2008 WL 5187094 (N.D.Cal.)Moreover, when a subpoena seeks private or confidential information, Florida courts have recognized that parties to whom the subpoena was not directed to have standing to object to the subpoena.  *See Terwillegar v. Offshore Energy Srvs., Inc.,* No. 07-01376, 2008 WL 2277879, at *2 (E. D. La. 2008) (finding a person to whom a **subpoena** was not directed had standing to challenge the **subpoena** because "she has a personal right regarding information that is in the possession of [her **banks**].");   *Manusco v. Florida Metropolitan University, Inc.,* No. 09–61984–CIV, 2011 WL 310726, at *1 (S. D. Fla Jan. 28, 2011) (in an FLSA case, plaintiff had standing to challenge a **subpoena** directed to his **bank**); *Keybank Nat'l Ass'n v. Perkins Rowe, L.L.C.,* No. 09-497-JJB-SR, 2011 WL 90108 (M.D. La. Jan. 11, 2011) (holding that a party had standing to challenge a **subpoena** to the party's **bank** seeking **bank** records and check logs).

Wyndham seeks the following documents from Bank of America and Wells Fargo, from January 2013 to present, which RLT asserts are privileged materials:

a. Bank account statements;
b. Deposit records;
c. Electronic transfer statements;
d. Copies of deposited checks;
e. Copies of canceled checks;
f. Copies of Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders;
g. Account applications and/or opening documents, including but not limited to powers of attorney;
h. Signature cards;
i. Credit and debit memos;
j. Form 1099, 1089, or back-up withholding documents; and
k. Customer correspondences files

*See* copy of Subpoenas attached hereto as **Exhibit 1**.

RLT objects to the production of the confidential financial materials found in requests identified above to the extent the requested materials show information unrelated to Wyndham Owners, and to the extent it seeks confidential information (ex., bank checks, credit card information, etc.) from any non-party client of RLT. Plaintiffs' overly broad Subpoenas seek records of payments drawn from bank accounts and credit cards of non-parties, payments received from RLT's clients who are not Wyndham Owners, transactions with vendors or entities completely unrelated to this litigation, and other financial information with respect to RLT's assets unconnected to the subject matter of this litigation. Such materials invoke the protection of the Florida Constitution.

Article I, section 23 of the Florida Constitution includes a right of privacy with regard to financial matters because "personal finances are among those private matters kept secret by most people." *Rowe v. Rodriquez-Schmidt*, 89 So. 3d 1101 (Fla. 2d DCA 2012). *See Winfield v. Division of Pari-Mutuel Wagering, Dep't of Business Regulation*, 477 So. 2d 544, 548 (Fla. 1985) (recognizing a legitimate expectation of privacy in financial institution records). The financial

privilege must be upheld when the information is irrelevant to the proceedings. *Friedman v. Heart Inst. of Port St. Luci, Inc.*, 863 So. 2d 189, 194 (Fla. 2003). In assessing the extent of the privilege, the Court "can consider the constitutional rights of all third parties who would be substantially affected by the outcome of this litigation." *Alterra Healthcare Corp. v. Estate of Shelley*, 827 So. 2d 936, 945 (Fla. 2002). Here, RLT's bank records are protected by the financial privilege articulated in the Florida Constitution.

ii.     **This Court should quash or modify Plaintiffs' subpoenas because they seek information that is irrelevant and outside the scope of discovery under FRCP 26(b).**

Although irrelevance is not among the enumerated reasons for quashing a subpoena under Rule 45(c)(3), federal courts have incorporated relevance as a factor to be considered when ruling on motions to quash. *Moon*, 232 F.R.D. at 637; *See also Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 662 (D.Kan. 2003); *Travelers*, 228 F.R.D. at 113; *United States v. IBM*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

Subpoenas to third parties requesting financial records must be narrowly tailored. *Popoli v. Ft. Myers Lodge #1899 Loyal Order of Moose*, Inc., Case No. 2:15-cv-311-FtM-29CM, Pg. 5-6 (M.D. Fla. 12-16-15). Moreover, the Middle District of Florida has found a protectable interest under Rule 45 in financial records, quashing a third-party subpoena seeking all financial records, including tax returns that were not narrowly tailored to the proportional needs of the case. *Yormak v. Yormak*, 2:14-cv-33-FtM-29CM, pg. 4-5 (M.D. Fla. 12-19-14). Although the Florida courts have recognized a right of privacy in financial records, they are discoverable only if those records are relevant to the issues in the case. *Friedman v. Heart Institute of Port St. Lucie, Inc.*, 863 So.2d 189, 194 (Fla. 2003); *Letchworth v. Pannone*, 168 So.3d 288, 290 (Fla. 5th Dist. Ct. App. 2015); *Inglis v. Wells Fargo Bank N.A.*, 2:14-CV-677-FTM-29CM, 2016 WL 2854204, at *3 (M.D. Fla. May 16, 2016).

Indeed, courts in the Middle District of Florida have held that "the trial court can consider the constitutional rights of third parties who would be substantially affected by the outcome of litigation." *Alterra Healthcare Corp. v. Estate of Shelley*, 827 So.2d 936, 945 (Fla. 2002); *see also Inglis v. Wells Fargo Bank N.A.*, 2:14-CV-677-FTM-29CM, 2016 WL 2854204, at *3 (M.D. Fla. May 16, 2016).[1]

Here, the requested information is overbroad and irrelevant to these proceedings, and therefore, the right of privacy of RLT and each of its non-party clients must be upheld. The subpoenas are drawn as broadly as possible, without any limitation on the documents sought, seeking all RLT's banking records and non-party payments without any reasonable time limitation. By way of example, Plaintiffs request banking records from January 2013 even when RLT only started retaining Wyndham owners in June 2017. Hence, Plaintiffs are requesting banking records from RLT for years that predate their alleged injuries or allegations.

