UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC.; WHYDHAM VACATION RESORTS, INC.; WYNDHAM RESORT DEVELOPMENT CORPORATION; SHELL VACATIONS, LLC; SVC-WEST, LLC; SVC-AMERICANA, LLG; and SVC-HAWAII, LLC<br><br>           Plaintiffs,<br>v.<br><br>CHARLES E. GALLAGHER; WILLIAM P. STEWART, JR.; GALLAGHER-CLIFTON, LLC; TIMESHARE OWNERS RELIEF, LLC; and RESORT LEGAL TEAM, INC.<br>           Defendants. | Civil Action No.:  6:19-cv-00476-GAP-TBS |

**DEFENDANT RESORT'S LEGAL TEAM'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANT RESORT LEGAL TEAM, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE CERTAIN OF DEFENDANT RESORT LEGAL TEAM, INC.'S**

COMES NOW Defendant, RESORT LEGAL TEAM, INC., (hereinafter " Defendant or RLT") by and through its counsel, and hereby files its Memorandum In Opposition to Plaintiffs' Motion for Leave to File a Reply to Resort Legal Team, Inc.'s Response to Plaintiffs' Motion to Strike filed on November 19, 2019 [Doc. 76], and in support thereof states the following:

### I. INTRODUCTION

On July 1, 2019, Plaintiffs filed their Amended Complaint alleging Lanham Act violations and other claims against RLT. [Doc. 41]. After this Court denied RLT's Motion

Case 6:19-cv-00476-GAP-EJK   Document 83   Filed 12/02/19   Page 2 of 6 PageID 1461

to Dismiss [Doc. 62], RLT filed its Answer to Plaintiffs' Amended Complaint including affirmative defenses. [Doc. 68]. Plaintiffs then moved to strike many of the defenses raised by RLT. [Doc. 70]. RLT responded by filing its Opposition to Plaintiffs' Motion to Strike. [Doc. 74]. Plaintiffs now file a motion for leave to file a reply which actually is just that – a reply merely repeating Plaintiffs' same arguments alleged in their initial Motion to Strike (Doc. 70) without any attempt to explain why a reply is necessary for the resolution of issues presently before this Court.

## II. LEGAL ARGUMENT

### A. Plaintiffs' Motion for Leave Should Be Denied and Stricken for Failure to Comply with Local Rule 3.01(d).

Under the Local Rules of the Middle District of Florida, "No party shall file any reply or further memorandum directed to the motion or response ... unless the Court grants leave." M.D. Fla. Local Rule 3.01(c). A motion requesting leave to file ... a reply or further memorandum shall not exceed three (3) pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise, the proposed motion response, reply, or other paper. *Tardif v. People for Ethical Treatment of Animals*, 2:09-CV-537-FTM-29, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011) (citing M.D. Fla. Local Rule 3.01(d)).[1]

Courts in the Middle District of Florida have ruled that any attempt by the moving party to argue the merits of the proposed reply or otherwise including the proposed argument warrants the striking of the movant's motion for leave pursuant to Rule 3.01(d). *See Nece v. Quicken Loans, Inc.,* 8:16-CV-2605-T-23CPT, 2018 WL 1326885, at *9 (M.D. Fla. Mar. 15,

---

[1] Although Plaintiffs' argument in their Motion for Leave to File a Reply is stated in three (3) pages, the Motion filed is five (5) pages.

2018)(striking motion for leave to file a reply for failure to comply with Local Rule 3.01(d) because moving party rebutted non-moving party's legal position in said motion); *Modis, Inc. v. Beckwith*, 3:07-CV-1125-J-20JRK, 2008 WL 11434460, at *1 (M.D. Fla. Mar. 5, 2008)(denying defendant's motion for leave to amend because in said motion "defendant took the opportunity to reply to the issues raised in [Plaintiff's] Memorandum in Opposition to Defendant's [Amended] Motion to Dismiss without the Court first granting leave to reply."). Similar to the moving parties in *Nece* and *Modis*, Plaintiffs' request for permission to file a reply is nothing more than a thinly veiled argument on the merits, void of any explanation why the court should grant Plaintiffs leave to file a reply.

For instance, Plaintiffs Motion to Strike argues, "RLT has not pled, nor can it plead, that it was personally injured by Wyndham's conduct; rather, RLT's [sic] argues that the *owners* were harmed by Wyndham's conduct." [Doc. 70, pg. 4 of 10]. In their present Motion, Plaintiffs argue, "Notably, RLT's attempt to pass off Wyndham owners' injuries as RLT's injuries, in order to shore up the unclean hands requirements, is unsupported by any authority whatsoever." [Doc. 76, pg. 3 of 5]. In other words, Plaintiffs' improper arguments pled in their Motion for Leave to File a Reply constitute an impermissible second bite at the apple. Indeed, granting Plaintiffs' Motion for Leave would in effect be allowing Plaintiffs yet a third bite at the apple.

