UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:19-cv-00476-Orl-31TBS

WYNDHAM VACATION OWNERSHIP, INC., a Delaware corporation; WYNDHAM VACATION RESORTS, INC.; a Delaware corporation, WYNDHAM RESORT DEVELEOPMENT CORPORATION, an Oregon Corporation, SHELL VACATIONS, LLC, an Arizona limited liability company; SVC-WEST, LLC, a California limited liability company; SVC-AMERICANA, LLC, an Arizona limited liability company; and SVC-HAWAII, LLC, a Hawaii limited liability company,

    Plaintiffs,

v.

CHARLES E. GALLAGHER, ESQ., an Individual; WILLIAM P. STEWART JR. a/k/a PAUL STEWART a/k/a BILL STEWART, an individual; GALLAGHER-CLIFTON, LLC a/k/a The Gallagher Firm, a Florida limited liability company, TIMESHARE OWNERS RELIEF, LLC, f/k/a timeshare Solutions, LLC, a Florida limited liability company, RESORT LEGAL TEAM, INC., a Nevada corporation, ALLEVIATE CONSULTING LLC f/k/a Timeshare Liquidation Solutions LLC, a Missouri limited liability company; and CLAYTON ANTHONY GONZALEZ, an individual,

    Defendants.

_____/

**DEFENDANTS', ALLEVIATE CONSULTING LLC f/k/a TIMESHARE LIQUIDATION SOLUTIONS LLC and CLAYTON ANTHONY GONZALEZ, <u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

18. Defendants are without knowledge as to these allegations and thus denied.

19. Defendants are without knowledge as to these allegations and thus denied.

20. Defendants are without knowledge as to these allegations and this denied.

21. Admitted.

22. Defendants are without knowledge as to these allegations and thus denied.

23. Defendants are without knowledge as to these allegations and thus denied.

24. Admitted.

25. Admitted.

26. Admitted for subject matter jurisdiction only; otherwise, denied.

27. Denied.

28. Defendants are without knowledge as to these allegations and thus denied.

29. Defendants are without knowledge as to these allegations and thus denied.

30. Defendants are without knowledge as to these allegations and thus denied.

31. Defendants are without knowledge as to these allegations and thus denied.

32. Defendants are without knowledge as to these allegations and thus denied.

33. Defendants are without knowledge as to these allegations and thus denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendants are without knowledge as to these allegations and thus denied.

40. Defendants are without knowledge as to the financial arrangement it has with the identified attorneys and thus denied; otherwise, denied.

41. Defendants are without knowledge as to these allegations and thus denied.

42. Defendants are without knowledge as to these allegations and thus denied.

43. Defendants admit that Plaintiffs created an "Ovation" program; Defendants are without knowledge as to the remaining allegations and thus denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendants are without knowledge as to these allegations and thus denied.

50. Defendants are without knowledge as to these allegations and thus denied.

51. Defendants are without knowledge as to these allegations and thus denied.

52. Defendants are without knowledge as to these allegations and thus denied.

53. Defendants are without knowledge as to these allegations and thus denied.

54. Defendants are without knowledge as to these allegations and thus denied.

55. Defendants are without knowledge as to these allegations and thus denied.

56. Defendants are without knowledge as to these allegations and thus denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Defendants are without knowledge as to these allegations and thus denied.

65. Defendants are without knowledge as to these allegations and thus denied.

66. Denied.

67. Admitted that Gallagher-Clifton is not a law firm; Defendants are without knowledge as to the remaining allegations and thus denied.

68. Defendants are without knowledge as to these allegations and thus denied.

69. Defendants are without knowledge as to these allegations and thus denied.

70. Defendants are without knowledge as to these allegations and thus denied.

71. Defendants are without knowledge as to these allegations and thus denied.

72. Defendants are without knowledge as to these allegations and thus denied.

73. Defendants are without knowledge as to these allegations and thus denied.

74. Admitted that Clayton Anthony Gonzalez owns and manages Alleviate Consulting LLC; otherwise, denied.

75. Denied.

76. Defendants are without knowledge as to these allegations and thus denied.

77. Defendants are without knowledge as to these allegations and thus denied.

78. Defendants are without knowledge as to these allegations and thus denied.

79. Defendants are without knowledge as to these allegations and thus denied.

80. Defendants are without knowledge as to these allegations and thus denied.

81. Defendants are without knowledge as to these allegations and thus denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Defendants are without knowledge as to these allegations and thus denied.

88. Defendants are without knowledge as to these allegations and thus denied.

## COUNT I

89. Defendants reallege and incorporate their responses to paragraphs 1 through 78 and 86 through 88 as if fully set forth herein.

