UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP, INC.; WHYDHAM VACATION RESORTS, INC.; WYNDHAM RESORT DEVELOPMENT CORPORATION; SHELL VACATIONS, LLC; SVC-WEST, LLC; SVC-AMERICANA, LLG; and SVC-HAWAII, LLC,

    Plaintiffs,

v.           **Case No.: 6:19-cv-476-Orl-31EJK**

CHARLES E. GALLAGHER; WILLIAM P. STEWART, JR.; GALLAGHER-CLIFTON, LLC; TIMESHARE OWNERS RELIEF, LLC; RESORT LEGAL TEAM, INC.; ALLEVIATE CONSULTING LLC; and CLAYTON ANTHONY GONZALEZ,

    Defendants.

## DEFENDANTS ALLEVIATE CONSULTING LLC AND CLAYTON ANTHONY GONZALEZ'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

COME NOW Defendants, ALLEVIATE CONSULTING LLC and CLAYTON ANTHONY GONZALEZ, (hereinafter "Defendants") by and through undersigned counsel, and hereby file their Response to Plaintiffs' Motion to Strike Affirmative Defenses [Doc. 1] filed on December 26, 2019, as follows:

## **MEMORANDUM OF LAW IN OPPOSITION**

**I.      LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted). "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Id.* at 576 (quoting *Scelta v. Delicatessen Support Servs, Inc.*, 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999) (quoting *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997))).

Although "an affirmative defense may be stricken if it is legally insufficient, . . . striking a defense is a drastic remedy, which is disfavored by the courts." *See Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted). *See also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (stating that motions to strike are not favored and are often considered "time wasters"). 'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.' *Adams*, 2011 WL 2938467, at *1 (citation omitted). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id.* (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla.

1995) (citation omitted). Moreover, "'[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove.'" *Id.* (citation omitted).

"It is rare that a party will allege every fact at their disposal at the pleading stage and the purpose of discovery is to ascertain the full panoply of facts. On a motion to strike, the only issue is whether Rule 8 pleading requirements have been satisfied and that the defense otherwise is a proper one." *See Larson v. Correct Craft, Inc.*, 2005 U.S. Dist. LEXIS 44019, *8 (M.D. Fla. Aug. 8, 2005).

## II.     Response As to Each Defense/Affirmative Defense Sought to be Striken

### A.     Defendants' Second Affirmative Defense – Lack of Personal Jurisdiction under Florida's Long Arm Statute

Plaintiffs move to strike Defendants' Second Affirmative Defense which asserts that there is not personal jurisdiction as the Defendant do not have sufficient minimum contacts with Florida.  As its main argument to this affirmative defense, Plaintiffs argue that it has alleged sufficient factual allegations in its Amended Complaint to establish the necessary factors and elements to prove personal jurisdiction under Florida's Long Arm Statute. Specifically, Plaintiffs allege that Defendants engaged in solicitation within the state and cite to its Amended Complaint, ¶¶ 34-36, to establish the sufficient ties to satisfy the requirements of Florida's Long Arm Statute.  [See Doc. 91, pp. 4-5].  Plaintiff readily acknowledges that personal jurisdiction is proper when asserted as an affirmative defense.  See Fed.R.Civ.P 12(b)(2).  While it may also be asserted through a responsive motion, it is clearly not required. Indeed, here Defendants deny the factual allegations relied upon by the Plaintiffs to argue that they have established personal jurisdiction.  [See Denials by Defendants in their Answer, ¶¶

3

34-36, Doc. 85]. This is not a motion to dismiss for a pleading deficiency and thus the Court need not accept the allegation as true – indeed, the Defendants denied those allegations. Rather, this is a highly factual matter which will be fleshed out in discovery and addressed at the proper time. Plaintiffs seek to have this issue adjudicated on its merits through a motion to strike. As such, the motion to strike this affirmative defense should be denied.

### B. Defendants' Third & Fifth Affirmative Defense – Lack of Standing and Causation

Plaintiffs argue that these defenses/affirmative defenses should be striken as the Court has already considered and rejected these arguments. Specifically, the Plaintiffs rely upon this Court's Order [Doc. 62, p. 13] which dealt with three Motions to Dismiss. The Court was asked, in part, to rule upon whether the Plaintiffs had alleged sufficient facts of causation and whether certain advertisement at issue constitute commercial advertising or promotion. While the Court ruled that, at the pleading stage, the Plaintiffs alleged sufficient facts to state a cause of action, it does not appear that the Court was asked to determine any standing.

To establish standing for a false advertising claim under the Lanham Act, the aggrieved party must demonstrate (1) a reasonable interest to be protected or protected zone of interest against the advertiser's false or misleading claims, and (2) a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising; the likelihood of injury and causation will not be presumed, but must be demonstrated in some manner. Lanham Act, § 43(a), 15 U.S.C.A. § 1125(a). *See e.g. Pearson Educ., Inc. v. Boundless Learning, Inc.*, 919 F. Supp. 2d 434 (S.D. N.Y. 2013). *See also* Lanham Act, *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697 (4th Cir. 2016) (noting that on a false advertising claim under the Lanham Act, the inquiry is whether the alleged acts of unfair competition fall within the

Lanham Act's protected zone of interests, and if so, did the plaintiff plead proximate causation of a cognizable injury).

