UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL VACATIONS, LLC, SVC-WEST, LLC, SVC-AMERICANA, LLC and SVC-HAWAII, LLC,**

      **Plaintiffs,**

v.                                            Case No:   6:19-cv-476-Orl-31EJK

**CHARLES E. GALLAGHER, WILLIAM P. STEWART, JR , GALLAGHER-CLIFTON, LLC, TIMESHARE OWNERS RELIEF, LLC, RESORT LEGAL TEAM, INC., ALLEVIATE CONSULTING LLC, CLAYTON ANTHONY GONZALEZ, TRADEBLOC INC, LISA TREVINO and ALBERT TREVINO,**

      **Defendants.**
_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Amended Motion for Entry of Clerk's Default (the "Motion"), filed July 15, 2020. (Doc. 146.) Therein, Plaintiffs request the entry of Clerk's default as to Defendant Tradebloc, Inc. ("Tradebloc"). (*Id.*) For the reasons set forth below, the Motion is due to be granted.

    **I.    BACKGROUND**

Plaintiffs added Tradebloc as a Defendant in this action on June 11, 2020. (Second Am. Compl., Doc. 125.) Plaintiffs served Tradebloc by leaving a copy of the summons and the Second

Amended Complaint with Brad Wilson at 5900 Balcones Dr., Suite 100, Austin, TX 78731, on June 18, 2020. (Doc. 142.) The Affidavit of Service indicates that Brad Wilson is the CSR[1] for Registered Agents, Inc., the entity designated by law to accept service of process on behalf of Tradebloc. (*Id.*)

Plaintiffs originally applied for entry of Clerk's default as to Tradebloc on July 13, 2020. (Doc. 144.) The Court denied the motion by endorsed order, because Plaintiffs did not "provide[] sufficient information . . . to verify the identity of Tradebloc's registered agent and whether that agent was properly served." (Doc. 145.) In the instant Motion, Plaintiffs include a screenshot of Tradebloc's "Business Organizations Inquiry" on the Texas Secretary of State's website. (Doc. 146-1.)

## II.  LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.  DISCUSSION

Tradebloc has not responded to Plaintiffs' Second Amended Complaint or otherwise appeared, and the time to do so has expired. Fed. R. Civ. P. 12(a) (providing that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons

---

[1] Neither the Motion nor the Affidavit of Service explains what "CSR" is supposed to designate. (*See generally* Docs. 142, 146.)

and the complaint). The Court must now determine whether Plaintiffs perfected service on Tradebloc.

Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). According to Texas public records, Registered Agents, Inc., is the registered agent for Tradebloc, with a listed address of 5900 Balcones Drive, Suite 100, Austin, TX 78731. (Doc. 146-1.) Therefore, pursuant to Rule 4(h)(1)(B), Registered Agents, Inc., can receive service of process on behalf of Tradebloc.

In the Motion, Plaintiffs explain that Brad Wilson is the CSR for Registered Agents, Inc., i.e., an individual who is designated by law to receive service of process on behalf of Tradebloc. (Doc. 146, ¶ 7.) The process server, under penalty of perjury, also stated in the Affidavit of Service that Brad Wilson was authorized to receive service of process on behalf of Tradebloc. (Doc. 142.) As such, the Court finds that Plaintiffs perfected service of process on Tradebloc by leaving a copy of the summons and Second Amended Complaint with Brad Wilson.

## IV.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that the Motion (Doc. 146) is **GRANTED**. The Clerk is directed to enter a default as to Defendant Tradebloc, Inc.

**DONE** and **ORDERED** in Orlando, Florida on July 16, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties