UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP, INC.
WYNDHAM VACATION RESORTS, INC.;
WYNDHAM RESORT DEVELOPMENT
CORPORATION; SHELL VACATIONS, LLC;
SVC-WEST, LLC; SVC-AMERICANA, LLG;
SVC-HAWAII, LLC,

CASE NO.: 6:19-cv-476-GAP-EJK

      Plaintiffs,

v.

CHARLES E. GALLAGHER; WILLIAM P.
STEWART, JR. a/k/a PAUL STEWART a/k/a
BILL STEWART; GALLAGHER-CLIFTON, LLC
a/k/a THE GALLAGHER FIRM; TIMESHARE
OWNERS RELIEF, LLC f/k/a TIMESHARE
SOLUTIONS, LLC; RESORT LEGAL TEAM,
INC.; ALLEVIATE CONSULTING, LLC f/k/a
TIMESHARE LIQUIDATION SOLUTIONS,
LLC; and CLAYTON ANTHONY GONZALEZ.

      Defendants.

_____/

## DEFENDANTS', ALLEVIATE CONSULTING, LLC, F/K/A TIMESHARE LIQUIDATION SOLUTIONS, LLC AND CLAYTON ANTHONY GONZALEZ, AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

      Defendants, ALLEVIATE CONSULTING, LLC, f/k/a TIMESHARE LIQUIDATION

SOLUTIONS, LLC (hereinafter "ALLEVIATE") and CLAYTON ANTHONY GONZALEZ

(hereinafter "GONZALEZ") (collectively ALLEVIATE and GONZALEZ be known as

"ALLEVIATE CONSULTING"), by and through their undersigned counsel and pursuant to

all applicable rules of the Federal Rules of Civil Procedure, hereby files their Amended

Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint, and would

state as follows:

A. **Introduction**

1.  ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

2.  ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

3.  ALLEVIATE CONSULTING denies the allegations contained in Paragraph 3 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

4.  ALLEVIATE CONSULTING denies the allegations contained in Paragraph 4 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

5.  ALLEVIATE CONSULTING denies the allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

6.  ALLEVIATE CONSULTING denies the allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

7.  ALLEVIATE CONSULTING denies the allegations contained in Paragraph 7 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

8.  ALLEVIATE CONSULTING denies the allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

9.  ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

LEGAL/131499094.v1

10. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

11. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

**B. Parties, Jurisdiction and Venue**

  **i. The Plaintiffs**

12. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

13. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

14. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

15. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

16. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

LEGAL/131499094.v1

17. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

18. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

19. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 19 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

### ii.   **The Defendants**

20. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

21. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

22. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 22 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

23. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 23 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

24. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 25 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

25. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 25 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

26. ALLEVIATE CONSULTING admits Paragraph 26 of Plaintiffs' Second Amended Complaint for jurisdictional and venue purposes only.

27. ALLEVIATE CONSULTING admits Paragraph 27 of Plaintiffs' Second Amended Complaint for jurisdictional and venue purposes only.

28. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 28 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

29. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 29 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

### iii.  Subject Matter Jurisdiction

30. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 30 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

### iv.  Personal Jurisdiction

31. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 31 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

LEGAL/131499094.v1

32. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 32 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

33. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 33 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

34. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 34 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

35. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 35 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

36. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 36 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

37. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 37 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

38. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 38 of Plaintiffs' Second Amended Complaint and therefore denies same and demands strict proof thereof.

39. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 39 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

6

40. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 40 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

41. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 41 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

42. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 42 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

43. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 43 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

44. ALLEVIATE CONSULTING denies there was a conspiracy between ALLEVIATE CONSULTING and Tradebloc.  ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 44 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

45. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 45 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

### v.  **Venue**

46. ALLEVIATE CONSULTING denies there is direct substantial activity in the Middle District of Florida.  ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 46 of Plaintiffs'

LEGAL/131499094.v1

Second Amended Complaint and therefore, denies same and demands strict proof thereof.

