**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WYNDHAM VACATION OWNERSHIP, INC.; WYNDHAM VACATION RESORTS, INC.; WYNDHAM RESORT DEVELOPMENT CORPORATION; SHELL VACATIONS, LLC; SVC-WEST, LLC; SVC-AMERICANA, LLC; and SVC-HAWAII, LLC,

    Plaintiffs,

v.

CHARLES E. GALLAGHER, ESQ.; WILLIAM P. STEWART JR.; GALLAGHER-CLIFTON, LLC; TIMESHARE OWNERS RELIEF, LLC; RESORT LEGAL TEAM, INC.; ALLEVIATE CONSULTING LLC; CLAYTON ANTHONY GONZALEZ; TRADEBLOC INC.; LISA TREVINO; and ALBERT TREVINO,

    Defendants.

Case No. 6:19-cv-476-Orl-31EJK

**WYNDHAM PLAINTIFFS' SHORT-FORM MOTION TO COMPEL**
**DISCOVERY RESPONSES AND DOCUMENTS FROM**
**<u>ATTORNEY DEFENDANT CHARLES E. GALLAGHER, ESQ</u>**

Wyndham moves to compel Attorney Defendant Charles Gallagher, Esq. to respond to Wyndham's discovery.

- On May 24, 2019, Wyndham served its first Requests for Production ("First RFPs"). Gallagher responded on June 21, 2019.

- On February 20, 2020, Wyndham served its first Interrogatories ("First Rogs"). (Ex. A.) Gallagher did not respond to the First Rogs. On March 5, 2020, Wyndham served its first Requests for Admission ("First RFAs"). Gallagher responded on April 4, 2020.

- On October 9, 2020, Wyndham served its second Interrogatories ("Second Rogs") (Ex. F), Requests for Admission ("Second RFAs") (Ex. G), and Requests for Production[1] ("Second RFPs") (Ex. H). To date, Gallagher has not responded to any of them (in addition to the First Rogs). Nor has Gallagher produced any documents.

As to requests for admission, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(4). As to interrogatories, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). The rule for requests for production is the same, with a failure to timely respond operating as a waiver of objections. *Bank of Mongolia v. M&P*, 258 F.R.D. 514, 518 (S.D. Fla. 2009).

---

[1] The Second RFPs were mistakenly labeled the "First" RFPs, although First RFPs had already been served.

Wyndham has been engaged in what it believed were good-faith settlement negotiations with Gallagher in an attempt to resolve the claims against him, which intention to settle Gallagher stated, on the record, at his deposition. Wyndham relied on Gallagher's numerous representations opting not to engage in unnecessary motion practice. Also, last December and thereafter, Gallagher has cited to serious health issues that were thwarting his ability to settle. At this point; however, it has become abundantly clear that Gallagher has no intentions of resolve the case against him. As such, Wyndham needs to pursue these discovery responses forthwith to meet its obligations prior to the July 1, 2021 discovery deadline and to prosecute its claims against Gallagher.

Gallagher has not responded *at all* to the First Rogs, Second Rogs, Second RFPs, or Second RFAs. As to the RFAs, they must be deemed admitted. As to the remaining requests, Gallagher must be compelled to provide written responses and responsive documents, and the Court should deem any objections that Gallagher may have interposed to the Rogs and RFPs waived due to the untimely responses.

WHEREFORE, Wyndham requests an Order: (1) granting this motion; (2) ordering Gallagher to respond, without objection, to the First Rogs, Second Rogs, and Second RFPs, and to produce documents responsive to the Second RFPs, within 7 days of the date of the Order; (3) deeming all responses to the Second RFAs admitted; and (4) granting Wyndham its fees and costs associated with prosecuting this motion under Rule 37(a)(5)(A).

**LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for Wyndham, Michael Quinn, Esq., has had numerous good faith telephonic conferrals with Attorney Charles Gallagher, who is proceeding *pro se*, attendant to, among

other things, the issues raised by this motion, with the most recent telephone conversation occurring yesterday, January 25, 2021. Gallagher has refused to comply with his discovery obligations, despite all efforts by Wyndham. Gallagher opposes this motion.

Respectfully submitted,

*/s/ Glennys Ortega Rubin*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**MICHAEL J. QUINN, ESQ.**
Florida Bar No. 084587
mquinn@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

*Counsel for Wyndham*

Dated: January 26, 2021.

ORLDOCS 18387669 1


other things, the issues raised by this motion, with the most recent telephone conversation occurring yesterday, January 25, 2021.  Gallagher has refused to comply with his discovery obligations, despite all efforts by Wyndham.  Gallagher opposes this motion.

Respectfully submitted,

*/s/ Glennys Ortega Rubin*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**MICHAEL J. QUINN, ESQ.**
Florida Bar No. 084587
mquinn@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

*Counsel for Wyndham*

Dated: January 26, 2021.

ORLDOCS 18387669 1