UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES E. GALLAGHER, ESQ., *et al.*, <br><br> Defendants. | CASE NO.: 6:19-cv-00476-GAP-EJK |

**PLAINTIFFS' UNOPPOSED MOTION TO REOPEN CASE
FOR FURTHER PROCEEDINGS AND INCORPORATED
<u>MEMORANDUM OF LAW</u>**

Plaintiffs, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL VACATIONS, LLC, SVC-WEST, LLC, SVC-AMERICANA, LLC, and SVC-HAWAII, LLC (collectively "Plaintiffs" or "Wyndham") respectfully move, pursuant to Federal Rule of Civil Procedure 60(b), and without objection, to reopen this case for further proceedings. First, Plaintiffs' settlement agreement with Defendants, Resort Legal Team, Inc., Albert Trevino, and Lisa Trevino (collectively, "RLT Defendants") contemplates the entry of an injunction, which Plaintiffs are unable to file if this matter is dismissed and closed. Second, Defendants Alleviate Consulting,

1

LLC and Clayton Anthony Gonzales (collectively "Alleviate Defendants") remain active litigants and named Defendants in this case as the claims against them have not been disposed of or resolved. In short, these reasons justify the entry of an order vacating the dismissal order and re-opening these proceedings to avoid injustice. In support of this Motion, Wyndham states as follows:

## I. FACTS AND BACKGROUND

Plaintiffs filed their Second Amended Complaint for Damages and Injunctive Relief ("SAC") in this action on June 11, 2020. [ECF No. 125]. Notably, the SAC named additional parties and included additional allegations of RLT Defendants' integration of a credit protection/repair agency, Tradebloc Inc., into their timeshare exit scheme. *See* [ECF Nos. 103, 125]. Within days of Plaintiffs filing of the SAC, Defendant Resort Legal Team, Inc. ("RLT") filed a Suggestion of Bankruptcy. [ECF No. 126]. After repeated attempts at service on Defendants Albert Trevino and Lisa Trevino (the "Trevinos"), Plaintiffs and RLT Defendants began to engage in settlement negotiations. On November 18, 2020, the Court entered the Second Case Management and Scheduling Order, which set a trial date of January 3, 2022. A Third Case Management and Scheduling Order was entered on July 12, 2021. [ECF No. 216].

The parties consummated a final settlement agreement on February 10, 2021.[1] But, RLT Defendants' counsel delayed for nearly two months in seeking the approval of the Bankruptcy Court. By the time the agreement was submitted, Defendant RLT had missed the 300-day deadline to seek confirmation of a Chapter 11 plan. *See* [ECF No. 224, Ex. 2]. The Bankruptcy Court therefore denied the motion seeing approval of the settlement and then dismissed the bankruptcy case. *See* [ECF No. 244, Ex. 3]. Due to additional delays and continued negotiations between the parties, the Court held a hearing and then entered a Fourth Case Management and Scheduling Order. [ECF No. 250].

In addition, the Court required Plaintiffs to file a motion to lift the stay imposed as a result of Defendant RLT's now-dismissed bankruptcy. [ECF No. 239]. The Court further ordered RLT Defendants to respond to the SAC. [*Id.*] Plaintiffs promptly filed a motion to reinstate Defendant RLT [ECF No. 240], which the Court granted. [ECF No. 245]. The Court also required the parties to show cause why the settlement agreement should not be enforced. [ECF No. 241]. The parties agreed that the settlement should be enforced [ECF Nos. 246 at 5, 251 at 2] and ultimately agreed on an effective date for the

---

[1] A copy of this executed settlement agreement can be found attached to Plaintiffs' Motion to Extend Pretrial Deadlines and Continue Trial and Memorandum of Law in Support [ECF No. 224], as Exhibit A to Exhibit 1, beginning on PageID 3018.

agreement of October 1, 2021. [ECF No. 256]. Notably, this settlement only involves Plaintiffs and RLT Defendants; it does not include the Alleviate Defendants who remain active litigants in this case.

On September 28, 2021, based on the parties determination of an effective date for the settlement agreement, the Court entered an order dismissing the case without prejudice. [ECF No. 258 at 2]. Notably, the Court reserved the right of any party "to move the Court within sixty (60) days . . . on good cause shown, to reopen the case for further proceedings." [*Id.*]

## II. LEGAL STANDARD

"On motion and just terms, the court may relieve a party of its legal representative from a final judgment, order, or proceeding" due to "mistake, inadvertence, or excusable neglect" or due to "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Decisions to vacate dismissal and reopen proceedings are within the "sound discretion of the district court." *Roll v. Enhanced Recovery Co., LLC*, 2021 WL 2310163, at *1 (M.D. Fla. June 3, 2021) (Kidd, J.) (quoting *Ryan v. Allstate Ins. Co.*, 020 WL 735898, at *3–4 (S.D. Fla. Dec. 15, 2020).