To be clear, Wyndham's Lanham Act, tortious interference, civil conspiracy, and FDUTPA claims relate to the course of business, including advertisement and communications, between RLT and individual Wyndham Owners. None of the allegations in the Amended Complaint suggest that RLT's bank records are relevant or that RLT uses its bank or merchant accounts as mean to consummate the alleged fraudulent scheme. What is more, none of the allegations in Plaintiffs' Amended Complaint suggest that RLT's bank records will make a disputed fact more or less likely.

RLT admits many Wyndham owners have hired RLT for its services and RLT has already agreed to produce all documents and evidence relating to these payments, including RLT's

---

[1] Defendant recognizes that these cases applied Florida state law. However, Federal Rule of Evidence 501 states, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Except for Plaintiffs' Lanham Act claims, all of Plaintiffs' claims invoke Florida state laws and thus this Court should apply Florida state law with respect to Defendants privacy rights relating to its financial records.

redacted bank statements that show how often, where and when these payments were received. RLT has agreed to produce all relevant, nonprivileged, information related to Plaintiffs' claims. Plaintiffs cannot demonstrate how RLT's bank records, including transactions with unrelated individuals and entities are relevant to this matter.

Accordingly, since the only potentially relevant financial records are payments received by RLT from Wyndham Owners, and since RLT is ready and willing to provide other, less invasive documentation evidencing same, this Court should quash Plaintiffs' subpoena requesting RLT's confidential and privileged financial information. *Maxwell v. Health Center of Lake City, Inc.,* Case. No. 3:05-1056-J-32MCR (M.D. Fla. 6-6-2006) (ordering the defendant to obtain the relevant information from alternative sources, including the Plaintiff). If this Court upholds the subpoenas, Plaintiffs will gain unrestricted access to RLT's confidential business information, net worth, distribution patterns, and/or transactions with unrelated parties, none of which are relevant to this matter. If the requested information is revealed, RLT and its customers will suffer irreparable harm.

In sum, Plaintiffs may potentially be entitled to RLT's financial records reflecting profits received from Wyndham owners, which RLT has already agreed to produce. But, to allow Plaintiffs unfettered access into how the accounts are being managed by producing documents that relate to no issues before this Court would violate the constitutional protection to which RLT and its clients are entitled. Thus, as they are not relevant, the financial privilege under Florida's Constitution must be upheld. Thus, this Court should quash or modify Plaintiffs' subpoena for seeking, protected, confidential financial materials under FRCP 45(c) and FRCP 26(b).

**B.     THIS COURT SHOULD, IN THE ALTERNATIVE TO GRANTING RLT'S REQUEST TO QUASH OR MODIFY PLAINTIFFS' SUBPOENAS, GRANT RLT'S REQUEST FOR A PROTECTIVE ORDER AS GOOD CAUSE EXISTS FOR ITS REQUEST.**

If this Court is not inclined to grant RLT's motion to quash or modify Plaintiffs' subpoenas, RLT moves for a protective order under FRCP 26(c)(1) as these subpoenas seek irrelevant information. *Auto-Owners*, 231 F.R.D. at 429. Under FRCP 26(c)(1), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." When evaluating whether a movant has satisfied his burden of establishing good cause for a protective order, a court should balance the non-moving party's interest in obtaining discovery against the moving party's harm that would result from the discovery. *Farnsworth v. Procter & Gamble*, Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

Parties to a lawsuit "clearly have standing to move for a protective order if the subpoenas seek irrelevant information." *Auto-Owners Ins. Co.*, 231 F.R.D. at 429; *see also Skyline Steel, LLC v. J.D. Fields & Co., Inc.*, 2015 WL 13358183, *2 (M.D. Fla. Nov. 24, 2015) (stating that "Federal Rule of Civil Procedure 26 gives a party standing to challenge discovery requests, including nonparty subpoenas, if the requests seek information that is not relevant, overbroad or can be obtained through another source in a more convenient, less burdensome or less expensive way.").

**i.     The Subpoenas are Subject to FRCP 26(b)**

A subpoena under Fed. R. Civ. P. 45 must comply with the basic rules of discovery. "[T]he scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Kwalwasser*, 2007 WL 9723881 at *1; *see also United States v. Sand Lake Cancer Ctr.*, 2017 WL 10276863, *1 (M.D. Fla. May 18, 2017) (same). Rule 26(b) permits that "[p]arties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense** and proportional to the needs of the case…" (emphasis added). For purposes of Rule 26,

"[t]he term 'relevant' is to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Merlin Petroleum Co., Inc. v. Sarabia*, 2016 WL 9244728, *1 (M.D. Fla.Aug. 4, 2016) *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Accordingly, the Court, "must examine whether [the] request[s] contained in" Plaintiffs' Subpoenas are "overly broad or seek[] irrelevant information under the same standards set forth in Rule 26(b)…" *See Kwalwasser*, 2007 WL 9723881 at *1. For the reasons stated herein, the Subpoenas seek information beyond the scope of Rule 26(b).

### ii.     The Subpoenas Seek Irrelevant Information.

The Subpoenas propound eleven (11) individual requests to third-parties Wells Fargo and Bank of America.   As explained above, none of the requests are relevant to any party's claim or defense. Plaintiffs allege that RLT engaged in a scheme to interfere with Wyndham's contractual relations with its owners. More particularly, Plaintiffs claim that RLT purportedly engaged in false advertising to induce Wyndham owners to retain RLT's services and subsequently instructed Wyndham owners to default on their loans or contractual obligations with Wyndham. Moreover, Wyndham claims that this scheme has caused Wyndham significant monetary losses. Again, RLT's banking records and non-party payment documents will not make these disputed facts more or less likely, nor will it lead to the discovery of any additional admissible evidence other than what RLT has already agreed to produce. None of the requested documents have any bearing or relationship to Plaintiffs' claims or RLT's defenses whatsoever. In fact, some of the requested documents even predate Wyndham's allegations, purported injuries, and RLT's corporate life span.