### B. A Reply is Unwarranted in the Present Case.

Plaintiffs have failed to articulate a legitimate reason why a reply is warranted. Plaintiffs simply state "RLT's cited case law . . . is distinguishable, and Wyndham should get the chance to address that case authority." [Doc. 76, pg. 3 of 5]. Although Wyndham

presumptively claims RLT's response includes "newly raised arguments," Plaintiffs do not allege, nor can they allege, that RLT's legal arguments are unexpected or that RLT's response contains previously undisclosed evidence. RLT's Opposition to Plaintiffs' Motion to Strike [Doc. 74] only provides legal authority in support of its unclean hands defense and explains how Wyndham's wrongful conduct directly injures both RLT and its clients. [Doc. 74, pg. 3-6]. Thus, RLT did not raise any new or unexpected argument which would warrant an additional reply.[2]

Moreover, Plaintiffs do not attempt to explain how their proposed reply would be necessary to the resolution of Plaintiffs' Motion to Strike. *See Torrence v. Pfizer*, Inc., 607-CV-199-ORL-19KRS, 2007 WL 788368, at *1 (M.D. Fla. Mar. 14, 2007)(denying motion for leave to file a reply because moving party failed to show that the proposed reply was necessary to the resolution of the motion). Plaintiffs simply repeat their same position, that RLT cannot maintain its unclean hands defense, and request this Court permit Plaintiffs to further argue against RLT's "erroneous" position through another five (5) page pleading. This is not the intended purpose of a reply brief pursuant to Local Rule 3.01. *See Promenades Mall (E&A), LLC v. Allstate Ins. Co.,* 208CV475FTM29SPC, 2008 WL 11334927, at *1 (M.D. Fla. Aug. 12, 2008).

WHEREFORE, Defendant, RESORT LEGAL TEAM, INC., respectfully requests this Honorable Court enter an Order (1) denying Plaintiffs' Motion for Leave to File a Reply for failure to show the necessity of further argument for the resolution of Plaintiffs' Motion

---

[2] To the extent this Court is inclined to grant Plaintiffs' Motion to Strike RLT's unclean hands defense for lack of specificity, RLT has requested this Court grant RLT leave to amend its affirmative defenses accordingly. [Doc. 74, pgs. 6, 14].

to Strike, (2) striking Plaintiffs' Motion for Leave as impermissible argument on the merits in violation of Local Rule 3.01(d), and (3) granting any such further relief as this Court deems just and proper.

DATED this 2nd day of December, 2019.

**FISHER RUSHMER, P.A.**

_/C/ GENE SHIPLEY_
C. GENE SHIPLEY, ESQ. (FL No. 130028)
390 N. Orange Avenue, Suite 2200
Orlando, FL 32801
Tel:    (407) 843-2111 / Fax: (407) 422-1080
jfisher@fisherlawfirm.com
gshipley@fisherlawfirm.com
*Local Counsel for Defendant Resort Legal Team, Inc.*

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

*/s/ Jorge L. Alvarez, Esq*
G. MARK ALBRIGHT, ESQ. (NV No. 1394)
JORGE L. ALVAREZ, ESQ. (NV No. 14466)
801 S. Rancho Dr., Ste D-4
Las Vegas, Nevada 89106
Tel:    (702) 384-7111 / Fax: (702) 384-0605
gma@albrightstoddard.com
jalvarez@albrightstoddard.com
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 2nd day of December, 2019, I electronically filed the foregoing **DEFENDANT RESORT'S LEGAL TEAM'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANT RESORT LEGAL TEAM, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE CERTAIN OF DEFENDANT RESORT LEGAL TEAM, INC.'S** with the Clerk of the Court by using the CM/ECF system, which will send electronic notification to all counsel of record.

Joseph L. Hammons, Esq.
Email: jlhlaw1@bellsouth.net
THE HAMMONS LAW FIRM, P.A.
17 W. Cervantes Street
Pensacola, FL 32501
Telephone: (850) 434-1068
*Attorney for Defendants, Charles E. Gallagher,*
 *William P. Stewart, Jr., Gallagher-Clifton, LLC and*
 *Timeshare Owners Relief, LLC*

Alfred J. Bennington, Jr., Esq.
bbennington@shutts.com
Shutts & Bowen, LLP
300 S. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone (407) 835-6755
*Attorneys for Plaintiffs*

And by electronic mail to:

Charles E. Gallagher
239 Serina Cove
Destin, FL 32541
Email: gallagherclosings@gmail.com
Telephone: (850) 666-0074
*Pro Se Defendant*

                  /c/ G<small>ENE</small> S<small>HIPLEY</small>
                 C. GENE SHIPLEY, ESQ. (FL No. 130028)
                 Fisher Rushmer, P.A.
                 390 N. Orange Avenue, Suite 2200
                 Orlando, FL 32801
                 Tel:  (407) 843-2111 / Fax: (407) 422-1080
                 jfisher@fisherlawfirm.com
                 gshipley@fisherlawfirm.com
                 *Local Counsel for Defendant Resort Legal Team, Inc.*