90. – 100. Count I is not directed to these Defendants and therefore does not require a response. To the extent, a response is necessary, Defendants are without knowledge as to these allegations and thus denied.

## COUNT II

101. Defendants reallege and incorporate their responses to paragraphs 1 through 75, 79 through 81, and 86 through 88 as if fully set forth herein.

102. - 111. Count II is not directed to these Defendants and therefore does not require a response. To the extent, a response is necessary, Defendants are without knowledge as to these allegations and thus denied.

### COUNT III

112. Defendants reallege and incorporate their responses to paragraphs 1 through 75 and 82 through 88 as if fully set forth herein.

113. Admitted that this purports to be an action brought against these Defendants pursuant to the Lanham Act, 15 U.S.C. sec. 1125(a)(1); denied that Plaintiffs are entitled to any relief against these Defendants.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

### COUNT IV

123. Defendants reallege and incorporate their responses to paragraphs 1 through 122 as if fully set forth herein.

124. - 133. Count IV is not directed to these Defendants and therefore does not require a response. To the extent, a response is necessary, Defendants are without knowledge as to these allegations and thus denied.

### COUNT V

134. Defendants reallege and incorporate their responses to paragraphs 1 through 88 as if fully set forth herein.

135. Admitted that this purports to be an action for tortious interference; denied that Plaintiffs are entitled to any relief against these Defendants.

136. Defendants are without knowledge as to these allegations and thus denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

## COUNT VI

150. Defendants reallege and incorporate their responses to paragraphs 1 through 88 as if fully set forth herein.

151. Admitted that this purports to be an action for civil conspiracy; denied that Plaintiffs are entitled to any relief against these Defendants.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

## COUNT VII

158. Defendants reallege and incorporate their responses to paragraphs 1 through 88 as if fully set forth herein.

159. Admitted that this purports to be an action brought under the Florida's Deceptive and Unfair Trade Practices Act; denied that Plaintiffs are entitled to any relief against these Defendants.

160. – 167.  Count VII does not appear to be directed to these Defendants as there are no specific allegations identifying these Defendants as having engaged in any unfair trade practice.  To the extent a response is necessary, Defendants deny these allegations.

168.  Defendants deny that Plaintiffs are entitled to any relief requested in their "Prayer for Relief."

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state claims upon which relief may be granted as to all counts against these Defendants.

2. The Court lacks personal jurisdiction against these Defendants as it does not have sufficient minimum contacts with Florida.

3. Plaintiffs' claims are barred, in whole or in part, due to their lack of standing as they are not named parties in the subject contracts.

4. Statements attributed to these Defendants are truthful and otherwise made in good faith, and thus not misleading or deceptive.

5. Statements attributed to these Defendants do not disparage Plaintiffs' good and/or services, and do not include Plaintiffs' names or property.

6. Plaintiffs' claims are barred, in whole or in part, under the principles of equity, including unclean hands.

7. Any alleged interference by these Defendants is privileged as it was done in a bona fide exercise of these Defendants' own rights.

8. Plaintiffs' claim for civil conspiracy fails to establish an unlawful act, a lawful act committed by an unlawful means, or an overt action in furtherance of a conspiracy.

9. Plaintiffs' damages, if any, must be reduced and set off by any amounts obtained by subsequent purchasers of the subject timeshares.

10. Plaintiffs have failed to exercise reasonable efforts to minimize or mitigate their damages by delaying or failing to reclaim and resell the subject timeshares, and as such, any monetary damages awarded must be reduced by amounts that Plaintiffs could have collected had they taken reasonable efforts.

11. Plaintiffs' request for treble damages is invalid as it would constitute a penalty, and not just compensation.

12. Plaintiffs' request for attorney's fees under the Lanham Act in this matter is not appropriate as it is not an exceptional case.

## DEMAND FOR JURY TRIAL

The Defendants hereby demands trial by Jury on all issues so triable.

NeJame Law, P.A. By:

*s/ Richard W. Smith*
Richard W. Smith, Esq.
Florida Bar No. 13943
189 S. Orange Avenue
Suite 1800
Orlando, Florida 32801
Telephone: (407) 500-0000
Facsimile: (407) 802-1641
civilservice@nejamelaw.com
richard@nejamelaw.com
darlene@nejamelaw.com

## CERTIFICATE OF SERVICE

I, Richard W. Smith, Esquire, certify that on December 4, 2019, I e-filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send this filing to all CM/ECF participants.

*s/ Richard W. Smith*
Attorney for Defendants, Alleviate Consulting and Clayton Gonzalez