Plaintiffs ignore that to the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficiently pled to survive a motion to strike, particularly when there is no showing of prejudice to the movant and the motion to strike relies on disputed facts. *See Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D. Fla. 1995)  Since Defendants' Third and Fifth affirmative defenses challenge Plaintiffs' ability to show and/or prove proximate causation, an essential element of Plaintiff's Lanham Act claims, these defenses are legally sufficient and should not be stricken at this stage. *Lexmark Intern., Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 140 (2014) (holding to plead cause of action under the Lanham Act's cause of action for false advertising, a plaintiff demonstrate an injury has been sustained to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations).

### C. Defendants' Sixth Affirmative Defense – Unclean Hands

The doctrine of unclean hands is a proper defense when a plaintiff seeks equitable relief, such as an injunction. *See generally McGlothan v. Walmart Stores, Inc.*, 2006 U.S. Dist. LEXIS 39208, *7 (M.D. Fla. June 14, 2006).

Here, Plaintiffs allege injunctive relief would be appropriate for their tortious interference claims as Plaintiffs do not have an adequate remedy at law.  Plaintiffs allege that a permanent injunction should be ordered against Defendants with respect to their Lanham Act and FDTPA claims precluding Defendants from soliciting Plaintiffs' clients.  In other words, Plaintiffs affirmatively seek preliminary and permanent injunctive relief and yet argue that any

wrongdoing on their part to damage Defendants or its clients is not relevant, which ignores caselaw that requires Plaintiffs to show they have clean hands to obtain the equitable relief they seek. *See e.g. Pinion v. Dow Chemical*, 928 F.2d 1522, 1537 (11th Cir.1991) (the defense of unclean hands requires that a plaintiff, "who comes into equity must come with clean hands.").

In addition, Plaintiff argues that the unclean hands defense does not apply because Plaintiffs' wrongful conduct — inducing individuals to purchase timeshares through fraudulent and deceptive trade practices — (1) does not directly relate to Plaintiffs' claims in this action and (2) Defendants were not personally injured by Plaintiffs' wrongful conduct. However, Plaintiffs' wrongful conduct towards the Timeshare Exit industry in general, including Defendants and its customers, justifies Defendants' ability to raise the affirmative defense of unclean hands.

It is well established that a Plaintiff seeking equitable relief under the Lanham Act, must not himself be guilty of false advertising. In *Inmuno Vital, Inc. v. Golden Sun, Inc*, the court noted:

> [W]hen the owner of a trade-mark applies for an injunction to restrain the defendant from injuring his property by making false representations to the public, it **is essential that the plaintiff should not in his trade-mark, or in his advertisements and business, be himself guilty of any false or misleading representations; that if the plaintiff makes any material false statement in connection with the property which he seeks to protect**, he loses the right to claim the assistance of a court of equity.

49 F. Supp. 2d 1344, 1358 (S.D. Fla. 1997) (citing *Worden & Co. v. California Fig Syrup Co.*, 187 U.S. 516, 528, 23 S.Ct. 161, 47 L.Ed. 282 (1903)). Consequently, and especially where Defendants and others raise a good faith defense of unclean hands, Plaintiffs must show that

6

they are not guilty of engaging in false advertising themselves in order to prevail in a Lanham Act claim for false advertising. Defendants must be allowed to assert the defense of unclean hands with respect to Plaintiffs' false advertising, which would legally prevent Plaintiffs from seeking equitable relief under the Lanham Act.

### B. Defendants' Remaining Relevant Defenses/Affirmative Defense

Plaintiffs attack Defendants' Seventh Affirmative Defense relating to litigation privilege. After further investigation as to the facts specific to these Defendants, Defendants respectfully withdraw this affirmative defense.

Undersigned agrees that the Eighth, Eleventh, and Twelfth "Affirmative Defenses" are simply defenses to the elements of claims or damages and thus do not constitute actual affirmative defenses. As such, Defendants withdraw these defenses with the understanding that Plaintiffs are on notice such arguments may be made during the course of this litigation.

### CONCLUSION

WHEREFORE, Defendants Alleviate Consulting LLC and Clayton Anthony Gonzalez respectfully request that this Honorable Court to enter its order denying Plaintiffs' Motion to Strike (and allow the withdrawal of certain defenses and affirmative defenses as set forth above).

DATED this 14th day of January, 2020.

/s/ Richard W. Smith
RICHARD W. SMITH, ESQUIRE
Florida Bar No.: 0013943
NeJame Law, P.A.
189 S. Orange Avenue, Suite 1800

>Orlando, Florida 32801
>Telephone: (407) 500-0000
>civilservice@nejamelaw.com
>richard@nejamelaw.com
>darlene@nejamelaw.com
>Attorney for Defendants, Alleviate
>& Gonzalez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January, 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF, which will serve notice of electronic filing to all counsel of record who have made an appearance.

>/s/ Richard W. Smith
>RICHARD W. SMITH, ESQUIRE
>Florida Bar No.: 0013943
>NeJame Law, P.A.
>189 S. Orange Avenue, Suite 1800
>Orlando, Florida 32801
>Telephone: (407) 500-0000
>civilservice@nejamelaw.com
>richard@nejamelaw.com
>darlene@nejamelaw.com
>Attorney for Defendants Alleviate Consulting
>LLC and Clayton Anthony Gonzalez