### vi.  Conditions Precedent, Attorney's Fees

47. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

48. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 48 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

### C.  Wyndham's Timeshare Business

49. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 49 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

50. ALLEVIATE CONSULTING denies that WVR, WRDC, SV, SVC-WEST, SVC-AMERICANA and SVC-HAWAII entered into valid and binding timeshare contracts with all individuals who thereby become WYNDHAM owners and demand strict proof thereof. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 50 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

51. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 51 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

### D.  Defendants' Scheme

LEGAL/131499094.v1

52. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 52 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

53. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 53 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

54. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 54 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

55. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 55 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

### i.  <u>The Marketing Companies</u>

56. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 56 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

57. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 57 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

58. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 58 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

59. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 59 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

60. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 60 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

LEGAL/131499094.v1

61. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 61 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

62. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 62 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

63. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 63 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

64. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 64 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

65. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 65 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

66. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 66 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

67. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 67 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

68. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 68 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

69. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 69 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

70. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 70 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

71. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 71 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

### ii. __The Fake Law Firm__

72. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 72 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

73. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 73 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

74. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 74 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

75. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 75 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

76. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 76 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

77. ALLEVIATE CONSULTING denies Paragraph 77 of Plaintiffs' Second Amended Complaint to the extent it applies to ALLEVIATE CONSULTING.  Otherwise, ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the

remaining allegations contained in Paragraph 77 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

78. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 78 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

### iii.  The Fake Credit Repair Agency

79. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 79 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

80. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 80 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

81. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 81 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

82. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 82 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

83. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 83 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

84. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 84 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

85. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 85 of Plaintiffs' Second Amended Complaint to the extent said Paragraph applies to ALLEVIATE CONSULTING.  Otherwise, ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 85 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

86. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 86 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

87. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 87 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

88. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 88 of Plaintiffs' Second Amended Complaint to the extent said Paragraph is being applied to ALLEVIATE CONSULTING.  Otherwise, ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 88 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

89. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 89 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

LEGAL/131499094.v1

90. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 90 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

91. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 91 of Plaintiffs' Second Amended Complaint to the extent said allegations are directed to ALLEVIATE CONSULTING.  Otherwise, ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 91 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

92. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 92 of Plaintiffs' Second Amended Complaint to the extent said Paragraph is applicable to ALLEVIATE CONSULTING.  Otherwise, ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 92 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

93. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 93 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

94. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 94 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

95. ALLEVIATE CONSULTING denies alleged duping of Wyndham owners. ALLEVIATE CONSULTING denies the remaining allegations contained in Paragraph 95 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

LEGAL/131499094.v1

96. ALLEVIATE CONSULTING denies Paragraph 96 of Plaintiffs' Second Amended Complaint to the extent said allegations are directed to ALLEVIATE CONSULTING.

97. ALLEVIATE CONSULTING denies Paragraph 97 of Plaintiffs' Second Amended Complaint to the extent said allegations are directed to ALLEVIATE CONSULTING.

98. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 98 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

99. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 99 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

100. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny whom TRADEBLOC works as phrased with other than ALLEVIATE. ALLEVIATE CONSULTING denies that TRADEBLOC "works with", ALLEVIATE and demands strict proof thereof.

101. ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 101 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

102. ALLEVIATE CONSULTING denies the allegations contained in Paragraph 102 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

LEGAL/131499094.v1

103.   ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 103 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

104.   ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 104 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

**E.  Defendants' False and Misleading Advertising**

105.   ALLEVIATE CONSULTING denies Paragraph 105 of Plaintiffs' Second Amended Complaint to the extent said Paragraph is being directed to ALLEVIATE CONSULTING.  Otherwise, ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 105 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

**i.  Timeshare Owners Relief's Advertisements**

106.   ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 106 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

107.   ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 107 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

108.   ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 108 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

**ii.  Resort Legal Team's Advertisements**

LEGAL/131499094.v1

109.   ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 109 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

110.   ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 110 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

111.   ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 111 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

### iii.   The Alleviate False Advertisements

112.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 112 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

113.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 113 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

114.   a-d.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 114 a-d of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

115.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 115 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

### iv.   The False and Misleading Advertisements Deceive Consumers

116.   ALLEVIATE CONSULTING denies Paragraph 116 of Plaintiffs' Second Amended Complaint to the extent said allegation is directed at ALLEVIATE CONSULTING and therefore, denies same and demands strict proof thereof.