## III. MEMORANDUM OF LAW

As shown herein, both mistake of fact and other just reasons provide sufficient grounds for the Court to vacate the dismissal order and reopen this matter. "Under Rule 60(b), the Court may vacate a dismissal order if the

4

moving party makes a showing of 'mistake, inadvertence, surprise, or excusable neglect' or 'any other reason that justifies relief.'" *Roll*, 2021 WL 2310163, at *1 (quoting Fed R. Civ. P. 60(b)(1))). Here, the Court based its dismissal order on the fact that Plaintiffs had entered into a settlement agreement with the RLT Defendants and agreed on an effective date of the agreement of October 1, 2021. [ECF No. 258 at 1–2]. The Court concluded that, because this settlement was now being enforced, "no more issues exist for the Court to resolve." [*Id.* at 2]. This conclusion is incorrect because (1) the settlement agreement between Plaintiffs and RLT Defendants contemplate the entry of a permanent injunction, which has not yet occurred; and (2) the settlement agreement between Plaintiffs and RLT Defendants does not involve Alleviate Defendants, who remain active Defendants in this case. A dismissal of this case would work manifest injustice by prohibiting Plaintiffs and RLT Defendants from consummating their settlement, *and* would preclude Plaintiffs from continuing to pursues its unresolved claims against Alleviate Defendants.

First, RLT Defendants agreed to the entry of a permanent injunction against them, which the parties agreed to file within five (5) business days of the effective date of the settlement agreement (i.e., by October 8). *See* [ECF No. 224, Ex. 1, Ex. A, ¶ 5 (Page ID 3020)]. The Court's Order dismissing this case would preclude the Parties from filing such joint motion for the entry of

5

a permanent injunction. The entry of the permanent injunction is a material part of the parties' settlement arrangement. *See* [*id.*] Disallowing the parties from consummating the entirety of their settlement agreement would constitute an injustice in this case. Therefore, the Court should vacate the dismissal order and reopen the case on this ground.

Second, the Alleviate Defendants remain active parties in this case and Plaintiffs have not resolved their claims against them.[2] To be sure, Plaintiffs have been diligently pursuing their claims against Alleviate Defendants. Foreclosing the ability of Plaintiffs to proceed against these Defendants would work an injustice in this case. This ground is also sufficient to warrant reopening the case and vacating the dismissal order.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully move, pursuant to Federal Rule of Civil Procedure 60(b), for an order: (1) granting this Motion; (2) vacating the dismissal order at [ECF No. 258] and reopening this case for further proceedings; and (3) granting such other and further relief as the Court deems necessary and appropriate.

---

[2] The settlement agreement between Plaintiffs and RLT Defendants does not include Alleviate Defendants. *See* [ECF No. 224, Ex. 1, Ex. A at 1 (Page ID 3018)].

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Plaintiffs certify that they have conferred with counsel for the RLT Defendants and counsel for the Alleviate Defendants, whom do not oppose the relief requested herein.

Dated: September 29, 2020               Respectfully submitted,

/s/ Glennys Ortega Rubin
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
Email: bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
Email: grubin@shutts.com
**MICHAEL J. QUINN, ESQ.**
Florida Bar No. 84587
Email: mquinn@shutts.com
**CHRISTIAN M. LEGER, ESQ.**
Florida Bar No. 0100562
Email: cleger@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September, 2021, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the Court's CM/ECF filing system, which will serve a copy via electronic mail upon the following CM/ECF Participants, and on the

aforementioned date I caused a true and correct copy of the foregoing to be served via U.S. Mail, postage prepaid, upon the following non-CM/ECF Participants:

| | |
|---|---|
| Elizabeth Ferguson, Esq.<br>Email: EBFerguson@MDWCG.com<br>Email: jcwestberry@mdwcg.com<br>Marshall Dennehey Warner Coleman & Goggin, P.C.<br>200 W. Forsyth Street, Suite 1400<br>Jacksonville, FL 32202<br>Telephone: (904) 358-4200<br>Facsimile: (904) 355-0019<br><br>*Attorney for Alleviate Consulting LLC f/k/a Timeshare Liquidation Solutions, LLC and Clayton Anthony Gonzalez* | Jeffrey M. Partlow, Esq.<br>Email: Jeffrey.partlow@csklegal.com<br>Email: Natasha.acevedo@csklegal.com<br>Cole, Scott & Kissane, P.A.<br>Tower Place, Suite 400<br>1900 Summit Tower Blvd.<br>Orlando, Florida 32810<br>Telephone: (321) 972-0025<br>Facsimile (321) 972-0099<br><br>*Attorneys for Defendant, Resort Legal Team, Inc., Albert Trevino, and Lisa Trevino* |

## NON-ECF PARTICIPANTS

Charles E. Gallagher (PRO SE)
Email:gallagherclosings@gmail.com
Email: charles@gallagherclifton.com
Email:charles@nationaltimesharelaw.com
Email: charles@timeshare.law
329 Serina Cove
Destin, FL 32541
Telephone: 850-666-0074

                                                */s/ Glennys Ortega Rubin*
                                             **GLENNYS ORTEGA RUBIN, ESQ.**

ORLDOCS 19030443 3