Furthermore, the requested information in the Subpoenas will cause RLT significant harm as they will reveal RLT's net worth, confidential banking records from RLT's clients, payment

records from RLT's clients who have no connection whatsoever with Wyndham, transactions with third parties or vendors unrelated to this litigation, confidential information from RLT's merchant accounts, and/or financial information with respect to RLT's assets. Simply put, other than showing evidence of deposits or payments from Wyndham owners, which RLT has already agreed to produce, Plaintiffs subpoenas only seek irrelevant and confidential information.

Plaintiffs may argue that RLT 's banking records are discoverable because they may be relevant to their request for punitive damages. However, these records are not discoverable until it becomes apparent to the court that punitive damages can be awarded. *Gallina v. Com. and Indus. Ins.,* 806-CV-1529-T-27EAJ, 2008 WL 3895918, at *1 (M.D. Fla. Aug. 15, 2008)(hold "[u]nless liability for punitive damages is established at trial, the [financial] discovery sought is not relevant").

The specific requests articulated in the Subpoenas and the grounds for their irrelevancy are set forth below:

### 1.     Bank Account Statements

RLT's bank statements will not reveal whether RLT allegedly engaged in false or misleading advertising, deceived Wyndham Owners, interfered with the Timeshare Contracts, or violated FDUTPA in any way. Similarly, such documents do not relate to whether Wyndham's Complaint properly alleges the elements of its claims or if RLT is entitled to rely upon any of the privileges claimed in RLT's Affirmative Defenses. Plaintiffs may be entitled to obtain information from RLT's bank statements with respect to payments received by RLT from Wyndham owners, which RLT has already to produced. Hence, this request is overbroad and irrelevant.

### 2.     Deposit records.

RLT's deposit records will not reveal whether RLT allegedly engaged in false or misleading advertising, deceived Wyndham Owners, interfered with the Timeshare Contracts, or

violated FDUTPA in any way. Similarly, such documents do not relate to whether Wyndham's Complaint properly alleges the elements of its claims or if RLT is entitled to rely upon any of the privileges claimed in RLT's Affirmative Defenses. To the extent this request seeks information that does not relate to payments received by Wyndham owners, RLT seeks a protective order to prevent Plaintiffs from obtaining irrelevant and confidential information from RLT and/or RLT's customers that are not Wyndham owners.

### 3.      Electronic transfer statements.

RLT's electronic transfer statements will not reveal whether RLT allegedly engaged in false or misleading advertising, deceived Wyndham Owners, interfered with the Timeshare Contracts, or violated FDUTPA in any way. Similarly, such documents do not relate to whether Wyndham's Complaint properly alleges the elements of its claims or if RLT is entitled to rely upon any of the privileges claimed in RLT's Affirmative Defenses. This request seeks information about RLT's transactions with third- parties unrelated to this lawsuit and thus it is outside the proportional needs of this case.

### 4.      Copies of deposited checks.

Copies of RLT's deposited checks will not reveal whether RLT allegedly engaged in false or misleading advertising, deceived Wyndham Owners, interfered with the Timeshare Contracts, or violated FDUTPA in any way. Similarly, such documents do not relate to whether Wyndham's Complaint properly alleges the elements of its claims or if RLT is entitled to rely upon any of the privileges claimed in RLT's Affirmative Defenses. This request seeks information about RLT's transactions with third- parties unrelated to this lawsuit, which exceeds the scope of FRCP 26.

### 5.      Copies of cancelled checks.

Copies of RLT's cancelled checks will not reveal whether RLT allegedly engaged in false or misleading advertising, deceived Wyndham Owners, interfered with the Timeshare Contracts,

or violated FDUTPA in any way. Similarly, such documents do not relate to whether Wyndham's Complaint properly alleges the elements of its claims or if RLT is entitled to rely upon any of the privileges claimed in RLT's Affirmative Defenses.

### 6. Copies of cashier's, manager's, or bank checks, traveler's checks, and money orders.

RLT's cashier's, manager's, or bank checks, traveler's checks, and money orders will not reveal whether RLT allegedly engaged in false or misleading advertising, deceived Wyndham Owners, interfered with the Timeshare Contracts, or violated FDUTPA in any way. Similarly, such documents do not relate to whether Wyndham's Complaint properly alleges the elements of its claims or if RLT is entitled to rely upon any of the privileges claimed in RLT's Affirmative Defenses. These documents will not make any disputed fact more or less likely and seek irrelevant information under FRCP 26.

### 7. Account applications and/or opening documents, including but not limited to powers of attorney.

RLT's account applications and/or opening documents, including but not limited to powers of attorney will not reveal whether RLT allegedly engaged in false or misleading advertising, deceived Wyndham Owners, interfered with the Timeshare Contracts, or violated FDUTPA in any way. Similarly, such documents do not relate to whether Wyndham's Complaint properly alleges the elements of its claims or if RLT is entitled to rely upon any of the privileges claimed in RLT's Affirmative Defenses. These documents will not make any disputed fact more or less likely and thus are not relevant or proportional to the needs of this case.