LEGAL/131499094.v1

117.    ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 117 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

118.    ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 118 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

## COUNT I
### Violation of the Lanham Act, 15 U.S.C. §1125(a)(1)
### (Against Timeshare Owners Relief and Stewart)

119.    ALLEVIATE CONSULTING reasserts and re-avers its answers to Paragraphs 1-118 as if fully set forth herein.

120-130.  The allegations set forth in Paragraphs 120 through 130 of Plaintiffs' Second Amended Complaint are not directed to ALLEVIATE or CLAYTON GONZALEZ and therefore these Defendants will not be responding to these allegations.  However, to the extent that any specific allegation is directed to ALLEVIATE CONSULTING then each party would deny same and demand strict proof thereof.

## COUNT II
### Violation of the Lanham Act, 15 U.S.C. §1125(a)(1)
### (Against Resort Legal Team and the Trevinos)

131.    ALLEVIATE CONSULTING reasserts and re-avers its answers to Paragraphs 1-118 as if fully set forth herein.

132-141.  The allegations set forth in Paragraphs 132 through 141 of Plaintiffs' Second Amended Complaint are not directed to ALLEVIATE or CLAYTON GONZALEZ and therefore these Defendants will not be responding to these allegations.  However, to

LEGAL/131499094.v1

the extent that any specific allegation is directed to ALLEVIATE CONSULTING then each party would deny same and demand strict proof thereof.

## COUNT III
### Violation of the Lanham Act, 15 U.S.C. §1125(a)(1)
### (Against Alleviate and Gonzalez)

142.   ALLEVIATE CONSULTING reasserts and re-avers its answers to Paragraphs 1-118 as if fully set forth herein.

143.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 143 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

144.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 144 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

145.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 145 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

146.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 146 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

147.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 147 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

148.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 148 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

149.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 149 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

150.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 150 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

LEGAL/131499094.v1

151.     ALLEVIATE CONSULTING denies the allegations contained in Paragraph 151 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

152.     ALLEVIATE CONSULTING denies the allegations contained in Paragraph 152 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

## COUNT IV
### Contributory False Advertising in Violation of 15 U.S.C.§1125(a)(1)

153.     ALLEVIATE CONSULTING reasserts and re-avers its answers to Paragraphs 1-118 and 119-152 as if fully set forth herein.

154-163.   The allegations set forth in Paragraphs 154 through 163 of Plaintiffs' Second Amended Complaint are not directed to ALLEVIATE or CLAYTON GONZALEZ and therefore these Defendants will not be responding to these allegations.  However, to the extent that any specific allegation is directed to ALLEVIATE CONSULTING then each party would deny same and demand strict proof thereof.

## COUNT V
### Contributory False Advertising in Violation of 15 U.S.C. §1125(a)(1)
### (Against Tradebloc)

164.     ALLEVIATE CONSULTING reasserts and re-avers its answers to Paragraphs 1-118 and 119-152 as if fully set forth herein.

165-175.   The allegations set forth in Paragraphs 165 through 175 of Plaintiffs' Second Amended Complaint are not directed to ALLEVIATE or CLAYTON GONZALEZ and therefore these Defendants will not be responding to these allegations.  However, to the extent that any specific allegation is directed to ALLEVIATE CONSULTING then each party would deny same and demand strict proof thereof.

## COUNT VI
### Tortious Interference with Contractual Relations
### (Against All Defendants)

LEGAL/131499094.v1

176.   ALLEVIATE CONSULTING reasserts and re-avers its answers to Paragraphs 1-118 as if fully set forth herein.

177.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 177 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

178.   ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 178 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

179.   ALLEVIATE CONSULTING admits that it would have actual, constructive and/or specific knowledge of the contractual relationship between Wyndham and the Wyndham Owners to the extent Wyndham Owners solicited ALLEVIATE CONSULTING. ALLEVIATE CONSULTING denies the remaining allegations contained in Paragraph 179 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

180.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 180 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

181.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 181 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

182.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 182 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

183.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 183 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

184.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 184 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

21

185.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 185 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

186.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 186 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

187.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 187 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

188.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 188 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

189.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 189 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

190.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 190 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

191.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 191 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

192.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 192 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

193.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 193 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

## <u>COUNT VII</u>
**Civil Conspiracy to Commit Tortious Interference with Contractual Relations (Against All Defendants)**