### 8. Signature cards.

RLT's signature cards will not reveal whether RLT allegedly engaged in false or misleading advertising, deceived Wyndham Owners, interfered with the Timeshare Contracts, or violated FDUTPA in any way. Similarly, such documents do not relate to whether Wyndham's

Complaint properly alleges the elements of its claims or if RLT is entitled to rely upon any of the privileges claimed in RLT's Affirmative Defenses. These documents will not make any disputed fact more or less likely and thus are not relevant or proportional to the needs of this case.

**9.     Credit and debit memos.**

RLT's credit and debit memos will not reveal whether RLT allegedly engaged in false or misleading advertising, deceived Wyndham Owners, interfered with the Timeshare Contracts, or violated FDUTPA in any way. Similarly, such documents do not relate to whether Wyndham's Complaint properly alleges the elements of its claims or if RLT is entitled to rely upon any of the privileges claimed in RLT's Affirmative Defenses. This request seeks irrelevant information that exceeds the scope of FRCP 26.

**10.     Form 1099, 1089, or back-up withholding documents.**

RLT's 1099, 1089 or back-up withholding documents will not reveal whether RLT allegedly engaged in false or misleading advertising, deceived Wyndham Owners, interfered with the Timeshare Contracts, or violated FDUTPA in any way. Similarly, such documents do not relate to whether Wyndham's Complaint properly alleges the elements of its claims or if RLT is entitled to rely upon any of the privileges claimed in RLT's Affirmative Defenses. This request seeks irrelevant information with respect to RLT's privileged financial and commercial records that is not discoverable under FRCP 26.

**11.     Customer correspondences files and/or copies of any and all correspondence from or to Resort Legal Team, Inc.**

RLT's customer correspondences files or any correspondence from or to RLT will not reveal whether RLT allegedly engaged in false or misleading advertising, deceived Wyndham Owners, interfered with the Timeshare Contracts, or violated FDUTPA in any way. Similarly, such documents do not relate to whether Wyndham's Complaint properly alleges the elements of its

claims or if RLT is entitled to rely upon any of the privileges claimed in RLT's Affirmative Defenses. The allegations in the complaint do not even suggest that RLT uses its bank accounts to consummate the alleged scheme. As such this request is irrelevant and not proportional to the needs of this case.

Accordingly, the Court should find that each of the eleven (11) requests in the Subpoenas are irrelevant to this case.

> ### iii.     Good Cause Exists to Enter a Protective Order Relieving Wells Fargo and Bank of America of the Obligation to Respond or to Order the Withdrawal of the Subpoenas.

The lack of a legitimate nexus between requested information to the present dispute reveals that the Subpoenas are nothing  more than an attempt to harass RLT and its clients as punishment for RLT's choice to help Wyndham Owners cancel their unwanted timeshares when, in reality, Wyndham itself refuses to help them.   For the reasons articulated herein, the documents sought by the Subpoenas will not provide the Court with any further clarity on any of the claims at issue.

Absent such viable purpose, the burden to RLT to review and file the instant motion, appears to be the only motivation for the Subpoenas, which constitutes sanctionable conduct under Rule 11. In *Auto Owners Ins. Co.*, the Court stated that certain discovery requests were "grossly overbroad and irrelevant" and "[found] good cause to prevent the overbroad discovery on the non-parties' finances and enter[ed] a protective order as to the financial information sought by the subpoenas…" 213 F.R.D. at 430. Consequently, the Court should reach the same result in this matter and should preclude them from discovery in this matter.

As demonstrated, the documents sought by the Subpoenas are not relevant to any claim or defense in this matter. They are, by definition, outside the scope of proper discovery as governed by Fed. R. Civ. P. 26(b). Thus, there exists good cause to enter a protective order relieving Wells

Fargo and Bank of America of any duty to respond to the Subpoenas or, in the alternative, prohibiting to withdraw the Subpoenas.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Counsel for Defendant, Resort Legal Team, Inc. had a meet and confer with counsel for Plaintiff concerning the subject of this Motion and the parties were unable to reach any agreement.

## CONCLUSION

As demonstrated, the documents sought by the Subpoenas are not relevant to any claim or defense in this matter. They are, therefore, outside the scope of proper discovery as defined by Fed. R. Civ. P. 26(b). In addition, the Subpoenas constitute protected and privileged commercial information of RLT and its non-party clients and should be quashed pursuant to FRCP 45. Thus, there exists good cause to quash the Subpoenas or enter a protective order relieving Wells Fargo and Bank of America of any duty to respond to the Subpoenas or, in the alternative, prohibiting service of the Subpoenas in their current form.

DATED this  19th  day of November, 2019.

**FISHER RUSHMER, P.A.**

*/s/ Gene Shipley, Esq*
C. GENE SHIPLEY, ESQ. (FL No. 130028)
390 N. Orange Avenue, Suite 2200
Orlando, FL 32801
Tel:     (407) 843-2111 / Fax: (407) 422-1080
jfisher@fisherlawfirm.com
gshipley@fisherlawfirm.com
*Counsel for Defendant Resort Legal Team, Inc.*

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

*/s/ Jorge L. Alvarez, Esq*

G. MARK ALBRIGHT, ESQ. (NV No. 1394)
JORGE L. ALVAREZ, ESQ. (NV No. 14466)
801 S. Rancho Dr., Ste D-4
Las Vegas, Nevada 89106
Tel:    (702) 384-7111 / Fax: (702) 384-0605
gma@albrightstoddard.com
jalvarez@albrightstoddard.com
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __19th__ day of November, 2019, I electronically filed the

foregoing **DEFENDANT RESORT LEGAL TEAM, INC.'S EMERGENCY MOTION TO**

**QUASH OR, IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER** with the

Clerk of the Court by using the CM/ECF system, which will send electronic notification to all

counsel of record.