194.    ALLEVIATE CONSULTING reasserts and re-avers its answers to Paragraphs 1-118 as if fully set forth herein.

LEGAL/131499094.v1

195.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 195 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

196.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 196 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

197.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 197 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

198.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 198 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

199.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 199 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

200.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 200 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

201.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 201 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

202.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 202 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

203.    ALLEVIATE CONSULTING denies the allegations contained in Paragraph 203 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

**<u>COUNT VIII</u>**
**Violation of Florida's Deceptive and Unfair Trade Practices Act-**
**Injunctive Relief Only**
**(Against All Defendants)**

204.    ALLEVIATE CONSULTING reasserts and re-avers its answers to Paragraphs 1-118 as if fully set forth herein.

205.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 205 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

206.   ALLEVIATE CONSULTING denies a scheme and demands strict proof thereof.   ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 206 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

207.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 207 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

208.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 208 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

209.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 209 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

210.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 210 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

211.   ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 211 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

212.   ALLEVIATE CONSULTING denies that it was involved in a scheme as alleged in Paragraph 212.  ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 212 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof.

LEGAL/131499094.v1

213.   ALLEVIATE CONSULTING denies Paragraph 213 of Plaintiffs' Second Amended Complaint to the extent said Paragraph implicates the conduct and/or participation of ALLEVIATE CONSULTING.  Otherwise, ALLEVIATE CONSULTING is without sufficient knowledge to either admit or deny the Remaining allegations contained in Paragraph 213 of Plaintiffs' Second Amended Complaint and therefore, denies same and demands strict proof thereof. and demands strict proof thereof.

214.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 214 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

215.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 215 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

216.   ALLEVIATE CONSULTING denies the allegations contained in Paragraph 216 of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

217.   Any allegation not specifically admitted herein is denied and strict proof is demanded thereof.

## **AFFIRMATIVE DEFENSES**

1.  ALLEVIATE CONSULTING affirmatively avers Plaintiffs have failed to state claims upon which relief may be granted as to all counts against ALLEVIATE CONSULTING.

2.  ALLEVIATE CONSULTING affirmatively avers the Court lacks personal jurisdiction against ALLEVIATE CONSULTING as it does not have sufficient minimum contacts with the State of Florida.

LEGAL/131499094.v1

3.   ALLEVIATE CONSULTING affirmatively avers that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' lack of standing as they are not named parties in the subject contracts.

4.   ALLEVIATE CONSULTING affirmatively avers that the statements attributable to these Defendants are truthful and otherwise made in good faith, and thus not misleading or deceptive.

5.   ALLEVIATE CONSULTING affirmatively avers that the statement attributable to ALLEVIATE CONSULTING do not disparage Plaintiffs' goods and/or services and do not include Plaintiffs' name or property.

6.   ALLEVIATE CONSULTING affirmatively avers that any alleged interference by ALLEVIATE CONSULTING is privileged as it was done in a bona fide exercise of these Defendants' own rights.

7.   ALLEVIATE CONSULTING affirmatively avers that Plaintiffs' damages, if any, must be reduced and set off by any amounts obtained by subsequent purchases of the subject timeshare.

8.   ALLEVIATE CONSULTING affirmatively avers that Plaintiffs' damages, if any, must be reduced and set off by any amount obtained through rental of each timeshare unit for a given unit owned by those individual units involved in the alleged tortious interference.

9.   ALLEVIATE CONSULTING affirmatively avers that Plaintiffs have failed to exercise reasonably efforts to minimize or mitigate their damages by delaying or failing to reclaim, resell or rent the subject timeshares, and as such, any monetary damages

26

awarded must be reduced by amounts that Plaintiffs' could have collected had they taken reasonable efforts.

10. ALLEVIATE CONSULTING affirmatively avers that Plaintiffs' request for treble damages is invalid as it would constitute a penalty, and not just compensation.

11. ALLEVIATE CONSULTING affirmatively avers that Plaintiffs' request for attorney's fees Lanham Act in this matter is not appropriate, as Plaintiff's allegations do not represent an exceptional case.