Joseph L. Hammons, Esq.
Email: jlhlaw1@bellsouth.net
THE HAMMONS LAW FIRM, P.A.
17 W. Cervantes Street
Pensacola, FL  32501
Telephone:  (850) 434-1068
*Attorney for Defendants, Charles E. Gallagher,*
  *William P. Stewart, Jr., Gallagher-Clifton, LLC*
  *and Timeshare Owners Relief, LLC*

Alfred J. Bennington, Jr., Esq.
bbennington@shutts.com
Shutts & Bowen, LLP
300 S. Orange Ave., Suite 1600
Orlando, FL  32801
Telephone:  (407) 835-6755
*Attorneys for Plaintiffs*

And by electronic mail to:

Charles E. Gallagher
239 Serina Cove
Destin, FL  32541
Email: gallagherclosings@gmail.com
Telephone: (850) 666-0074
*Pro Se Defendant*

*/s/ Cheritta Grey*
An Employee of Albright, Stoddard, Warnick
  & Albright

EXHIBIT 1



GLENNYS ORTEGA RUBIN, ESQ.
PARTNER
Shutts & Bowen LLP
300 S. Orange Ave., Ste 1600
Orlando, FL 32801
PHONE  (407) 835-6755
FAX       (407) 849-7255
EMAIL   grubin@shutts.com

October 30, 2019

Bank of America Corporation
150 North College Street, NC1-028-17-06
Charlotte, NC 28255
ATTN: Records Custodian

c/o C.T. Corporation Systems, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Re:   *Wyndham Vacation Ownership, Inc. et al. v. Resort Legal Team, Inc., et al.,*
        District Court Case No.: 6:19-cv-00476-ORL-31EJK

Dear Sir or Madam:

Please find attached a subpoena duces tecum for the production of documents listed on Schedule A.

These records are requested in the course of a lawsuit against Resort Legal Team, Inc., and others in the U.S. District Court, Middle District of Florida, Orlando Division.

While the subpoena commands you to produce the requested information to us at the location listed on the subpoena on November 22, 2019, **your appearance is not necessary. Please send the requested information on or before November 22, 2019, with the signed affidavit (attached).** We will agree to pay reasonable copying charges associated with making copies to comply with this subpoena. We appreciate your prompt attention to this matter.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

SHUTTS & BOWEN LLP

*/s/ Glennys Ortega Rubin*

GLENNYS ORTEGA RUBIN, ESQ.

Enclosures
ORLDOCS 17254665 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

WYNDHAM VACATION OWNERSHIP, INC., et al.

| | |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 6:19-cv-00476-ORL-31EJK |
| RESORT LEGAL TEAM, INC., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Bank of America Corporation, c/o C. T. Corporation Systems, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A attached.

| Place: Shutts & Bowen, LLP | Date and Time: |
|---|---|
| 300 S. Orange Ave., Ste 1600 Orlando, FL 32801 | 11/22/2019 12:00 pm |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/30/2019

*CLERK OF COURT*

OR

_____          /s/ Glennys Ortega Rubin
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
WYNDHAM VACATION OWNERSHIP, INC., et al. _____ , who issues or requests this subpoena, are:
Glennys Ortega Rubin , grubin@shutts.com, Shutts & Bowen, LLP, 300 S. Orange Ave., Ste 1600, Orlando, FL 32801
(407.423.3200)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:19-cv-00476-ORL-31EJK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____     _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE "A"
## INSTRUCTIONS AND DEFINITION OF TERMS

### A.    Instructions

1.    The documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the paragraphs set forth below.

2.    This Schedule "A" is intended to cover all documents in the possession of the party under subpoena or subject to his/her custody or control, including information in the possession, custody or control of his/her attorneys, accountants, investigators, experts, employees, agents and any other persons employed on his/her behalf, and not merely such information as is known of his/her own personal knowledge.

### B.    Definitions

1.    "Document" or "documents" shall mean the original, or if the original is not in your custody or under your control, a copy thereof; and, in any event, the term includes any non-identical copy or copies which differ from the original for any reason (e.g., draft copy or copy containing notes thereon).   "Document" further means any kind of printed, recorded, written, graphic or photographic matter (including tape recording), however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received, including originals, copies, reproductions, facsimiles, drafts, and including, without limitation:   any writings, letters, telegrams, cables, telex messages, memoranda, correspondences, memoranda or notes of conferences or telephone conversations, reports, notices, studies, lists, work papers, routing slips, inter-office communications to, between or among directors, officers, agents, attorneys, accounts or employees, compilations of data, papers, books, records, accounts, contracts, deeds, leases, agreements, pictures, photographs, transcripts, minutes, tapes, microfilm, computer data files, printouts, vouchers, accounting statements, engineering diagrams, mechanical and electrical recordings, checks, deposit slips, reports and recordings of conversations, interviews, conferences, committee meetings or other meetings; affidavits, statements, summaries, opinions, court pleadings and reports, indices, studies, analyses, forecasts and evaluations; licenses, and agreements; invoices, notebooks, entries, ledgers, journals, books of record, accounts, summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expense accounts, lists, tabulations, data sheets, computer tapes and discs, magnetic tapes, punch cards, computer printouts, data processing input and output, computer files, computer programs, computer program coding sheets, microfilms, microfiche; models, photographs, drawings, sketches, blueprints, objects, and all other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored or produced, including audio and video recordings and computer-stored information, whether or not in printout form, and things similar to any of the foregoing, regardless of their author or origin, however denominated by the person upon whom the request is made.

1

2.      "You", "yours" or any variant thereof refers to the party under subpoena, individually, the said party's agents, employees, servants, contractors, subcontractors or representatives and, unless privileged, attorneys and accountants.

3.      "Defendant" shall mean RESORT LEGAL TEAM, INC., including their agents, employees, accountants, counsel and any other related entity.