12. ALLEVIATE CONSULTING affirmatively avers that the actions of ALLEVIATE CONSULTING was not the proximate cause of Plaintiffs' injuries as the individual Defendants' decision to not make payment under an alleged note between individual timeshare owner(s) and Plaintiff was not based on any alleged interference by ALLEVIATE CONSULTING but on each individual timeshare owners ability to pay.

13. ALLEVIATE CONSULTING affirmatively avers that Plaintiffs' claims are barred in whole or in part by the Doctrine of Unclean Hands. Plaintiff utilized oppressive, unconscionable, fraudulent, unfair, unlawful, anti-consumer sales and business practices and tactics to sell to each individual timeshare unit owner. To wit: Wyndham failed to disclose to prospective buyers that public vacation booking websites offered travel to the same destination with greater flexibility and without spending to become a timeshare owner; that annual maintenance fees would eventually cause the overall value of a timeshare owner to fall below zero; that the timetable for booking vacations was a year in advance based on problematic availability issues; failing to disclose material information about fundamental aspects of its timeshare program, including the minimal resale value of timeshare points; fraudulently prepared credit applications by increasing timeshare

owners' incomes; constructively limiting the timeshare owners ability to leave a timeshare presentation prior to purchase; advising that maintenance fees would not increase; and Wyndham points are easily transferrable and marketable.

14. ALLEVIATE CONSULTING affirmatively avers that Plaintiffs lack prudential standing to bring the Lanham Act claim.

## DEMAND FOR JURY TRIAL

Defendants, ALLEVIATE CONSULTING, LLC f/k/a TIMESHARE LIQUIDATION SOLUTIONS, LLC and CLAYTON ANTHONY GONZALEZ, hereby demand trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.A.

By:  /s/ Adam C. Herman
ADAM C. HERMAN, ESQ.
Florida Bar No. 0146961
Landmark Center One
315 E. Robinson Street, Suite 550
Orlando, FL 32801-2719
Telephone:   407-420-4380
Fax:   407-839-3008
E-Mail: acherman@mdwcg.com
 dtbroxson@mdwcg.com
Attorneys for Defendant, Barlovento,
LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2020 I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a copy of the Notice of Electronic Filing to the following:

| ALFRED J. BENNINGTON, JR., ESQ. | JOSEPH L. HAMMONS, ESQ. |
|---|---|

| | |
|---|---|
| GLENNYS ORTEGA RUBIN, ESQ.<br>Shutts & Bowen LLP<br>Florida Bar No. 556361<br>grubin@shutts.com<br>bbennington@shutts.com<br>300 South Orange Avenue, Suite 1600<br>Orlando, Florida 32801<br><br>and<br><br>DANIEL J. BARSKY, ESQ.<br>SHUTTS & BOWEN LLP<br>200 South Biscayne Boulevard, Suite 4100<br>Miami, Florida 33131<br>dbarsky@shutts.com<br>*Counsel for Plaintiff* | The Hammons Law Firm, P.A.<br>17 W. Cervantes Street<br>Pensacola, FL 32501<br>jlhlaw1@bellsouth.net<br>*Counsel for William P. Stewart, Jr., Gallagher-Clifton, LLC and Timeshare Owners Relief, LLC* |
| RICHARD W. SMITH, ESQ.<br>NeJame Law, P.A.<br>189 S. Orange Avenue, Suite 1800<br>Orlando, Florida 32801<br>Richard@nejamelaw.com<br>*Counsel for ALLEVIATE CONSULTING LLC f/k/a Timeshare Liquidation Solutions* | C. GENE SHIPLEY, ESQ.<br>Fisher Rushmer, P.A.<br>390 N. Orange Avenue, Suite 2200<br>Orlando, FL 32801<br>jfisher@fisherlawfirm.com<br>gshipley@fisherlawfirm.com<br>dpope@fisherlawfirm.com<br><br>and<br><br>G. Mark Albright, Esq. *(Pro Hace Vice)*<br>JORGE L. ALVAREZ, ESQ. *(Pro Hace Vice)*<br>Albright Stoddard Warnick Albright, PC<br>801 So. Rancho Drive, Suite D-4<br>Las Vegas, Nevada 89106<br>gma@albrightstoddard.com<br>jalvarez@albrightstoddard.com<br>*Counsel for* |

*/s/Adam C. Herman                          .*
Attorney