### LIST OF DOCUMENTS TO BE PRODUCED

1.      Specifically for all Bank of America accounts belonging to or associated with the following Defendant:

> Resort Legal Team, Inc., a Nevada Corporation
> 9340 W. Martin Ave., Ste 201
> Las Vegas, NV 89148
> NV Business ID: NV20181453530;

Please produce the following categories of documents, stored wither physically or electronically, from the date of January 1, 2013, to present:

    a.  Bank account statements;
    b.  Deposit records;
    c.  Electronic transfer statements;
    d.  Copies of deposited checks;
    e.  Copies of canceled checks;
    f.  Copies of Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders;
    g.  Account applications and/or opening documents, including but not limited to powers of attorney;
    h.  Signature cards;
    i.  Credit and debit memos;
    j.  Form 1099, 1089, or back-up withholding documents; and
    k.  Customer correspondences files and/or copies of any and all correspondence from or to Resort Legal Team, Inc.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**STATE OF** _____
**COUNTY OF** _____

_____ being duly sworn, deposes and says:

1. I am _____ of Bank of America Corporation (herein, "BoA"), which received a federal subpoena for production of documents dated the ____ day of _____, 2019, requesting copies of documents related to certain Defendants in the matter of *Wyndham Vacation Ownership, Inc., et al. v. Resort Legal Team, Inc., et al.*, Case No. 6:19-cv-476-ORL-31EJK. This Affidavit is provided and subscribed in order to certify that the records produced are the business records of the BoA.

2. I am the duly authorized custodian with authority to make this certification on behalf of BoA.

3. To the best of my knowledge, after reasonable inquiry, the records or copies thereof are a complete and accurate copy of the responsive documents requested that are in the possession, custody, or control of BoA.

4. The records or copies produced were made or recorded by the personnel or staff of BoA, or persons acting under their control, in the regular course of business, at the time of the act, transaction, occurrence or event recorded therein, or within a reasonable time thereafter, and that it was the regular course of BoA's business to make such records.

_____

PRINT NAME:_____

Subscribed and sworn to before
me this _____ day of _____, 2019.

_____

Notary Public
My commission expires:

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC., a Delaware corporation; WYNDHAM VACATION RESORTS, INC.; a Delaware corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION, an Oregon Corporation; SHELL VACATIONS, LLC, an Arizona limited liability company; SVC-WEST, LLC, a California limited liability company; SVC-AMERICANA, LLC, an Arizona limited liability company; and SVC-HAWAII, LLC, a Hawaii limited liability company, | CASE NO.: 6:19-cv-00476-ORL-31EJK |
| Plaintiffs, | |
| v. | |
| CHARLES E. GALLAGHER, ESQ., an individual; WILLIAM P. STEWART JR/ a/k/a PAUL STEWART a/k/a BILL STEWART, an individual; GALLAGHER-CLIFTON, LLC a/k/a The Gallagher Firm, a Florida limited liability company; TIMESHARE OWNERS RELIEF, LLC, f/k/a Timeshare Solutions, LLC a Florida limited liability company; and RESORT LEGAL TEAM, INC., a Nevada corporation,; ALLEVIATE CONSULTING LLC f/k/a Timeshare Liquidation Solutions LLC; and CLAYTON ANTHONY GONZALEZ | |
| Defendants. | |

## PLAINTIFFS' NOTICE OF SERVING SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45, Plaintiffs, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL

VACATIONS, LLC, SVC-HAWAII, LLC, SVC-AMERICANA, LLC, and SVC-WEST, LLC (collectively, "Plaintiffs" or "Wyndham"), are serving the attached Subpoena to Produce Documents, Information, or Objects upon:

1.      Bank of America Corporation
        150 North College Street, NC1-028-17-06
        Charlotte, NC 28255

        c/o C. T. Corporation Systems, Registered Agent
        1200 South Pine Island Road
        Plantation, FL 33324

Dated: October 30, 2019

                                        */s/ Alfred J. Bennington, Jr.*
                                        **ALFRED J. BENNINGTON, JR., ESQ.**
                                        Florida Bar No. 0404985
                                        bbennington@shutts.com
                                        **GLENNYS ORTEGA RUBIN, ESQ.**
                                        Florida Bar No. 556361
                                        grubin@shutts.com
                                        **SHUTTS & BOWEN LLP**
                                        300 South Orange Avenue, Suite 1600
                                        Orlando, Florida 32801
                                        Telephone: (407) 835-6755
                                        Facsimile:  (407) 849-7255

                                        and

                                        **DANIEL J. BARSKY, ESQ.**
                                        Florida Bar No. 25713
                                        dbarsky@shutts.com
                                        **SHUTTS & BOWEN LLP**
                                        200 South Biscayne Boulevard, Suite 4100
                                        Miami, Florida 33131
                                        Telephone: (561) 650-8518
                                        Facsimile:  (561) 822-5527

                                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October, 2019, a true and correct copy of

the foregoing has been served via electronic mail to the following CM/ECF Participants and via

U.S. Mail, postage prepaid, to the following non-CM/ECF Participants:

Joseph L. Hammons
Email: jlhlaw1@bellsouth.net
The Hammons Law Firm, P.A.
17 W. Cervantes Street
Pensacola, FL 32501
Telephone: (850) 434-1068

*Attorney for Defendants, William P.*
*Stewart, Jr., Gallagher-Clifton, LLC and*
*Timeshare Owners Relief, LLC*

C. Gene Shipley
Email: jfisher@fisherlawfirm.com
Secondary Email: gshipley@fisherlawfirm.com
Fisher Rushmer, P.A.
390 N. Orange Avenue, Suite 2200
Orlando, FL 32801
Telephone: (407) 843-2111
Facsimile: (407) 422-1080

and

G. Mark Albright, Esq. *(Pro Hace Vice)*
Email: gma@albrightstoddard.com
Albright Stoddard Warnick Albright, PC
801 So. Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Telephone: (702) 384-7111
Facsimile: (702) 384-0605

*Attorneys for Defendant, Resort Legal Team, Inc.*

### NON-ECF PARTICIPANTS

Charles E. Gallagher (PRO SE)
Email: gallagherclosing@gmail.com
239 Serina Cove
Destin, FL 32541
Telephone: 850-666-0074

                                         */s/ Alfred J. Bennington, Jr.*
                                         **ALFRED J. BENNINGTON, JR., ESQ.**

ORLDOCS 17254674 1



GLENNYS ORTEGA RUBIN, ESQ.
PARTNER
Shutts & Bowen LLP
300 S. Orange Ave., Ste 1600
Orlando, FL 32801
PHONE  (407) 835-6755
FAX      (407) 849-7255
EMAIL   grubin@shutts.com

October 30, 2019

Wells Fargo Bank, N.A.
420 Montgomery Street
San Francisco, CA 94163
ATTN: Records Custodian

c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

Re:     *Wyndham Vacation Ownership, Inc. et al. v. Resort Legal Team, Inc., et al.,*
        District Court Case No.: 6:19-cv-00476-ORL-31EJK

Dear Sir or Madam:

Please find attached a subpoena duces tecum for the production of documents listed on Schedule A.

These records are requested in the course of a lawsuit against Resort Legal Team, Inc., and others in the U.S. District Court, Middle District of Florida, Orlando Division.

While the subpoena commands you to produce the requested information to us at the location listed on the subpoena on November 22, 2019, **your appearance is not necessary. Please send the requested information on or before November 22, 2019, with the signed affidavit (attached).**  We will agree to pay reasonable copying charges associated with making copies to comply with this subpoena.  We appreciate your prompt attention to this matter.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

SHUTTS & BOWEN LLP

*/s/ Glennys Ortega Rubin*

GLENNYS ORTEGA RUBIN, ESQ.

Enclosures
ORLDOCS 17258849 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

WYNDHAM VACATION OWNERSHIP, INC., et al.

|  |  |
|---|---|
| _____ Plaintiff | ) ) ) |
| v. | ) Civil Action No. 6:19-cv-00476-ORL-31EJK |
| RESORT LEGAL TEAM, INC., et al. | ) ) |
| _____ Defendant | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Wells Fargo Bank, N.A., c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A attached.

| Place: Shutts & Bowen, LLP<br>300 S. Orange Ave., Ste 1600<br>Orlando, FL 32801 | Date and Time:<br><br>11/22/2019 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/30/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Glennys Ortega Rubin |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
WYNDHAM VACATION OWNERSHIP, INC., et al._____, who issues or requests this subpoena, are:
Glennys Ortega Rubin , Shutts & Bowen, LLP, 300 S. Orange Ave., Ste 1600, Orlando, FL 32801 (407.423.3200)

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   6:19-cv-00476-ORL-31EJK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE "A"
## INSTRUCTIONS AND DEFINITION OF TERMS

**A.**     **Instructions**

1.     The documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the paragraphs set forth below.

2.     This Schedule "A" is intended to cover all documents in the possession of the party under subpoena or subject to his/her custody or control, including information in the possession, custody or control of his/her attorneys, accountants, investigators, experts, employees, agents and any other persons employed on his/her behalf, and not merely such information as is known of his/her own personal knowledge.

**B.**     **Definitions**

1.     "Document" or "documents" shall mean the original, or if the original is not in your custody or under your control, a copy thereof; and, in any event, the term includes any non-identical copy or copies which differ from the original for any reason (e.g., draft copy or copy containing notes thereon).   "Document" further means any kind of printed, recorded, written, graphic or photographic matter (including tape recording), however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received, including originals, copies, reproductions, facsimiles, drafts, and including, without limitation:   any writings, letters, telegrams, cables, telex messages, memoranda, correspondences, memoranda or notes of conferences or telephone conversations, reports, notices, studies, lists, work papers, routing slips, inter-office communications to, between or among directors, officers, agents, attorneys, accounts or employees, compilations of data, papers, books, records, accounts, contracts, deeds, leases, agreements, pictures, photographs, transcripts, minutes, tapes, microfilm, computer data files, printouts, vouchers, accounting statements, engineering diagrams, mechanical and electrical recordings, checks, deposit slips, reports and recordings of conversations, interviews, conferences, committee meetings or other meetings; affidavits, statements, summaries, opinions, court pleadings and reports, indices, studies, analyses, forecasts and evaluations; licenses, and agreements; invoices, notebooks, entries, ledgers, journals, books of record, accounts, summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expense accounts, lists, tabulations, data sheets, computer tapes and discs, magnetic tapes, punch cards, computer printouts, data processing input and output, computer files, computer programs, computer program coding sheets, microfilms, microfiche; models, photographs, drawings, sketches, blueprints, objects, and all other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored or produced, including audio and video recordings and computer-stored information, whether or not in printout form, and things similar to any of the foregoing, regardless of their author or origin, however denominated by the person upon whom the request is made.

1

2.      "You", "yours" or any variant thereof refers to the party under subpoena, individually, the said party's agents, employees, servants, contractors, subcontractors or representatives and, unless privileged, attorneys and accountants.

3.      "Defendant" shall mean RESORT LEGAL TEAM, INC., including their agents, employees, accountants, counsel and any other related entity.

## LIST OF DOCUMENTS TO BE PRODUCED

1.      Specifically for all Wells Fargo accounts belonging to or associated with:

> Resort Legal Team, Inc., a Nevada Corporation
> 9340 W. Martin Ave., Ste 201
> Las Vegas, NV 89148
> NV Business ID: NV20181453530;

Please produce the following categories of documents, stored wither physically or electronically, from the date of January 1, 2013, to present:

   a.   Bank account statements;
   b.   Deposit records;
   c.   Electronic transfer statements;
   d.   Copies of deposited checks;
   e.   Copies of canceled checks;
   f.   Copies of Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders;
   g.   Account applications and/or opening documents, including but not limited to powers of attorney;
   h.   Signature cards;
   i.   Credit and debit memos;
   j.   Form 1099, 1089, or back-up withholding documents; and
   k.   Customer correspondences files and/or copies of any and all correspondence from or to Resort Legal Team, Inc.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**STATE OF** _____
**COUNTY OF** _____

_____ being duly sworn, deposes and says:

1.      I am _____ of Wells Fargo Bank, N.A., (herein, "Wells Fargo"), which received a federal subpoena for production of documents dated the \_\_\_ day of _____, 2019, requesting copies of documents related to certain Defendants in the matter of *Wyndham Vacation Ownership, Inc., et al. v. Resort Legal Team, Inc., et al.*, Case No. 6:19-cv-476-ORL-31EJK. This Affidavit is provided and subscribed in order to certify that the records produced are the business records of the Wells Fargo.

2.      I am the duly authorized custodian with authority to make this certification on behalf of Wells Fargo.

3.      To the best of my knowledge, after reasonable inquiry, the records or copies thereof are a complete and accurate copy of the responsive documents requested that are in the possession, custody, or control of Wells Fargo.

4.      The records or copies produced were made or recorded by the personnel or staff of Wells Fargo, or persons acting under their control, in the regular course of business, at the time of the act, transaction, occurrence or event recorded therein, or within a reasonable time thereafter, and that it was the regular course of Wells Fargo's business to make such records.

_____

PRINT NAME:_____

Subscribed and sworn to before
me this \_\_\_\_ day of _____, 2019.

_____
Notary Public
My commission expires:

3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC., a Delaware corporation; WYNDHAM VACATION RESORTS, INC.; a Delaware corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION, an Oregon Corporation; SHELL VACATIONS, LLC, an Arizona limited liability company; SVC-WEST, LLC, a California limited liability company; SVC-AMERICANA, LLC, an Arizona limited liability company; and SVC-HAWAII, LLC, a Hawaii limited liability company, | CASE NO.: 6:19-cv-00476-ORL-31EJK |

Plaintiffs,

v.

CHARLES E. GALLAGHER, ESQ., an individual; WILLIAM P. STEWART JR/ a/k/a PAUL STEWART a/k/a BILL STEWART, an individual; GALLAGHER-CLIFTON, LLC a/k/a The Gallagher Firm, a Florida limited liability company; TIMESHARE OWNERS RELIEF, LLC, f/k/a Timeshare Solutions, LLC a Florida limited liability company; and RESORT LEGAL TEAM, INC., a Nevada corporation,; ALLEVIATE CONSULTING LLC f/k/a Timeshare Liquidation Solutions LLC; and CLAYTON ANTHONY GONZALEZ

Defendants.

**PLAINTIFFS' NOTICE OF SERVING SUBPOENA TO**
**PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45,

Plaintiffs, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION

RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL

VACATIONS, LLC, SVC-HAWAII, LLC, SVC-AMERICANA, LLC, and SVC-WEST, LLC

(collectively, "Plaintiffs" or "Wyndham"), are serving the attached Subpoena to Produce

Documents, Information, or Objects upon:

    1.    Wells Fargo Bank, N.A.
           420 Montgomery Street
           San Francisco, CA 94163

           c/o Corporation Service Company, Registered Agent
           1201 Hays Street
           Tallahassee, FL 32301-2525

Dated:  October 30, 2019

*/s/ Alfred J. Bennington, Jr.*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

and

**DANIEL J. BARSKY, ESQ.**
Florida Bar No. 25713
dbarsky@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (561) 650-8518
Facsimile:  (561) 822-5527

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of October, 2019, a true and correct copy of the foregoing has been served via electronic mail to the following CM/ECF Participants and via U.S. Mail, postage prepaid, to the following non-CM/ECF Participants:

Joseph L. Hammons
Email: jlhlaw1@bellsouth.net
The Hammons Law Firm, P.A.
17 W. Cervantes Street
Pensacola, FL 32501
Telephone: (850) 434-1068

*Attorney for Defendants, William P. Stewart, Jr., Gallagher-Clifton, LLC and Timeshare Owners Relief, LLC*

C. Gene Shipley
Email: jfisher@fisherlawfirm.com
Secondary Email:
gshipley@fisherlawfirm.com
Fisher Rushmer, P.A.
390 N. Orange Avenue, Suite 2200
Orlando, FL 32801
Telephone: (407) 843-2111
Facsimile: (407) 422-1080

and

G. Mark Albright, Esq. *(Pro Hace Vice)*
Email: gma@albrightstoddard.com
Albright Stoddard Warnick Albright, PC
801 So. Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Telephone: (702) 384-7111
Facsimile: (702) 384-0605

*Attorney for Defendant, Resort Legal Team, Inc.*

## NON-ECF PARTICIPANTS

Charles E. Gallagher (PRO SE)
Email: gallagherclosing@gmail.com
239 Serina Cove
Destin, FL 32541
Telephone: 850-666-0074

/s/ Alfred J. Bennington, Jr.
**ALFRED J. BENNINGTON, JR., ESQ.**

ORLDOCS 17258851 1